IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**ALJANAL CARROLL, et al.,**

          Plaintiffs,

          v.

**WALDEN UNIVRESITY, LLC et al.,**

          Defendants.

\*

\*

\*

\*

\*

\*\*\*\*\*\*

Civil Action No.   1:22-cv-00051-JRR

## SCHEDULING ORDER

This scheduling order is entered pursuant to Local Rule 103.9. Inquiries concerning the schedule should be directed to my chambers, not the Clerk's Office.   Any party who believes that any deadline set forth in this Scheduling Order is unreasonable may request in writing a modification of the Order or that a conference be held for the purpose of seeking a modification of the Order, and any such request must be made on or before the first date set forth in Paragraph I below.  Thereafter, **the schedule will not be changed except for good cause.**

This case is subject to electronic filing.  Please familiarize yourself with the procedures for electronic filing available at: www.mdd.uscourts.gov.  You must use the electronic filing system for filing documents with the Clerk and sending case related correspondence to chambers.  **When you electronically file a document that, including attachments, is 15 pages or longer, you also must provide a paper copy of the document and a paper copy of the notice of electronic filing.**  The paper copy should be sent to the Clerk's Office, not directly to my chambers.

## I.    DEADLINES

| | |
|---|---|
| February 21, 2023: | Initial Joint Status Report, *see* Part II. |
| March 13, 2023: | Rule 16 Conference Call at 2:00 p.m. Parties should dial in using the following information: Dial-In Number: 1.888.278.0296 Access Code: 7492675 |
| March 23, 2023: | Moving for joinder of additional parties and amendment of pleadings |
| April 7, 2023: | Plaintiff's Rule 26(a)(2) disclosures |
| May 8, 2023: | Defendant's Rule 26(a)(2) disclosures |
| May 22, 2023: | Plaintiff's rebuttal Rule 26(a)(2) disclosures |

| May 30, 2023: | Rule 26(e)(2) supplementation of disclosures and responses |
|---|---|
| June 21, 2023: | Discovery deadline; submission of status report |
| June 28, 2023: | Requests for admission |
| July 21, 2023: | Dispositive pretrial motions deadline |

## II.    INITIAL JOINT STATUS REPORT

By the deadline listed above, the parties must submit an Initial Joint Status Report including the following:

1. **Requests for Modifications.** The parties shall delineate any modifications they believe are necessary to the deadlines, default deposition hour limit, or other provisions of the Scheduling Order. Any requests to modify the Scheduling Order must be accompanied by proposed new deadlines, deposition hour limits, or other amendments; a comparison of the proposed deadlines, deposition hour limits, or other amendments to the original terms; and an explanation of why the modification is needed.

2. **Report on Consent to Proceed Before a United States Magistrate Judge.** The parties shall report on whether they consent, pursuant to 28 U.S.C. § 636(c), to have all further proceedings before a Magistrate Judge. Magistrate Judges are generally able to oversee civil cases and conduct civil trials more efficiently than United States District Judges, because of the District Judges' criminal caseload.  If the parties consent to have their case heard by a Magistrate Judge, each party shall complete the Consent Form, available at http://www.mdd.uscourts.gov/publications/forms/MagistrateGeneralConsent.pdf    and docket those completed forms on CM/ECF as "Correspondence."

3. **Report on Mediation with a United States Magistrate Judge.** If the parties wish to participate in a mediation session with a Magistrate Judge, whether before, during, or after discovery, they shall provide a target date when they would like mediation to occur. This request will not postpone discovery unless otherwise ordered. Parties should be aware that mediation sessions are generally booked several months in advance. If the parties seek a date within the next two months, they shall explain why an expedited session is necessary. The parties will be contacted by the Magistrate Judge assigned to the case to schedule the mediation session. Note that if the parties choose to proceed before a Magistrate Judge for all further proceedings, a different Magistrate Judge will be assigned to the mediation session.

4. **Report on the Scope of Discovery**. The parties shall provide a joint summary of the anticipated nature and extent of discovery in this case, with a view towards minimizing wasteful and unnecessary discovery.

## III.    RULE 16 CONFERENCE CALL

The Court has scheduled a recorded Rule 16 Conference Call on **Monday, March 13, 2023 at 2:00 p.m.** parties should dial in using the following information: Dial-In Number: 1.888.278.0296 / Access Code: 7492675

Note: If the parties do not require the Rule 16 Conference Call, please so indicate in the initial joint status report. Otherwise, the court will proceed with the Rule 16 conference at the date and time set forth above.

## IV.    DISCOVERY

### A.  Initial Disclosures

This is an action in which Rule 26(a)(1) disclosures need not be made.

### B.  Discovery Conference

This action is exempted from the requirements of the first sentence of Rule 26(d) and from Rule 26(f), such that the parties may, as of the date of this order, commence with discovery. However, parties are expected to: (a) identify the issues subject to discovery, (b) set a discovery plan, (c) determine if the case can be resolved before incurring further litigation expense, and (d) establish a cordial professional relationship.

### C.  Discovery Procedures

All provisions of Local Rule 104 apply, including the following:

1. All discovery requests must be served in time to assure that they the response date falls before the discovery deadline. An extension of the discovery deadline will not be granted because unanswered discovery requests that have not come due.

1. The existence of a discovery dispute as to one matter does not justify delay in taking any other discovery. Absent express order to the contrary, filing a motion to compel or motion for a protective order will not result in extension of the discovery deadline.

2. No discovery materials, including Rule 26(a)(2) disclosures, should be filed with the Court.

3. Any motion to compel shall be filed only after counsel have conferred and filed a certificate as required by Local Rule 104.7, and shall be filed in accordance with Local Rule 104.8 and applicable CM/ECF procedures.

4. Parties shall be familiar with the Discovery Guidelines of this Court, contained in Appendix A to the Local Rules. Appendix D contains guidelines for form discovery requests and confidentiality orders.

### D.  Deposition Hours

Please confer with one another immediately concerning the number of hours of depositions you believe are appropriate. Traditionally, both sides are allotted an equal number of deposition

hours; however, the parties are free to agree to a different number of hours per side. If I have not heard from you by the date set forth in Section I, each side shall be limited to 15 hours of depositions of fact witnesses (including parties). If you agree to another number of deposition hours and notify me of your agreement, you may consider your agreement approved unless you hear from me to the contrary within 10 days. If there are two or more parties on a particular side, they must share the deposition time allotted to their side unless upon your request I otherwise rule. Any colloquy engaged in by counsel shall be counted against his/her client's deposition time. The duration of the depositions 26(a)(2) and 30(b)(6) witnesses are in accordance with the Local Rules and Federal Rules of Civil Procedure.

### E.  Additional Requirements

During the course of discovery, the parties shall adhere to the following requirements:

1. **Cooperation.** As set forth in Local Rule Appendix A: Discovery Guidelines, Guideline 1, the parties and counsel have an obligation to cooperate in planning and conducting discovery to ensure that discovery is relevant to the claims or defenses in the case, not excessively burdensome, and proportional to what is at issue in the case. *See* Fed. R. Civ. P. 26(b)(2)(C) and 26(g)(1)(B)(ii)–(iii).

2. **Objections Stated with Particularity.** Objections to interrogatories or requests for production must be stated with particularity. Boilerplate objections (*e.g.*, objections without a particularized basis, such as "overbroad, irrelevant, burdensome, not reasonably calculated to identify admissible evidence"), as well as incomplete or evasive answers, will be treated as a failure to answer pursuant to Fed. R. Civ. P. 37(a)(4).

3. **Electronically-Stored Information (ESI).** If either or both parties intend to take discovery of ESI, counsel should review the Principles for the Discovery of Electronically Stored Information in Civil Cases. The Principles, prepared by a joint bench/bar committee, are available at http://www.mdd.uscourts.gov/publications/forms/ESI-Principles.pdf. The parties are expected to cooperate in determining the search technology, methodology, and criteria to be employed, and the custodians whose files are to be searched, to comply with discovery requests for ESI.

4. **Non-Waiver of Attorney-Client Privilege or Work-Product Protection.** The parties are expected to discuss a non-waiver agreement pursuant to Federal Rule of Evidence 502(e) and to notify opposing counsel promptly of any unintended disclosures. If the parties enter into such an agreement, the Court may, pursuant to Federal Rule of Evidence 502(d), order those unintended disclosures do not waive the privilege or protection in proceedings in this case and any other federal or state proceeding.

## V.    POST-DISCOVERY JOINT STATUS REPORT

On the day of the deadline for Completion of Discovery, *see* Part II, the parties shall file a Post-Discovery Joint Status Report covering the following matters:

5. Whether discovery has been completed;

6.  Identifying by title and ECF number all pending motions, if any;

7.  Whether any party intends to file a dispositive pretrial motion;

8.  Whether the case is to be a jury trial or a non-jury trial, and the anticipated length of trial;

9.  A certification that the parties have met to conduct earnest settlement negotiations, to include the date, time, and place of all settlement meetings and the names of all persons participating;

10. Whether each party believes it would be helpful to refer this case to another judge of this Court for a settlement or other alternative dispute resolution (ADR) conference, either before or after the resolution of any dispositive pretrial motion;

11. Whether all parties consent, pursuant to 28 U.S.C. § 636(c), to have a United States Magistrate Judge conduct all further proceedings in this case, either before or after the resolution of any dispositive pretrial motion, including trial (jury or non-jury) and entry of final judgment; and

12. Any other matter that the parties believe should be brought to the Court's attention.

## VI.   DISPOSITIVE PRETRIAL MOTIONS

If more than one party intends to file a summary judgment motion, the provisions of Local Rule 105.2(c) apply.

After all dispositive motions and any responses have been filed, the Court will advise the parties if a hearing is to be scheduled.

## VII.   PRETRIAL CONFERENCES

After receiving the Post-Discovery Joint Status Report, the Court will schedule an Initial Pretrial Conference, unless the Post-Discovery Joint Status Report indicates that one or more party intends to file a dispositive pretrial motion. In the latter event, the Court will not schedule the Initial Pretrial Conference until after it has ruled upon the motion (or the dispositive pretrial motion deadline passes without the anticipated motion being filed).

At the Initial Pretrial Conference, the Court will:

13. Set a deadline for submitting the pretrial order pursuant to Local Rule 106, motions *in limine*, proposed voir dire questions, and proposed jury instructions;

14. Set the Final Pretrial Conference date and a trial date; and

15. Inquire whether a settlement or other ADR conference with a judicial officer would be useful. Counsel are expected to confer with their clients about this matter before the Initial Pretrial Conference so they can respond to this inquiry.

## VIII.    ATTORNEYS' FEES

In any case where attorney's fees may be sought by the prevailing party, counsel must be familiar with Local Rule 109.2 and Local Rule Appendix B: Rules and Guidelines for Determining Attorneys' Fees in Certain Cases.

## IX.    COMPLIANCE WITH PRIVACY PROTECTION RULE

Counsel are reminded that the Federal Rules of Civil Procedure were amended, effective December 1, 2007, with the addition of a new Rule 5.2, which has detailed requirements requiring the redaction of filings with this Court that contain an individual's social security number, tax payer identification number, or birth date; the name of an individual known to be a minor; or a financial account number. It is essential that counsel comply with this rule and with the revised version of the Judicial Conference Privacy Policy adopted in March 2008, *available at* www.mdd.uscourts.gov/news/news/privacy_memo.pdf.

Date:  February 6, 2023                                    _____/s/_____
                                                          Julie R. Rubin
                                                          United States District Judge