**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| Aljanal Carroll, Claudia Provost Charles, Tiffany Fair, and Tareion Fluker<br><br>Plaintiffs,<br><br>v.<br><br>Walden University, LLC, and Walden e-Learning, LLC,<br><br>Defendants. | Civil Action No. 1:22-cv-00051-JRR |

**ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT, PROVISIONAL CERTIFICATION OF CLASS AND APPROVAL OF NOTICE**

The Court having reviewed the proposed terms of the Settlement set forth in the executed Settlement Agreement, by and between Defendants Walden University, LLC, and Walden e-Learning, LLC (collectively, "Walden"), and the named Plaintiffs Aljanal Carroll, Claudia Provost Charles, Tiffany Fair, and Tareion Fluker (collectively "Plaintiffs"), both individually and as representatives of the Class, in the above-styled Civil Action, together with all exhibits thereto, the record in the Civil Action, and the arguments of counsel;

IT IS HEREBY ORDERED AND ADJUDGED THAT:

1. All terms and definitions used herein have the same meanings as set forth in the Settlement Agreement.

2. The proposed terms of Settlement set forth in the Settlement Agreement are hereby preliminarily approved as being within the range of possible final approval as fair,

reasonable, and adequate such that notice thereof should be given to members of the Class.

3. For purposes of resolution of claims for monetary relief, pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, and for purposes of resolution of claims for injunctive relief, pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure, the following class (the "Settlement Class") is provisionally certified for purposes of Settlement only: (a) all Black students who enrolled in and/or began classes for Walden University's Doctor of Business Administration ("DBA") program between August 1, 2008 and January 31, 2018 and were charged for and successfully completed Excess Capstone Credits; (b) all Black students who enrolled in and/or began classes for Walden's DBA program between August 1, 2008 and January 31, 2018 and were charged for and successfully completed Excess Capstone Credits, and applied for and/or received student loans or payment plans to pay for some or all of their Walden education; and (c) all female students who enrolled in and/or began classes for Walden's DBA program between August 1, 2008 and January 31, 2018 and were charged for and successfully completed Excess Capstone Credits, and applied for and/or received student loans or payment plans to pay for some or all of their Walden education.

4. Inherent in the Court's provisional certification of the Class are the following findings: (a) the Class is ascertainable; (b) its members are too numerous to be joined practicably; (c) there are questions of law and fact common to the Class; (d) the Plaintiffs' claims are typical of the claims of the Class as a whole; (e) the Plaintiffs will fairly and adequately protect the interests of the Class; (f) neither the Plaintiffs nor Plaintiffs' Counsel have interests adverse to the Class, and Plaintiffs' Counsel are competent and experienced; (g)

final injunctive relief and corresponding declaratory relief is appropriate respecting the Class as a whole; and (h) common questions of law and fact predominate over questions affecting only individual members of the Class and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

5. This Court's provisional certification of the Class and findings incident thereto shall be solely for settlement purposes. Provisional certification of the Class shall be vacated and shall have no effect in the event that the Settlement Agreement is not finally approved by this Court or otherwise does not take effect. In the event the Court's approval of the Settlement Agreement, entry of the Order and Final Judgment, or certification of the Class is or are disapproved, reversed, vacated or terminated, neither the Settlement Agreement nor the findings in this Order shall affect the rights of the Parties to take action in support of or in opposition to class certification or to prosecute or defend the Civil Action, or this Court's ability to grant or deny certification for litigation purposes. If this Order for Notice and Hearing is vacated, the Parties shall be restored to the *status quo ante* as of the date preceding the date of this Order.

6. The Court finds that the method of providing notice to the Class proposed in the Settlement Agreement constitutes the best method for providing such notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Class Members of their rights and obligations, complying fully with the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law. The Notice and Claim Form, which are attached hereto as Exhibits A and B, are hereby approved as to form. Pursuant to Rule 23(c)(2) of the Federal Rules of Civil Procedure, the Notice, to be distributed by mail, text, and email, states (i) the nature of

the action; (ii) the definition of the class certified; (iii) the class claims, issues, and defenses; (iv) that a Class Member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; (v) the binding effect of a class judgment on members under Rule 23(c)(3); and (vi) that more information is available from the Claims Administrator upon request. The Notice also explains that the Claim Form will be provided to Class Members if this Court grants final approval of the Settlement, describes the Settlement administration process, and informs Class Members that Defendants will provide certain information covered by the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g, pursuant to the Court's order granting preliminary approval, to the Claims Administrator and Plaintiffs' Class Counsel absent objection for use in implementing the Settlement. Further, the Notice informs the Class Members that the Settlement Agreement provides for the release of their Released Claims (as that term is defined in the Settlement Agreement) and the payment of Plaintiffs' Counsels' attorneys' fees. *See* Fed. R. Civ. P. 23(h).

7. Settlement Services, Inc. is approved as the Claims Administrator for the proposed Settlement. Within five (5) calendar days of the entry of this Order, Defendants shall pay or cause to be paid, on behalf of Defendants, $100,000 into an interest-bearing account designated and controlled by Lead Plaintiffs' Counsel (the "Administration Costs Account"). The $100,000 payment shall be paid out of the total Settlement Fund (as that term is defined in the Settlement Agreement). Funds from the Administration Costs Account may be dispersed, as reasonably required and without further approval of the

Court, to pay Claims Administration Costs incurred by the Claims Administrator, billed to Lead Plaintiffs' Counsel as they become due.

8. Within five (5) calendar days of the entry of this Order, Defendants shall prepare and deliver an Excel spreadsheet to the Claims Administrator containing the names, last known addresses, last known telephone numbers, last known email addresses, and dates of attendance of all potential Class Members ("Class Intake List"). Defendants shall simultaneously provide a copy of the Class Intake List to Lead Plaintiffs' Counsel. The Claims Administrator shall conduct a trace using LexisNexis and the National Change of Address registry to determine, to the best extent possible and using its discretion, the most likely current address of each individual on the Class Intake List.

9. Within twenty-one (21) calendar days after the entry of this Order, the Claims Administrator shall cause to be sent, via first class mail, text, and email, the Notice substantially in the form attached as Exhibit A using the most recent contact information of the individuals on the Class Intake List.

10. Fifty (50) days after the Notice is distributed, Defendants shall supplement the Class Intake List with each potential Class Member's social security number, number of capstone credits completed as of the date this Order is entered, and number of capstone credits required by Walden's Course Catalog in effect as of the individual's DBA program start date, unless the potential Class Member has objected to such disclosure. Defendants shall provide this information pursuant to this Order.

11. Notwithstanding paragraph 8 above, Defendants will not include on the Class Intake List any individual who received a *Thornhill* Payment unless and until such individual waives confidentiality with respect to the settlement of the *Thornhill* litigation.  As to potential

Class Members who provide such waivers, Defendants will include on the Class Intake List the amount of their respective *Thornhill* Payment.

12. Plaintiffs' Counsel and Plaintiffs are hereby appointed to represent the Settlement Class. Relman Colfax PLLC is hereby appointed as Lead Plaintiffs' Counsel.

13. A hearing (the "Fairness Hearing") shall be held by the Court at **11:00 a.m. on July 23, 2024, in Courtroom 3A** of the United States District Courthouse located at 101 West Lombard Street, Baltimore, Maryland to consider and determine whether the requirements for certification of the Class have been met, whether the proposed Settlement of the Civil Action on the terms set forth in the Settlement Agreement should be approved as fair, reasonable, and adequate, whether Plaintiffs' Counsels' award of attorneys' fees and costs should be approved, whether Plaintiffs' incentive awards should be approved, and whether the Order and Final Judgment approving the Settlement and dismissing the Civil Action on the merits and with prejudice against Class Members should be entered.

14. The Fairness Hearing may, from time to time and without further notice to the Class (except those who have filed timely and valid objections), be continued or adjourned by Order of the Court.

15. Any individual who seeks to be excluded from the Class may do so by submitting an opt-out letter to the Claims Administrator using the email or mailing address in the Notice on or before that date that is sixty-three (63) calendar days after the date of entry of this Order. Opt-out letters sent by mail must utilize first class mail, postage prepaid, and be postmarked no later than the deadline. Opt-out letters must contain a written statement signed by the individual that includes: (i) the individual's name, address, social security number, and telephone number; (ii) the title of the Civil Action (*Aljanal Carroll, et al. v.*

*Walden University, et al.*, Case No. 1:22-cv-00051-JRR); and (iii) a statement as set forth in the Notice that the individual wishes to be excluded from the Settlement. Any Class Member who does not submit a valid and timely request to opt out, as set forth in the Notice, will be bound by the Order and Final Judgment dismissing the Civil Action on the merits and with prejudice.

16. Any individual who declines disclosure of information covered by FERPA shall be deemed to have opted out of the Settlement.

17. Any individual who excludes himself or herself from the Class may rescind that decision up to and including the date that is seventy-seven (77) calendar days after the date of entry of this Order by following the procedure set forth in the Notice.

18. Objections by any Class Member to: (i) the certification of the Settlement Class and the proposed Settlement contained in the Settlement Agreement and described in the Notice; (ii) the payment of fees and expenses to Class Counsel; (iii) the payment of incentive awards to Plaintiffs or Declarants; and/or (iv) the entry of the Order and Final Judgment dismissing the Civil Action on the merits and with prejudice, shall be heard and any papers submitted in support of said objections shall be considered by the Court at the Fairness Hearing only if such objector sends to the Court, at the following address: The United States District Court for the District of Maryland, 101 West Lombard Street Chambers 3A, Baltimore, MD 21201, postmarked no later than seventy-seven (77) calendar days after the date of entry of this Order, a written and signed statement that includes the following: (i) the objector's name, address, and telephone number; (ii) the name of the case (*Aljanal Carroll, et al. v. Walden University, et al.*, Case No. 1:22-cv-00051-JRR); (iii) the dates of the objector's attendance at Walden's DBA program; (iv) a

sentence stating that the objector confirms under penalty of perjury that he or she is a class member; (v) the basis of the objection[s]; (vi) the identity of any witnesses objector may call to testify at the Fairness Hearing; and (vii) copies of any exhibits objector intends to offer into evidence at the Fairness Hearing, and all other papers in support of such objections. The foregoing papers shall expressly refer to the name of this Civil Action as it appears in this Order, as well as to the Honorable Julie R. Rubin and the case number, and they shall also be mailed to the following addresses:

| Court | Plaintiffs' Counsel | Defense Counsel |
|---|---|---|
| United States District Court for the District of Maryland, Edward A. Garmatz United States District Courthouse, 101 West Lombard Street Baltimore, MD  21201 | Tara Ramchandani Relman Colfax PLLC 1225 19th St., NW #600 Washington, DC 20036 | Caitlin E. Dahl Latham & Watkins LLP 330 North Wabash Ave. Suite 2800 Chicago, IL 60611 |

Any Class Member who does not comply with these requirements will be deemed to have waived any objections and will be forever barred from making any objections to the proposed Settlement.

19. It is not necessary for an objector to appear at the Fairness Hearing. However, if an objector wishes to appear and/or speak at the Fairness Hearing, whether personally or through an attorney, the objector must submit and sign a Notice of Intent to Appear. All such Notices of Intent to Appear shall expressly refer to the name of this Civil Action as it appears at the top of this Order, as well as to the Honorable Julie R. Rubin and the case number. In addition, all Notices of Intent to Appear must clearly identify: (1) the objector's name, address, and number; and (2) the name, address and telephone number of any attorney(s) who will be appearing at the Fairness Hearing on the objector's behalf. If an objector wishes to appear and/or speak at the Fairness Hearing, whether personally

or through an attorney, the objector's Notice of Intent to Appear must be mailed to the Court, Plaintiffs' Counsel, and Defendants' Counsel at the above addresses, and be postmarked no later than seventy-seven (77) calendar days after the date of entry of this Order.

20. The Claims Administrator shall not be responsible for any of the relief provided to the Settlement Class under this Settlement Agreement. For its actions relating to the implementation of this Settlement Agreement, to the extent permitted by applicable law, the Claims Administrator shall have the same immunity that judges have for their official acts.

21. No later than fourteen (14) calendar days prior to the above date set for the Fairness Hearing, the Claims Administrator shall file with the Court and serve on counsel for all Parties a declaration stating that the required notice has been completed in accordance with the provisions of this Order.

22. Within eighty-four (84) days after entry of this Order, Plaintiffs shall move the Court to enter an Order and Final Judgment substantially in the form attached hereto as Exhibit C and shall file a memorandum addressing any timely-filed written objections to the Settlement.

23. Counsel for the Parties are hereby authorized to utilize all reasonable procedures in connection with the administration of the Settlement which are not materially inconsistent with either this Order or the terms of the Settlement Agreement.

Dated: April 17, 2024 _____    /s/ _____

Hon. Julie R. Rubin
United States District Judge

**Order Granting Preliminary Approval of Proposed Class Action Settlement, Provisional Certification of Class and Approval of Notice:**

**Exhibit A (Notice)**

# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

ALJANAL CARROLL, et al.,

     Plaintiffs,

        v.

WALDEN UNIVERSITY, LLC., et al.,

     Defendants.

Case No. 1:22-cv-00051-JRR

**THIS NOTICE MAY AFFECT YOUR RIGHTS. PLEASE READ IT CAREFULLY.**

**TO: Black and Female students who were enrolled in the Doctor of Business Administration program at Walden University from August 1, 2008 to January 31, 2018.**

THIS IS A COURT-ORDERED NOTICE.
THIS IS NOT A SOLICITATION FROM A LAWYER.

This Notice of Settlement and Fairness Hearing is to inform you of a proposed Settlement that has been reached in a class action lawsuit brought by four Black and female students ("Plaintiffs") who enrolled in the Doctor of Business Administration program ("DBA") at Walden University ("Walden University," "Walden," or "Defendants") from August 1, 2008 to January 31, 2018 on behalf of a class of similarly situated individuals that meet certain criteria ("Class Member(s)," as explained further in Question 8 below). The proposed settlement, if granted final approval by the Court (the "Settlement"), will result in the creation of a fund of $28,500,000 (the "Settlement Fund") to pay Plaintiff Class Members' claims, the Plaintiffs'' attorneys ("Class Counsel"), and certain administrative costs **If you are a Class Member, you are eligible to receive a share of the Settlement Fund.** The proposed Settlement also requires Walden University to adopt certain policy changes.

IF THIS NOTICE IS ADDRESSED TO YOU, YOU HAVE BEEN IDENTIFIED AS A POTENTIAL CLASS MEMBER. As a Class Member, you have the right to know about this Settlement and how this Settlement may generally affect your legal rights. This notice describes the lawsuit, the Settlement, the legal rights of all Class Members, and the applicable deadlines. Your options are explained in this notice and summarized in the following chart:

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT | |
|---|---|
| **PARTICIPATE IN THE SETTLEMENT** | To participate in the Settlement, you must submit a "Claim Form." Submitting a Claim |

| | |
|---|---|
| | Form is the only way that you can receive a share of the Settlement Fund. A Claim Form will be sent to you after the Court grants final approval of the Settlement. You are not required to retain your own attorney to file a Claim Form, and you will not be required to pay any money for the services of Plaintiffs' Counsel. |
| **OPT OUT OF THE SETTLEMENT** | If you opt out of the Settlement, you will not be eligible to receive a share of the Settlement Fund. |
| **OBJECT** | You have the right to object to the proposed Settlement. To do so, you must submit a written objection to the Court, as described more fully in this notice. You cannot object to the Settlement unless you are a Class Member and you do not opt out of the Settlement. |
| **DO NOTHING** | If you are a Class Member and do not submit a Claim Form, you will not be eligible to receive a share of the Settlement Fund. You will, however, remain a Class Member, which means that you will be bound by any judgments or orders entered by the Court in this lawsuit. |

# WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION**..................................................................................................**4**

   **1.**    **Why did I get this notice?**.............................................................................4

   **2.**    **What is this lawsuit about?**............................................................................4

   **3.**    **What is a class action and who is involved?**.................................................4

**THE CLAIMS IN THIS LAWSUIT**..................................................................................**4**

   **4.**    **What does this lawsuit complaint about?**.....................................................4

   **5.**    **How do the Defendants answer?**...................................................................5

   **6.**    **What does the lawsuit ask for?**.....................................................................5

   **7.**    **What has the Court decided?**........................................................................5

**WHO IS IN THE CLASS?**.................................................................................................**5**

   **8.**    **Am I part of this class?**.................................................................................5

   **9.**    **Who are the Class Representatives?**.............................................................6

**SUMMARY OF PROPOSED SETTLEMENT AGREEMENT**........................................**6**

   **10.**   **How much money will be paid to class members?**........................................6

   **11.**   **How much money will be paid to Class Counsel?**........................................7

   **12.**   **How will the rest of the money be used**?.......................................................7

   **13.**   **What changes to Defendants' policies does this settlement require?**...........7

**YOUR RIGHTS AND OPTIONS**.......................................................................................**7**

   **14.**   **What do I do to receive a payment from the Settlement Fund?**....................7

   **15.**   **What if do not want to be a part of this lawsuit?**.........................................8

   **16.**   **How do I ask the Court to opt out of the Settlement?**..................................8

   **17.**   **What if I do not want information covered by the Family Educational Rights and Privacy Act to be used?**...............................................................................................9

**HEARING ON PROPOSED SETTLEMENT AGREEMENT**.........................................**9**

   **18.**   **What has to happen before the Settlement becomes final?**..........................9

   **19.**   **Can I object to the Settlement?**..................................................................10

   **20.**   **Can I speak at the Fairness Hearing?**........................................................10

**CLASS COUNSEL**.........................................................................................................**11**

   **21.**   **Do I have a lawyer in this case?**.................................................................11

   **22.**   **Should I get my own lawyer?**......................................................................11

**QUESTIONS**...................................................................................................................**11**

   **23.**   **What if I have questions?**............................................................................11

# BASIC INFORMATION

### 1. Why did I get this notice?

Plaintiffs and Defendants are asking the Court to allow or "certify" for settlement a class in a class action lawsuit that affects you. Walden's records show that you enrolled in its DBA program between August 1, 2008, and January 31, 2018. This notice explains that the Plaintiffs and Defendants have presented a settlement of the lawsuit to the Court, asked the Court to approve it, and received preliminary approval. The Honorable Julie R. Rubin of the United States District Court for the District of Maryland is overseeing this class action. The lawsuit is known as *Carroll, et al. v. Walden University, LLC, et al.*, Civil Action No. 1:22-cv-00051-JRR.

### 2. What is this lawsuit about?

This lawsuit alleges that Walden University knowingly misrepresented the true cost of the DBA program by disclosing the minimum number of capstone credits required to complete the program and obtain a degree, when students often completed more than the minimum number of disclosed capstone credits before completing the DBA program. The lawsuit further alleges that Walden targeted Black and female prospective students for enrollment, and that Walden's practice of targeting nontraditional students had a disproportionate adverse impact on Black and female students.

### 3. What is a class action and who is involved?

In a class action lawsuit, one or more people called "Class Representatives" sue on behalf of other people who have similar claims. The people who have similar claims are a "class" or "class members." The DBA students who sued on behalf of the class are also called the Plaintiffs. The entities they sued are called the Defendants. One court resolves the issues for everyone in the class—except for those people who choose to opt out of the class. The class action approach avoids the need for numerous people to file similar individual lawsuits, and it allows the court system to resolve these claims in an efficient and economical way.

# THE CLAIMS IN THIS LAWSUIT

### 4. What does this lawsuit complaint about?

This lawsuit alleges that Walden University knowingly misrepresented the true cost of the DBA program by disclosing the minimum number of capstone credits required to complete the program and obtain a degree, when students often completed more than the minimum number of disclosed capstone credits before completing the DBA program. The lawsuit further alleges that Walden targeted Black and female prospective students for enrollment, and that Walden's practice of targeting nontraditional students had a disproportionate adverse impact on Black and female students. Plaintiffs claim that Walden University's practices violated Title VI of the Civil

Rights Act of 1964 ("Title VI"), 42 U.S.C. § 2000d *et seq.*, and the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 *et seq.* Title VI and ECOA are federal anti-discrimination laws.

**5. How do the Defendants answer?**

Defendants deny that they violated federal anti-discrimination laws by discriminating on the basis of race or gender, intentionally or otherwise. Defendants contend that they directed advertisements to the student body they sought to educate, and Walden University's student body is predominantly Black and female; and that they did not intentionally discriminate against female students because of their gender or Black students because of their race. Defendants also deny that they made any false or misleading statements about the number of capstone credits necessary to complete the DBA program and obtain a degree, because Defendants accurately represented the minimum number of capstone credits required to obtain a DBA degree.

**6. What does the lawsuit ask for?**

The Plaintiffs filed this case seeking money that students paid to Defendants for capstone credits in excess of the minimum requirements disclosed by Walden for the DBA program. Plaintiffs also seek injunctive relief, which means changes to Defendants' policies and practices in its DBA program. The lawsuit also asks for declaratory relief that Defendants violated Title VI and ECOA.

**7. What has the Court decided?**

The Court denied Defendants' motion to dismiss the Plaintiffs' claims, allowing Plaintiffs to move forward on all their class claims and proceed to the discovery phase of litigation in which the parties exchange information. The Court's denial of the motion to dismiss is not a determination that Defendants violated any law.

Were this case to go to trial, all of Plaintiffs' claims would be tried. However, even if the Plaintiffs won at trial, Defendants could file an appeal. Additionally, if this case were to go to trial and Defendants were to win at trial, Plaintiffs and class members would not be entitled to any relief, such as a financial payment.

# WHO IS IN THE CLASS?

**8. Am I part of this class?**

If this notice has been sent to you, Walden University's records indicate that you may be part of the class. If you fit within the class definition below and submit a claim form, you will be included as part of the class and receive a payment unless you ask to opt out. If you do not opt out and do not submit a claim form, you will be a member of the class and bound by the Court's decisions in this case but will NOT receive a payment. You do not have to have participated in this lawsuit in any way up to this point in order to be a Class Member. Opting out is described in the "Your Rights and Options" section below.

The Court's class definition includes person who fall into at least one of the following categories:

(a) all Black students who enrolled in and/or began classes in for Walden University's DBA program between August 1, 2008 and January 21, 2018, and were charged for and successfully completed Excess Capstone Credits, defined as more capstone-level credits than the number of DBA capstone-level credits that Walden stated were the minimum required at the time they enrolled;

(b) all Black students who enrolled in and/or began classes in Walden's DBA program between August 1, 2008 and January 31, 2018, and were charged for and successfully completed Excess Capstone Credits, and applied for and/or received student loans or payment plans to pay for some or all of their Walden education; and,

(c) all female students who enrolled in and/or began classes in Walden's DBA program between August 1, 2008 and January 31, 2018, and were charged for and successfully completed more than the number of DBA capstone-level credits that Walden stated were the minimum required at the time they enrolled, and applied for and/or received student loans or payment plans to pay for some or all of their Walden education.

If you fit this class definition, you are a Class Member in this lawsuit, even if you did not complete the DBA program at Walden University.

**9.   Who are the Class Representatives?**

The Class Representatives are Aljanal Carroll, Claudia Provost Charles, Tiffany Fair, and Tareion Fluker. The Court has preliminarily determined that these former Walden DBA students fairly and adequately represent the interests of the class.

# Summary of Proposed Settlement Agreement

**10. How much money will be paid to class members?**

Under the proposed settlement, Walden will pay $28.5 million to settle the class claims.

$21,175,000 of the Settlement Fund will be designated for payments to Class Members. The individual allocation to each Class Member will be calculated by the "Claims Administrator," who has had no prior role in this litigation. The Claims Administrator will rely on information provided by Defendants to calculate the allocation. The Claims Administrator will calculate the individual allocation to each Class Member who submits a timely, valid claim form. These funds will be distributed pro rata based on how many DBA capstone credits each Class Member completed above the number that Walden stated was the minimum at the time they enrolled. For example, if a Class Member completed 44 excess capstone credits and submits a valid claim form, and all Class Members who submit valid claim forms collectively completed 90,000 excess capstone credits, then that class member will receive 44/90,000 of the compensation pool, or approximately $10,000.[1]

---

[1] Some Class Members (approximately 55) received cash payments from the settlement in *Thornhill v. Walden University*, No. 2:16-cv-00962 (S.D. Ohio). Payments here will be reduced by the amount of any cash payment pursuant to *Thornhill*.

$100,000 of the Settlement Fund will be designated for payments of $25,000 to each of the four Class Representatives in recognition of their significant efforts in bringing and prosecuting this action, including involvement in litigation strategy, provision of information to Class Counsel, and advancing the interests of the class.

### 11. How much money will be paid to Class Counsel?

$7,125,000, or 25% of the Settlement Fund, will be designated for payment to Plaintiffs' Counsel for attorneys' fees and to reimburse costs paid for by Plaintiffs' Counsel. Plaintiffs' Counsel have been working on this case for over three years. During the time that this case has been pending, Plaintiffs have not paid Class Counsel for their work on this case or for the significant expenses that they have incurred in investigating and prosecuting this case. In this type of litigation, it is customary for Plaintiffs' Counsel to be awarded a percentage of the Settlement Fund as their attorneys' fees. The Court will decide whether to approve the amount of attorneys' fees that Plaintiffs' Counsel have requested.

### 12. How will the rest of the money be used?

$100,000 of the Settlement Fund will be designated to cover administrative costs related to administering the Settlement. This includes funds to pay for the Claims Administrator, who will distribute and process claim forms, process payments to Class Members, calculate allocations to Class Members, and notify Class Members about this Settlement.

### 13. What changes to Defendants' policies does this settlement require?

On its website and in enrollment agreements, Walden will disclose the median time to complete the DBA program and median cost to complete the DBA program based on historic data from the preceding three years of graduates. The enrollment agreements will include additional disclosures that completing the DBA program may require up to 8 years of enrollment. In addition, Walden will not reinstitute the "University Research Reviewer" role on DBA students' dissertation committees. Walden will maintain these changes for a minimum of four years.

## Your Rights and Options

### 14. What do I do to receive a payment from the Settlement Fund?

**If you wish to receive a payment from this settlement, you must properly complete a Claim Form. A Claim Form and instructions for completing it will be distributed to you at a later date if the Court grants final approval of the Settlement.** If you do nothing, you will remain in the lawsuit but will not receive a share of the Settlement Fund.

You are not required to retain your own attorney to remain in this lawsuit or to file a Claim Form. You will not be required to pay any money for the services of Class Counsel or their representatives and assistants.

If you remain in the lawsuit, and if the Court grants final approval of the proposed Settlement, then you will be bound by all the terms of the Settlement. This means that you will not be able to

bring a separate lawsuit or other legal proceeding against Defendants related to the allegations and claims described above that are included in this lawsuit. Nor will you be able to challenge the Settlement Agreement after it has been finally approved by the Court. You will be legally bound by all of the orders the Court issues and the judgments the judge and jury make in this class action.

### 15. What if do not want to be a part of this lawsuit?

If you do not wish to remain a part of this lawsuit, then you may exclude yourself from the lawsuit by submitting a written opt-out letter requesting exclusion to the Claims Administrator at Carroll v. Walden University, LLC Claims Administrator, c/o Settlement Services, Inc., PO Box 10269, Tallahassee, FL, 32302-2269, or at _____@____.com, on or before **[date]**. If you exclude yourself from this lawsuit, you will not be bound by the terms of the Settlement, and you will be free to bring your own lawsuit or other legal proceedings against the Defendants.

However, if you exclude yourself from the lawsuit, you will have no right to receive any money from the Settlement Fund. Further, you must understand that if you exclude yourself from this lawsuit and then bring your own separate lawsuit or other legal proceedings against the Defendants, you may lose your case and receive nothing; even if you win a separate case, you may have to wait several years to obtain any money you may have to settle for less money than you would receive under the Settlement in this lawsuit, and you may have to retain and pay for your own attorney. If you bring a separate claim, the Defendants may be able to assert defenses such as the statute of limitations. The statute of limitations for the claims brought in this lawsuit ordinarily range from two to five years.

### 16. How do I ask the Court to opt out of the Settlement?

To exclude yourself from this lawsuit, you must submit to the Claims Administrator a letter that is signed by you, dated, and that includes your full name, address, social security number, telephone number, and the following language:

> I wish to exclude myself from the plaintiff class in the case of *Carroll et al. v. Walden University, LLC et al.* No. 1:22-cv-00051-JRR.
>
> I understand that, if the Court approves the proposed Settlement, members of the plaintiff class who remain in the lawsuit may be eligible to receive a monetary payment from the Settlement Fund. In choosing to exclude myself from the plaintiff class in this case, I understand that I will not be eligible to receive any monetary payment under the Settlement. I also understand if I exclude myself and bring a separate claim, I may have to overcome defenses such as the statute of limitations.

In addition to the required language set forth above, you may include reasons why you do not wish to participate in this lawsuit in your written request for exclusion.

Your written request for exclusion must be received by the Claims Administrator via email (_____@___.com) or by mail at Carroll v. Walden University, LLC Claims Administrator, c/o Settlement Services, Inc., PO Box 10269, Tallahassee, FL, 32302-2269 on or before **[date]**. If

the Claims Administrator has not received your written request for exclusion, including the language set forth above, by **[date]**, then you will be deemed to have given up your right to exclude yourself from this lawsuit.

If you exclude yourself from the lawsuit but then decide that you wish to remain in the lawsuit, you may rescind your exclusion on or before **[date]**. To do so, you must submit to the Claims Administrator a letter that is signed by you, dated, and that includes your full name, address, social security number, telephone number, and a statement that you wish to rescind the letter of exclusion that you previously submitted. Your recission letter can be submitted via email or by mail using the addresses provided above.

### 17. What if I do not want information covered by the Family Educational Rights and Privacy Act to be used?

To effectively implement the Settlement, Walden must provide the following information covered by the Family Educational Rights and Privacy Act for each Class member:  social security number, number of capstone credits completed, and number of capstone credits required by Walden's Course Catalog in effect as of the Class Member's DBA program start date. Walden has been ordered by the Court to provide this information to Plaintiffs' Class Counsel and the Claims Administrator unless you object within thirty (30) days.  If you object to Walden providing this information, it will be treated the same as opting out of the Settlement and you will not be part of this lawsuit or receive any money from the Settlement Fund.

To object to the disclosure of this information, you must send a letter stating that you object to Walden's attorney at:

> Caitlin E. Dahl
> Latham & Watkins LLP
> 330 North Wabash Ave.
> Suite 2800
> Chicago, IL  60611

Your letter must be sent within thirty (30) days of the date this Notice was sent to you.

## Hearing on Proposed Settlement Agreement

### 18. What has to happen before the Settlement becomes final?

The Court, which has made a preliminary finding that the proposed Settlement is fair and just, has scheduled a hearing (the "Fairness Hearing") to determine whether it will grant final approval of the Settlement. The Court will hold this hearing at **[time]** on **[date]** at the United States District Court for the District of Maryland, located at the Edward A. Garmatz United States District Courthouse, 101 West Lombard Street Baltimore, MD 21201, in Courtroom # [ ].

It is not necessary for you to appear at the hearing or to file anything with the Court before the hearing. If you fit within the Court's definition of the class, then your interests will be adequately represented at the hearing by the named Plaintiffs and Plaintiffs' Counsel.

However, subject to the following requirements, you may submit written comments on the proposed Settlement, and you may speak to the Court, either personally or through your own attorney, at the hearing on **[date]**.

**19. Can I object to the Settlement?**

If you wish to object to the proposed Settlement, you must send a letter that includes the following:

- Your name, address, and telephone number;
- The name and number of the case (*Carroll, et al. v. Walden University, LLC, et al.*, No. 1:22-cv-00051-JRR);
- The basis for your objection(s);
- Whether you wish to be heard in Court at the Fairness Hearing;
- A list of any witnesses you may call to testify at the Fairness Hearing;
- Copies of any document you intend to present to the Court at the Fairness Hearing and all other documents in support of your objections;
- Your signature

You may not object to the proposed Settlement if you opt out of the class.

Your objection, along with any supporting material you wish to submit, must be mailed and postmarked no later than [**date**], to *all* the following three addresses:

| Court | Plaintiffs' Counsel | Defense Counsel |
|---|---|---|
| United States District Court for the District of Maryland, Edward A. Garmatz United States District Courthouse, 101 West Lombard Street Baltimore, MD  21201 | Tara Ramchandani Relman Colfax PLLC 1225 19th St., NW #600 Washington, DC 20036 | Caitlin E. Dahl Latham & Watkins LLP 330 North Wabash Ave. Suite 2800 Chicago, IL 60611 |

**20. Can I speak at the Fairness Hearing?**

If you wish to request permission to speak at the hearing, you must file with the Court a "Notice of Intent to Appear." Your notice must include the following:

- Your name, address, and telephone number;
- The name of the case (*Carroll et al. v. Walden University, LLC et al.*, No. 1:22-cv-00051-JRR);
- The name, address, and telephone number of any attorney(s) who will be appearing on your behalf at the Fairness Hearing; and
- Your signature.

You must mail your Notice of Intent to Appear, postmarked no later than **[date]** to the Court, Plaintiffs' Counsel, **and** Defense Counsel at each of the three addresses listed above.
Your appearance at the hearing, as well as that of your attorney, will be at your own expense.

# CLASS COUNSEL

### 21. Do I have a lawyer in this case?

The Court decided that attorneys from the law firm Relman Colfax PLLC and the National Student Legal Defense Network are qualified to represent you and all Class Members and appointed them to be "Class Counsel." Contact information for Class Counsel is as follows:

Relman Colfax PLLC
Attn: Walden Team
1225 19th Street, NW
Suite 600
Washington, DC 20036
Tel. (202) 728-1888
Fax. (202) 728-0848
http://relmanlaw.com

National Student Legal Defense Network
Attn: Walden Team
1701 Rhode Island Ave., NW
Washington, DC 20036
Tel. (202) 734-7495
https://defendstudents.org

### 22. Should I get my own lawyer?

You do not need to hire your own lawyer because Class Counsel are working on your behalf. But, if you want your own lawyer, you will have to make your own arrangements for the payment of that lawyer. For example, you can ask him or her to appear at the Fairness Hearing for you if you want someone other than Class Counsel to speak for you.

# QUESTIONS

### 23. What if I have questions?

This notice summarizes the proposed Settlement. The Settlement Agreement and Plaintiffs' Motion for Preliminary Approval contain more details about the Settlement, the distribution of the Settlement Fund, and the changes to the Defendants' policies. You can access these documents at www._____.

Any inquiries by Class Members concerning this notice or the class action should be directed to the Claims Administrator at [phone number]. You can also direct questions, by phone or in writing, to Plaintiffs' Counsel Tara Ramchandani, who can be reached at (202) 728-1888,

tramchandani@relmanlaw.com, or at Relman Colfax PLLC, 1225 19th Street, NW, Suite 600, Washington, DC 20036.

**Order Granting Preliminary Approval of Proposed Class Action Settlement, Provisional Certification of Class and Approval of Notice:**

**Exhibit B (Claim Form)**

## <u>INSTRUCTIONS</u>

**READ ALL INSTRUCTIONS CAREFULLY BEFORE FILLING OUT THE CLAIM FORM**

1. Fill in all blank spaces in the claim form with clearly printed or typed information.

2. You must sign and date the claim form.

3. By signing your claim form, you are declaring under penalty of perjury that the information provided is true and correct. Please understand that you could be subject to criminal penalties for submitting any false information on your form.

4. If you have any questions about this form, contact the Claims Administrator at _____@ssiclaims.com or (___) ___-____. There is no fee for any service or assistance provided by the Claims Administrator. **DO NOT CONTACT THE COURT OR THE CLERK OF THE COURT.**

5. Complete your claim form at www._____, or mail your signed and completed claim form using the enclosed pre-addressed, stamped envelope, by **[DATE]**. If you do not have the pre-addressed, stamped envelope, you may mail your signed and completed claim form to: Carroll v. Walden University, LLC Claims Administrator, c/o Settlement Services, Inc., PO Box 10269, Tallahassee, FL, 32302-2269 to:  **YOUR CLAIM FORM MUST BE SUBMITTED ONLINE OR POSTMARKED ON OR BEFORE [DATE]. LATE CLAIM FORMS WILL NOT BE CONSIDERED.**

6. If your email address or mailing address changes at any time, mail your new address to the Claims Administrator at the address above or update it at www._____/_____. Any change of address must be in writing and include your signature.

7. You do not need an attorney to help you submit a claim form. If you do wish to consult an attorney, however, you may do so at your own expense.

8. Please keep a copy of the completed form for your records.

9. If you believe that you took more or less capstone credits than indicated on the materials provided to you, you may submit documents to support that claim. Any documents you submit to show that you took a different number of capstone credits at Walden than indicated on the materials provided to you will be considered in determining the amount of any monetary payment you are eligible to receive. Examples of such documents include, but are not limited to:

    a. Transcripts from Walden;

    b. Signed Walden enrollment agreements;

    c. Walden certificate of completion;

    d. Cancelled checks or other documents showing payment to Walden; or

    e. Emails of letters from or to Walden.

    If you do not dispute the number capstone credits that you took, you do not need to submit any documents other than a completed claim form.

# WALDEN UNIVERSITY CLASS ACTION
# CLAIM FORM

*Aljanal Carroll, et al. v. Walden University, LLC, et al.*
*Case No. 1:22-cv-00051-JRR*

FULL NAME:_____[pre-filled]_____
　　　　　　　　　　　　Last　　　　　　　First　　　　　　　Middle

STREET ADDRESS: ____[pre-filled]_____
　　　　　　　　　　　Street No.　　　　　　Street Name　　　Apt. No.

CITY:___[pre-filled]_____ STATE: _____[pre-filled]____ ZIP CODE: _____[pre-filled]_

TELEPHONE: (____)_____　　　(____)_____
　　　　　　　　　　　Mobile　　　　　　　Other (please specify)

EMAIL ADDRESS: _____

SOCIAL SECURITY #:_____ DATE OF BIRTH: _____

PREFERRED METHOD OF COMMUNICATION (select one):  mail    email    text

Were you enrolled in Walden University's Doctor of Business Administration program, or did you begin classes in the program, between August 1, 2008, and January 31, 2018? (check one):

　　　Yes _____　　　　　　No _____

Is __[pre-filled]___ the correct number of capstone credits you completed in connection with Walden University's Doctor of Business Administration program between [DATE] and [DATE]?

　　　Yes _____　　　　　　No _____

　　　If you answered "No," what is the correct number? _____.  You are encouraged to submit documentation to support your answer.

　　　If you answered "Yes," no supporting documentation should be submitted.

~~Did you sign an individual settlement agreement with Walden University and Laureate Education, Inc. as part of a lawsuit titled *Thornhill v. Walden University, LLC, et al.* filed in the Southern District of Ohio on October 5, 2016? (check one):~~

~~Yes _____　　　　　　No _____~~

I declare under penalty of perjury that the foregoing is true and correct. I understand that I could be subject to criminal penalties for submitting any false information on this claim form.

_____
Signature

Executed on_____
              (today's date)

**IF SUBMITTING BY MAIL, SEND THIS FORM TO:**

**Carroll v. Walden University, LLC Claims Administrator**
**c/o Settlement Services, Inc.**
**PO Box 10269**
**Tallahassee, FL, 32302-2269**

**THIS CLAIM FORM MUST BE POSTMARKED ON OR BEFORE [DATE]**

**LATE CLAIM FORMS WILL NOT BE CONSIDERED**

**Order Granting Preliminary Approval of Proposed Class Action Settlement, Provisional Certification of Class and Approval of Notice:**

**Exhibit C ([Proposed] Order Granting Approval of Proposed Class Action Settlement, and Certification of Class)**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| Aljanal Carroll, Claudia Provost Charles, Tiffany Fair, and Tareion Fluker<br><br>Plaintiffs,<br><br>v.<br><br>Walden University, LLC, and Walden e-Learning, LLC,<br><br>Defendants. | Civil Action No. 1:22-cv-00051-JRR |

**[PROPOSED] ORDER GRANTING APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT, AND CERTIFICATION OF CLASS**

WHEREAS, the Court entered an Order preliminarily approving the Settlement and Settlement Agreement on _____, and held a Fairness Hearing on _____; and the Court has heard and considered all submissions in connection with the proposed Settlement and the files and records herein, including the objections submitted, as well as arguments of counsel;

IT IS HEREBY ORDERED AND ADJUDGED THAT:

1. All terms and definitions used herein have the same meanings as set forth in the Settlement Agreement.

2. The Court has jurisdiction over the subject matter of the Civil Action, the Plaintiffs, the Class, and Defendants.

3. The Court finds that, for purposes of the Settlement, the requirements for a class

action under Federal Rule of Civil Procedure 23 have been satisfied in that (a) the Class

is ascertainable; (b) its members are too numerous to be joined practicably; (c) there are

questions of law and fact common to the Class; (d) the Plaintiffs' claims are typical of the

claims of the Class as a whole; (e) the Plaintiffs will fairly and adequately protect the

interests of the Class; (f) neither the Plaintiffs nor Plaintiffs' Counsel have interests

adverse to the Class, and Plaintiffs' Counsel are competent and experienced; (g) final

injunctive relief or corresponding declaratory relief is appropriate respecting the Class as

a whole; and (h) common questions of law and fact predominate over questions affecting

only individual members of the Class and a class action is superior to other available

methods for fairly and efficiently adjudicating the controversy.

4. For purposes of resolution of claims for monetary relief, pursuant to Rules 23(a)

and 23(b)(3) of the Federal Rules of Civil Procedure, and for purposes of resolution of

claims for injunctive relief, pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of

Civil Procedure, the Court finally certifies the Civil Action, for purposes of the

Settlement, as a class action on behalf of the following Class: (a) all Black students who

enrolled in and/or began classes for Walden's DBA program between August 1, 2008,

and January 31, 2018 and were charged for and successfully completed Excess Capstone

Credits; (b) all Black students who enrolled in and/or began classes for Walden's DBA

program between August 1, 2008, and January 31, 2018 and were charged for and

successfully completed Excess Capstone Credits, and applied for and/or received student

loans or payment plans to pay for some or all of their Walden education; and (c) all

female students who enrolled in and/or began classes for Walden's DBA program

between August 1, 2008, and January 31, 2018 and were charged for and successfully

completed Excess Capstone Credits, and applied for and/or received student loans or payment plans to pay for some or all of their Walden education.

5.  Plaintiffs' Counsel and Plaintiffs are hereby appointed to represent the Class. Relman Colfax PLLC is hereby appointed as Lead Plaintiffs' Counsel.

6.  Notice of the class action Settlement was given to all Class Members pursuant to the Court's Order Granting Preliminary Approval of Proposed Class Action Settlement, Provisional Certification of Class and Approval of Notice ("Order for Notice and Hearing"). The form and method by which notice was given met the requirements of due process, Rules 23(c)(2) and 23(e) of the Federal Rules of Civil Procedure, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons entitled thereto.

7.  Pursuant to the terms of the Settlement Agreement, to be entitled to participate in the distribution of the Settlement Fund, each Class Member must submit a Claim Form, substantially in the form attached as Exhibit A. The Claims Administrator shall distribute Claim Forms to Class Members within five (5) days of entry of this Order and Final Judgment. The Claim Form must be postmarked or received by the Claims Administrator no later than ninety (90) calendar days after the date of entry of this Order. Any Claim Form that is not postmarked or received by the Claims Administrator within ninety (90) calendar days after the date of entry of this Order shall be deemed untimely, an invalid claim, and a waiver by the submitting Claimant of any claim for payment under the Settlement Agreement.

8.  The Settlement is in all respects fair, reasonable, and adequate, and it is finally approved. The Parties are directed to consummate the Settlement according to the terms of the

Settlement Agreement. The Settlement Agreement and every term thereof shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an Order of the Court.

9.  Upon the Effective Date, the Plaintiffs, the Class, and each Class Member shall, by operation of this Order and Final Judgment, fully, finally and forever release, acquit, and discharge the Released Claims against the Released Persons pursuant to the Settlement Agreement. The Plaintiffs, the Class, and each Class Member are hereby permanently enjoined and barred from instituting, commencing or prosecuting any Released Claim against a Released Person in any action or proceeding in any court or tribunal.

10. The individuals identified on the list attached hereto as Exhibit B have opted out of the Class and are not bound by the Settlement Agreement, Settlement, or Order and Final Judgment, and have not waived, relinquished, or released the right to assert any claims against Defendants.

11. Individuals who received a *Thornhill* Payment and did not waive confidentiality with respect to the settlement of the *Thornhill* litigation are not members of the Class and are not bound by the Settlement Agreement, Settlement, or Order and Final Judgment.

12. This Order and Final Judgment, the Settlement Agreement, and any and all communications between and among the Parties pursuant to or during the negotiation of the Settlement shall not constitute, be construed as, or be admissible in evidence as an admission of the validity of any claim or defense asserted or fact alleged in the Civil Action or of any wrongdoing, fault, violation of law, or liability of any kind on the part of the Parties.

13. Plaintiffs' Counsel are awarded the sum of $7,125,000 in attorneys' fees and

costs, to be paid by Defendants in accordance with the terms of the Settlement
Agreement.

14. $25,000 is awarded as a payment to each of the named Plaintiffs Aljanal Carroll, Claudia
Provost Charles, Tiffany Fair, and Tareion Fluker.

15. The balance of the funds in the Escrow Account shall be distributed pro rata to Qualified
Class Members based on the proportion of each Qualified Class Member's Excess
Capstone Credits to the sum of all Qualified Class Members' Excess Capstone Credits,
except that the amount otherwise due to any Qualified Class Member who received a
*Thornhill* Payment shall be reduced by the amount of such Payment so long as such
Qualified Class Member waived confidentiality with respect to the settlement of the
*Thornhill* litigation.

16. If for any reason money remains in the Escrow Account or the Administration Costs
Account one year after distribution of payment from the Escrow Account to Qualified
Class Members, all such remaining money shall be donated to such non-profit
organizations dedicated to the furtherance of the civil rights in higher education of Black
people and women as Plaintiffs select at that time.

17. Defendants are directed to pay these awards after the Effective Date, as described in the
Settlement Agreement.

18. The Claims Administrator shall not be responsible for any of the relief provided to the
Settlement Class under this Settlement Agreement. For its actions relating to the
implementation of this Settlement Agreement, to the extent permitted by applicable law,
the Claims Administrator shall have the same immunity that judges have for their official
acts.

19. Pursuant to Rule 7 of the Federal Rules of Appellate Procedure, "in a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." In light of the Court's ruling regarding the adequacy of the relief afforded by the Settlement, the reaction of the Class and the number of Class Members, the Court orders that any appeal of this Order must be accompanied by a bond of $150,000.

20. This Civil Action is hereby dismissed in its entirety on the merits and with prejudice. Except as otherwise provided in this Order and Final Judgment or in the Settlement Agreement, the Parties shall bear their own costs and attorneys' fees. Without affecting the finality of this Order and the Judgment hereby entered, the Court retains exclusive jurisdiction over the Parties for all matters relating to the Civil Action and the Settlement, including the administration, interpretation, effectuation, or enforcement of the Settlement.

21. Without further Order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement.


Dated: _____          _____

                                        Hon. Julie R. Rubin
                                        United States District Judge

**Order Granting Approval of Proposed Class Action Settlement, and
Certification of Class:  Exhibit A (Claim Form)**

<u>**INSTRUCTIONS**</u>

**READ ALL INSTRUCTIONS CAREFULLY BEFORE FILLING OUT THE CLAIM FORM**

1. Fill in all blank spaces in the claim form with clearly printed or typed information.

2. You must sign and date the claim form.

3. By signing your claim form, you are declaring under penalty of perjury that the information provided is true and correct. Please understand that you could be subject to criminal penalties for submitting any false information on your form.

4. If you have any questions about this form, contact the Claims Administrator at _____@ssiclaims.com or (___) ___-____. There is no fee for any service or assistance provided by the Claims Administrator. **DO NOT CONTACT THE COURT OR THE CLERK OF THE COURT.**

5. Complete your claim form at www._____, or mail your signed and completed claim form using the enclosed pre-addressed, stamped envelope, by **[DATE]**. If you do not have the pre-addressed, stamped envelope, you may mail your signed and completed claim form to: Carroll v. Walden University, LLC Claims Administrator, c/o Settlement Services, Inc., PO Box 10269, Tallahassee, FL, 32302-2269 to: **YOUR CLAIM FORM MUST BE SUBMITTED ONLINE OR POSTMARKED ON OR BEFORE [DATE]. LATE CLAIM FORMS WILL NOT BE CONSIDERED.**

6. If your email address or mailing address changes at any time, mail your new address to the Claims Administrator at the address above or update it at www._____/_____. Any change of address must be in writing and include your signature.

7. You do not need an attorney to help you submit a claim form. If you do wish to consult an attorney, however, you may do so at your own expense.

8. Please keep a copy of the completed form for your records.

9. If you believe that you took more or less capstone credits than indicated on the materials provided to you, you may submit documents to support that claim. Any documents you submit to show that you took a different number of capstone credits at Walden than indicated on the materials provided to you will be considered in determining the amount of any monetary payment you are eligible to receive. Examples of such documents include, but are not limited to:

    a. Transcripts from Walden;

    b. Signed Walden enrollment agreements;

    c. Walden certificate of completion;

    d. Cancelled checks or other documents showing payment to Walden; or

    e. Emails of letters from or to Walden.

    If you do not dispute the number capstone credits that you took, you do not need to submit any documents other than a completed claim form.

# WALDEN UNIVERSITY CLASS ACTION
# CLAIM FORM

*Aljanal Carroll, et al. v. Walden University, LLC, et al.*
*Case No. 1:22-cv-00051-JRR*

FULL NAME:_____     [pre-filled]_____
                          Last                    First                    Middle

STREET ADDRESS: _____[pre-filled]_____
                          Street No.              Street Name              Apt. No.

CITY:__ ____[pre-filled]_____ STATE: _____[pre-filled]____ ZIP CODE: _____[pre-filled]_

TELEPHONE:  (____)_____     (____)_____
                          Mobile                    Other (please specify)

EMAIL ADDRESS:  _____

SOCIAL SECURITY #:_____ DATE OF BIRTH: _____

PREFERRED METHOD OF COMMUNICATION (select one):  mail    email    text

Were you enrolled in Walden University's Doctor of Business Administration program, or did you begin classes in the program, between August 1, 2008, and January 31, 2018? (check one):

> Yes _____                    No _____

Is _[pre-filled]__ the correct number of capstone credits you completed in connection with Walden University's Doctor of Business Administration program between [DATE] and [DATE]?

> Yes _____                    No _____
>
> If you answered "No," what is the correct number? _____.  You are encouraged to submit documentation to support your answer.
>
> If you answered "Yes," no supporting documentation should be submitted.

~~Did you sign an individual settlement agreement with Walden University and Laureate Education, Inc. as part of a lawsuit titled *Thornhill v. Walden University, LLC, et al.* filed in the Southern District of Ohio on October 5, 2016? (check one):~~

> ~~Yes _____                    No _____~~

I declare under penalty of perjury that the foregoing is true and correct. I understand that I could be subject to criminal penalties for submitting any false information on this claim form.

_____
Signature

Executed on_____
             (today's date)

**IF SUBMITTING BY MAIL, SEND THIS FORM TO:**

**Carroll v. Walden University, LLC Claims Administrator**
**c/o Settlement Services, Inc.**
**PO Box 10269**
**Tallahassee, FL, 32302-2269**

**THIS CLAIM FORM MUST BE POSTMARKED ON OR BEFORE [DATE]**

**LATE CLAIM FORMS WILL NOT BE CONSIDERED**

**Order Granting Approval of Proposed Class Action Settlement, and Certification of Class:  Exhibit B (Opt Out List)**

[to be completed at appropriate time]