UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| Aljanal Carroll, Claudia Provost Charles, Tiffany Fair, and Tareion Fluker,<br><br>Plaintiffs,<br><br>v.<br><br>Walden University, LLC, and Walden e-Learning, LLC,<br><br>Defendants. | Civil Action No. 1:22-cv-00051-JRR |

**PLAINTIFFS' UNOPPOSED MOTION TO MODIFY PRELIMINARY APPROVAL ORDER WITH RESPECT TO THE PROVISION OF NOTICE AND TO MAKE OTHER CONFORMING MODIFICATIONS**

Plaintiffs and Class Representatives Aljanal Carroll, Claudia Provost Charles, Tiffany Fair, and Tareion Fluker ("Plaintiffs") hereby move the Court, pursuant to Federal Rule of Civil Procedure 23, to: (1) modify the provisions of the Court's April 17, 2024 Order Granting Preliminary Approval of Proposed Class Action Settlement, Provisional Certification of Class and Approval of Notice ("Preliminary Approval Order") regarding the form and manner of giving notice to allow the Parties to extend notice to a small number of recently-identified additional class members and potential class members, and (2) modify the schedule related to the Court's final review of the proposed settlement to accommodate this additional notice. Defendants do not oppose Plaintiffs' motion.

**PROCEDURAL BACKGROUND**

This litigation was brought by four former students in Walden University's Doctor of Business Administration, asserting putative class claims under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, *et seq*., and violation of the Equal Credit Opportunity Act, 15 U.S.C. §

1691, *et seq.*, as well as individual claims for violation of Minnesota state and common law. As recounted in further detail in Plaintiffs' March 28, 2024 Memorandum of Law in Support of Plaintiffs' Unopposed Motion for Preliminary Approval of Proposed Class Action Settlement, Provisional Certification of Settlement Class, and Approval of Notice ("Preliminary Approval Br."), Dkt. No. 92-1, the Parties entered into a Settlement Agreement earlier this year after two mediations and subsequent negotiations.

Plaintiffs filed an unopposed Motion for Preliminary Approval of Proposed Class Action Settlement, Provisional Certification of Settlement Class, and Approval of Notice ("Motion for Preliminary Approval") on March 28, 2024. Dkt. No. 92. The Court granted that motion on April 17, 2024. Dkt. No. 95. The Court preliminarily approved the Settlement Agreement and provisionally certified a Settlement Class consisting of:

> (a) all Black students who enrolled in and/or began classes for Walden University's Doctor of Business Administration ("DBA") program between August 1, 2008 and January 31, 2018 and were charged for and successfully completed Excess Capstone Credits;
>
> (b) all Black students who enrolled in and/or began classes for Walden's DBA program between August 1, 2008 and January 31, 2018 and were charged for and successfully completed Excess Capstone Credits, and applied for and/or received student loans or payment plans to pay for some or all of their Walden education; and
>
> (c) all female students who enrolled in and/or began classes for Walden's DBA program between August 1, 2008 and January 31, 2018 and were charged for and successfully completed Excess Capstone Credits, and applied for and/or received student loans or payment plans to pay for some or all of their Walden education.

The Preliminary Approval Order additionally approved the form and manner of giving notice to the class, set a timeline for the administration of the notice period and settlement, pursuant to which Plaintiffs were to seek final approval by July 10, 2024, and scheduled a Fairness Hearing for July 23, 2024.

**PROPOSED MODIFICATION TO THE FORM AND MANNER OF NOTICE**

In seeking preliminary approval of the settlement Class, Plaintiffs estimated that the class consisted of approximately 2,291 individuals. Dkt. No. 92-1 at 5-6.  In the course of administering the class notice process in accordance with the Preliminary Approval Order, the Parties have learned that there exists a relatively small group of additional members or potential members of the class. This group includes approximately 191 people. They were previously unknown to the Parties and were not included in Defendants' Class Intake List, and thus were not sent notice by the Claims Administrator. Plaintiffs believe it is important to extend notice to this additional group of people and provide them with an equivalent opportunity to opt out of or object to the Settlement as has been given to the previously identified Class Members. Plaintiffs respectfully ask the Court to modify its Preliminary Approval Order with respect to the form and manner of giving notice so that the Parties may do so.

The original class size estimate was based on Defendants' aggregation of current and former DBA students who had enrolled during the relevant period, had taken more than the minimum number of capstone credits required to graduate, and were either (1) Black, or (2) female and had applied for or received student loans or payment plans in connection with their enrollment. These 2,291 people comprised the Class Intake List that Defendants provided the Claims Administrator after the Court granted preliminary approval.

During the course of the notice period, the Parties and Claims Administrator were contacted by a small number of individuals who believed themselves to be Class Members, but who were not on the Class Intake List. Upon investigation, Defendants found that there were two categories of individuals who either are or might be Class Members, but had not been included on the Class Intake List.

First, Defendants found that there are approximately 12 individuals who were actively enrolled and had not surpassed the excess credit threshold at the time the initial class list was pulled, but had done so as of the date of the Court's Preliminary Approval Order and otherwise met the class requirements ("Additional Known Class Members"). These 12 individuals are Class Members but were not sent notice because they were inadvertently not included on the Class Intake List Defendants provided to the Claims Administrator because when the Class Intake List was initially created, it was not apparent that these Additional Known Class Members qualified as Class Members. Plaintiffs' Proposed Order,[1] attached as Exhibit 1, rectifies this by amending the Preliminary Approval Order to provide for notice to be sent to these individuals by the Claims Administrator and giving them an equivalent period of time in which to opt out and/or object to the Settlement Agreement.

Second, Defendants found that they cannot determine from their records whether an additional approximately 179 individuals are members of the class because they did not disclose their race and/or gender to Walden. Specifically, these individuals enrolled during the relevant time period and meet the excess capstone credit requirement, but either (1) did not disclose their gender to Walden at enrollment and had applied for or received student loans or payment plans in connection with their Walden DBA education or (2) did not disclose their race to Walden at enrollment, or both ("Additional Potential Class Members"). Some of these 179 individuals likely are Class Members, but others likely are not, and the Parties are unable to precisely identify which are Class Members based on Defendants' records due to the absence of race

---

[1] Plaintiffs have provided the Proposed Order and its three attachments (the two Claim Forms described herein and Proposed Final Order) as Exhibit 1, To aid the Court's review, Plaintiffs have provided a redlined copy of the modified Claim Form for Additional Potential Class Members, which reflects the changes between it and the original Claim Form, attached as Exhibit 2. A redlined version of the Proposed Final Order and its attachments, which reflects the changes between it and the Proposed Final Order and attachments Plaintiffs submitted with their March 28, 2024 Motion for Preliminary Approval, is attached as Exhibit 3.

and/or gender information. Plaintiffs' Proposed Order addresses this by amending the Preliminary Approval Order to provide for notice to be sent to all of these individuals by the Claims Administrator and giving those who are Class Members an equivalent period of time in which to opt out and/or object.

Additionally, because the individuals in this category have not previously provided their race and/or gender information to Defendants, Plaintiffs' Proposed Order provides that upon final approval of the Settlement Agreement the individuals in this category shall be sent a modified version of the Claim Form. The modified Claim Form asks them, if they believe they are a Class Member, to self-certify that they are Black and/or female, as well as their qualifying loan status if female. This additional information will allow the Claims Administrator to confirm whether any such individual returning a Claim Form is a Qualified Class Member.

Plaintiffs' Proposed Order otherwise provides for the Additional Known Class Members and Additional Potential Class Members to be sent notice in the same form and in the same manner as was done for the originally identified Class Members in accordance with the Court's Preliminary Approval Order and the terms of the Parties' Settlement Agreement.

**THE PROCESS PROVIDED FOR IN PLAINTIFFS' PROPOSED ORDER PROVIDES VALID, DUE, AND SUFFICIENT NOTICE TO CLASS MEMBERS AND THE TERMS OF THE PARTIES' SETTLEMENT AGREEMENT REMAIN FAIR, REASONABLE, AND ADEQUATE**

The Parties have worked diligently to ensure that individual notice will be sent "to all members who can be identified through reasonable effort" as required by Rule 23 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 23(c)(2)(B). Other than the revised Claim Form for the Additional Potential Class Members, the form and manner of notice Plaintiffs propose for these groups is identical in all material respects to that conducted for the originally identified Class Members pursuant to the Court's Preliminary Approval Order. Plaintiffs believe that these

additional steps are the best method for providing notice practicable under the circumstances and, together with the steps already taken under the Court's Preliminary Approval Order, constitute valid, due, and sufficient notice to all Class Members of their rights and obligations, complying fully with the requirements of Rule 23 of the Federal Rules of Civil Procedure and the United States Constitution.

The discovery of this relatively small number of additional Class Members and potential Class Members does not affect Plaintiffs' belief and the Court's prior determination that the Parties' Settlement Agreement is within the range of possible approval as fair, reasonable, and adequate. *See Binotti v. Duke Univ.*, No. 1:20-CV-470, 2021 WL 5364119, at *2 (M.D.N.C. June 14, 2021) (discovery of additional class members did not alter Court's preliminary fairness determination where it did not meaningfully change class members' expected recovery).

First, this new information can be expected to result in only a small number of additional class members. Although notice will be sent to an additional 191 people under this process, the number of additional class members added will be fewer than that since some of the Additional Potential Class Members likely are not in fact Black and/or female students with loans.

Furthermore, the original class size estimate of 2,291 has proved to be an over-count in three other respects. First, only recipients of *Thornhill* Payments who waive the *Thornhill* confidentiality provision are members of the defined Class. While the original class size estimate included all 55 *Thornhill* participants who are otherwise Class Members, 37 of those have not waived confidentiality, and those 37 *Thornhill* participants no longer qualify as Class Members as a result. Second, the original estimate included individuals who had *enrolled* in excess capstone credits, but the Class definition includes only those individuals who *successfully completed* excess capstone credits. Including students who *enrolled* in excess credits was

intended to capture students who may have subsequently completed those excess credits, qualifying them as Class Members. Defendants have determined that 96 individuals in this category did not subsequently *successfully complete* excess capstone credits, meaning they did not qualify as Class Members, thereby inflating the Parties' estimate. Third, the Parties' Settlement Agreement excludes from the Class any individuals who are current or former officers or employees of Defendants. Defendants have identified that 23[2] of the individuals included in the original 2,291 estimate fall into this category and are thus not Class Members.[3]

All told, approximately 154 individuals included in the original 2,291 estimate are not expected to be Class Members. Conversely, 6 individuals who were not included in the original 2,291 estimate contacted the Parties and Claims Administrator believing they are Class Members and, upon investigation, were added to the Class Intake List and sent notices. Adding the 12 Additional Known Class Members, the total number of known Class Members is approximately 2,155. Even in the unlikely scenario that all 179 of the Additional Potential Class Members are Black students and/or female students with loans, the total class size will still be scarcely larger than the original estimate of 2,291. As such, these changes do not have a material effect on the anticipated recovery of Class Members.

---

[2] Two of the 23 individuals included in the original 2,291 estimate who are current or former officers or employees of Defendants also did not successfully complete excess capstone credits and therefore do not qualify as Class Members for this independent reason as well.

[3] Since the 96 individuals who did not successfully complete excess capstone credits and the 23 individuals who are or were Walden employees were included on the original Class Intake List but do not qualify as Class Members, they will not be sent a Claim Form upon final approval of the settlement. Pursuant to paragraph 10 of the Preliminary Approval Order, Walden is continuing to supplement the Class Intake List with the number of capstone credits completed as of the date of the Court's Preliminary Approval Order fifty (50) days after Notice is distributed to each potential Class Member. To the extent that Walden's supplementation of the Class Intake List indicates that any potential Class Members on the Class Intake List did not successfully complete more than the minimum disclosed number of capstone credits, they will likewise not be sent a Claim Form upon final approval of the settlement.

### PROPOSED CONFORMING MODIFICATIONS TO THE PROPOSED FINAL ORDER

As noted above, the Parties have identified that although the terms of the Settlement Agreement exclude certain categories of people who might otherwise be Class Members from participating in the settlement, those exclusions were not previously reflected on the Class Intake List. These exclusions were also not reflected in the Proposed Final Order submitted with Plaintiffs' Motion for Preliminary Approval and entered by the Court. The exclusions include, *inter alia*, Walden officers and employees as well as the Judge presiding over this action and members of her family.

Plaintiffs are therefore submitting as Exhibit 1 a revised Proposed Final Order which clarifies that the following individuals shall be excluded from the Class, consistent with the terms of the Settlement Agreement: (1) the Judge presiding over this action (or the Judge or Magistrate presiding over the action through which this matter is presented for settlement), and members of their families; (2) the defendants, defendants' subsidiaries, parent companies, successors, predecessors, and any entity in which the defendants or their parents have a controlling interest and their current or former officers, directors, and employees; (3) persons who properly execute and file a timely request for exclusion from the class; and (4) the legal representatives, successors or assigns of any such excluded persons. These exclusions mirror the definition of "Class" and "Settlement Class" at section I.1.f of the Settlement Agreement.

### PROPOSED CONFORMING MODIFICATIONS TO THE SCHEDULE RELATED TO FINAL APPROVAL

To allow sufficient time for notice to the above-described groups of Additional Known Class Members and Additional Potential Class Members, Plaintiffs respectfully propose the following modifications to the schedule for the remaining procedural steps leading to the Court's final review:

| Event | Original Proposed Timeline | Current Deadline | Proposed Modified Timeline |
|---|---|---|---|
| Deadline for sending notice to Class Members identified on the basis of Defendants' records on the Original Class Intake List | 3 weeks after entry of the Court's order preliminarily approving the settlement | May 8, 2024 | Unchanged |
| Deadline for opting out for Class Members on the Original Class Intake List | 9 weeks after entry of the Court's order preliminarily approving the settlement | June 19, 2024 | Unchanged |
| Deadline for rescinding opt-out, filing objection, or filing Notice of Intent to Appear for Class Members on the Original Class Intake List | 11 weeks after entry of the Court's order preliminarily approving the settlement | July 3, 2024 | Unchanged |
| Deadline for sending notice to Additional Known Class Members and Additional Potential Class Members identified on the basis of Defendants' records | N/A | N/A | 3 weeks after entry of the Court's order approving these modifications |
| Deadline for opting out for Additional Known Class Members and Additional Potential Class Members | N/A | N/A | 9 weeks after entry of the Court's order approving these modifications |

| | | | |
|---|---|---|---|
| Deadline for rescinding opt-out, filing objection, or filing Notice of Intent to Appear for Additional Known Class Members and Additional Potential Class Members | N/A | N/A | 11 weeks after entry of the Court's order approving these modifications |
| Deadline for Plaintiffs to file motion for final approval of settlement and to respond to any objections | 12 weeks after entry of the Court's order preliminarily approving the settlement | July 10, 2024 | 12 weeks after entry of the Court's order approving these modifications |
| Fairness Hearing | 13 weeks after entry of the Court's order preliminarily approving the settlement | July 23, 2024 | 13 weeks after entry of the Court's order approving these modifications |

This schedule will provide the Additional Known Class Members and Additional Potential Class Members with the same amount of time to review the terms of the proposed settlement, consider their options, and act accordingly as was afforded to the Class Members on the original Class Intake List pursuant to the Court's Preliminary Approval Order, and is consistent with the terms of the Settlement Agreement and its attachments. If this schedule is not convenient for the Court, Plaintiffs request that the Court use the same or greater intervals between each event listed to provide all Parties sufficient time to comply and to provide the two groups of additional Class Members adequate time to review.

DATE: July 10, 2024                        Respectfully Submitted,

<u>/s/Alexa T. Milton</u>
Glenn Schlactus*
Tara K. Ramchandani*
Lila R. Miller*
Edward K. Olds*
RELMAN COLFAX PLLC
1225 19th St. NW Suite 600
Washington, D.C. 20036
Tel: 202-728-1888
Fax: 202-728-0848
amilton@relmanlaw.com
gschlactus@relmanlaw.com
tramchandani@relmanlaw.com
lmiller@relmanlaw.com
tolds@relmanlaw.com

Eric Rothschild*
NATIONAL STUDENT LEGAL
DEFENSE NETWORK
1701 Rhode Island Ave., NW
Washington, D.C. 20036
eric@defendstudents.org

*Attorneys for Plaintiffs*

**admitted pro hac vice*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 10, 2024, a true and correct copy of the foregoing Plaintiffs' Unopposed Motion to Modify Preliminary Approval Order with Respect to the Provision of Notice and to Make Other Conforming Modifications was served via CM-ECF on all attorneys of record.

Date: July 10, 2024                                                    /s/Alexa T. Milton
                                                                       Alexa T. Milton