**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| Aljanal Carroll, Claudia Provost Charles, Tiffany Fair, and Tareion Fluker<br><br>Plaintiffs,<br><br>v.<br><br>Walden University, LLC, and Walden e-Learning, LLC,<br><br>Defendants. | Civil Action No. 1:22-cv-00051-JRR |

**ORDER MODIFYING PRELIMINARY APPROVAL ORDER WITH RESPECT TO THE PROVISION OF NOTICE AND OTHER CONFORMING MODIFICATIONS**

The Court having reviewed the Plaintiffs' Unopposed Motion to Modify Preliminary Approval Order with Respect to the Provision of Notice and to Make Other Conforming Modifications ("Motion to Modify"), together with all exhibits thereto, the record in the Civil Action, and the arguments of counsel;

IT IS HEREBY ORDERED AND ADJUDGED THAT:

1. All terms and definitions used herein have the same meanings as set forth in the Settlement Agreement and the Court's Order Granting Preliminary Approval of Proposed Class Action Settlement, Provisional Certification of Class and Approval of Notice (Dkt. No. 95) (April 17, 2024) ("Preliminary Approval Order").

2. The Court finds that the method of providing notice to the Class proposed in the Settlement Agreement and the Motion to Modify constitutes the best method for providing such notice practicable under the circumstances, complying fully with the

1

requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law.

3.  The Court reaffirms, as previously and set forth in the Preliminary Approval Order, that the proposed terms of Settlement set forth in the Settlement Agreement are hereby preliminarily approved as being within the range of possible final approval as fair reasonable, and adequate such that notice thereof should be given to members of the Class.

4.  The Court's Preliminary Approval Order is modified as follows.  All provisions of the Preliminary Approval Order not modified herein remain in full force and effect.

    a.  For people on the Class Intake List for whom Defendants have sufficient race and/or gender information to determine class membership status, the Claim Form shall be substantially in the form attached as Exhibit A, which was previously and remains approved as to form. For all other people on the Class Intake List, the Claim Form shall be substantially in the form attached as Exhibit B, which is hereby approved as to form.

    b.  Within five (5) calendar days of the entry of this Order, Defendants shall prepare and deliver an Excel spreadsheet to the Claims Administrator containing the names, last known addresses, last known telephone numbers, last known email addresses, and dates of attendance of Additional Known Class Members and Additional Potential Class Members (as those terms are defined in Plaintiffs' Unopposed Motion to Modify Preliminary Approval Order with Respect to the Provision of Notice and to Make Other Conforming Modifications filed on July 10, 2024 and in this paragraph)not previously identified on the Class Intake List

("Second Class Intake List"). The Second Class Intake List shall separately identify (1) individuals who have been identified as Class Members based on Defendants' records but were not previously identified on the Class Intake List ("Additional Known Class Members") and (2) individuals whose Class membership status cannot be determined from Defendants' records because, although they otherwise meet the Class requirements, the individuals did not disclose race and/or gender information to Defendants("Additional Potential Class Members"). Defendants shall simultaneously provide a copy of the Second Class Intake List to Lead Plaintiffs' Counsel. The Claims Administrator shall conduct a trace using LexisNexis and the National Change of Address registry to determine, to the best extent possible and using its discretion, the most likely current address of each individual on the Supplemental Class Intake List.

c.  Within twenty-one (21) calendar days after the entry of this Order, the Claims Administrator shall cause to be sent, via first class mail, text, and email, the Notice substantially in the form previously approved in the Preliminary Approval Order using the most recent contact information of the individuals on the Second Class Intake List.

d.  Fifty (50) days after the Notice is distributed, Defendants shall supplement the Second Class Intake List with the social security number, number of capstone credits completed as of the date the Preliminary Approval Order was entered (*i.e.*, April 17, 2024), and number of capstone credits required by Walden's Course Catalog in effect as of the individual's DBA program start date for each potential Class Member on the Second Class Intake List, unless the potential Class Member

3

has objected to such disclosure. Defendants shall provide this information pursuant to this Order.

e.  Notwithstanding paragraph 4(b) above, Defendants will not include on the Second Class Intake List any individual who received a *Thornhill* Payment unless and until such individual waives confidentiality with respect to the settlement of the *Thornhill* litigation.  As to potential Class Members who provide such waivers, Defendants will include on the Second Class Intake List the amount of their respective *Thornhill* Payment.

f.  The Fairness Hearing previously scheduled for July 23, 2024, shall instead be held by the Court **at 2:00 p.m. on October 17, 2024 in Courtroom 3A of the United States District Courthouse located at 101 West Lombard Street, Baltimore, Maryland.**

g.  Any individual from the Second Class Intake List who seeks to be excluded from the Class may do so by submitting an opt-out letter to the Claims Administrator using the email or mailing address in the Notice on or before that date that is sixty-three (63) calendar days after the date of entry of this Order. The deadline for Class Members not on the Second Class Intake List described in Paragraph 4(b) remains unchanged. Opt-out letters sent by mail must utilize first class mail, postage prepaid, and be postmarked no later than the deadline. Opt-out letters must contain a written statement signed by the individual that includes: (i) the individual's name, address, social security number, and telephone number; (ii) the title of the Civil Action (*Aljanal Carroll, et al. v. Walden University, et al.*, Case No. 1:22-cv-00051-JRR); and (iii) a statement as set forth in the Notice that the individual wishes to be excluded from the Settlement. Any Class Member from

the Second Class Intake List who does not submit a valid and timely request to

opt out, as set forth in the Notice, will be bound by the Order and Final Judgment

dismissing the Civil Action on the merits and with prejudice.

h. Any individual on the Second Class Intake List who declines disclosure of

information covered by the Family Educational Rights and Privacy Act

("FERPA"), 20 U.S.C. § 1232g, shall be deemed to have opted out of the

Settlement.

i. Any individual on the Second Class Intake List who excludes himself or herself

from the Class may rescind that decision up to and including the date that is

seventy-seven (77) calendar days after the date of entry of this Order by following

the procedure set forth in the Notice.

j. Objections by any Class Member on the Second Class Intake List to: (i) the

certification of the Settlement Class and the proposed Settlement contained in the

Settlement Agreement and described in the Notice; (ii) the payment of fees and

expenses to Class Counsel; (iii) the payment of incentive awards to Plaintiffs or

Declarants; and/or (iv) the entry of the Order and Final Judgment dismissing the

Civil Action on the merits and with prejudice, shall be heard and any papers

submitted in support of said objections shall be considered by the Court at the

Fairness Hearing only if such objector sends to the Court, at the following

address: The United States District Court for the District of Maryland, 101 West

Lombard Street Chambers 3A, Baltimore, MD 21201, postmarked no later than

seventy-seven (77) calendar days after the date of entry of this Order, a written

and signed statement that includes the following: (i) the objector's name, address,

and telephone number; (ii) the name of the case (*Aljanal Carroll, et al. v. Walden University, et al.*, Case No. 1:22-cv-00051-JRR); (iii) the dates of the objector's attendance at Walden's DBA program; (iv) a sentence stating that the objector confirms under penalty of perjury that he or she is a class member; (v) the basis of the objection[s]; (vi) the identity of any witnesses objector may call to testify at the Fairness Hearing; and (vii) copies of any exhibits objector intends to offer into evidence at the Fairness Hearing, and all other papers in support of such objections. The deadline for Class Members not on the Second Class Intake List described in Paragraph 4(b) remains unchanged. The foregoing papers shall expressly refer to the name of this Civil Action as it appears in this Order, as well as to the Honorable Julie R. Rubin and the case number, and they shall also be mailed to the following addresses:

| Court | Plaintiffs' Counsel | Defense Counsel |
|---|---|---|
| United States District Court for the District of Maryland, Edward A. Garmatz United States District Courthouse, 101 West Lombard Street Baltimore, MD 21201 | Tara Ramchandani Relman Colfax PLLC 1225 19th St., NW #600 Washington, DC 20036 | Caitlin E. Dahl Latham & Watkins LLP 330 North Wabash Ave. Suite 2800 Chicago, IL 60611 |

Any Class Member on the Second Class Intake List who does not comply with these requirements will be deemed to have waived any objections and will be forever barred from making any objections to the proposed Settlement.

k. It is not necessary for an objector on the Second Class Intake List to appear at the Fairness Hearing. However, if an objector on the Supplemental Class Intake List wishes to appear and/or speak at the Fairness Hearing, whether personally or through an attorney, the objector must submit and sign a Notice of Intent to

Appear. All such Notices of Intent to Appear shall expressly refer to the name of this Civil Action as it appears at the top of this Order, as well as to the Honorable Julie R. Rubin and the case number. In addition, all Notices of Intent to Appear must clearly identify: (1) the objector's name, address, and number; and (2) the name, address and telephone number of any attorney(s) who will be appearing at the Fairness Hearing on the objector's behalf. If an objector on the Second Class Intake List wishes to appear and/or speak at the Fairness Hearing, whether personally or through an attorney, the objector's Notice of Intent to Appear must be mailed to the Court, Plaintiffs' Counsel, and Defendants' Counsel at the above addresses, and be postmarked no later than seventy-seven (77) calendar days after the date of entry of this Order.

l.  No later than fourteen (14) calendar days prior to the above date set for the Fairness Hearing, the Claims Administrator shall file with the Court and serve on counsel for all Parties a declaration stating that the required notice has been completed in accordance with the provisions of this Order and the Court's Preliminary Approval Order.

m.  Within eighty-four (84) days after entry of this Order, Plaintiffs shall move the Court to enter an Order and Final Judgment substantially in the form attached hereto as Exhibit C and shall file a memorandum addressing any timely-filed written objections to the Settlement.

5.  Counsel for the Parties are hereby authorized to utilize all reasonable procedures in connection with the administration of the Settlement which are not materially

inconsistent with either this Order, the Court's Preliminary Approval Order, or the terms of the Settlement Agreement.

Dated: July 16, 2024

_____/s/_____

Hon. Julie R. Rubin
United States District Judge

**Order Modifying Preliminary Approval Order with Respect to the Provision of Notice and Other Conforming Modifications:**

**Exhibit A (Claim Form for Class Members for Whom Defendants Have Sufficient Race and/or Gender Information to Determine Class Membership)**

**INSTRUCTIONS**

**READ ALL INSTRUCTIONS CAREFULLY BEFORE FILLING OUT THE CLAIM FORM**

1. Fill in all blank spaces in the claim form with clearly printed or typed information.

2. You must sign and date the claim form.

3. By signing your claim form, you are declaring under penalty of perjury that the information provided is true and correct. Please understand that you could be subject to criminal penalties for submitting any false information on your form.

4. If you have any questions about this form, contact the Claims Administrator at _____@ssiclaims.com or (___) ___-____. There is no fee for any service or assistance provided by the Claims Administrator. **DO NOT CONTACT THE COURT OR THE CLERK OF THE COURT.**

5. Complete your claim form at www._____, or mail your signed and completed claim form using the enclosed pre-addressed, stamped envelope, by **[DATE]**. If you do not have the pre-addressed, stamped envelope, you may mail your signed and completed claim form to: Carroll v. Walden University, LLC Claims Administrator, c/o Settlement Services, Inc., PO Box 10269, Tallahassee, FL, 32302-2269 to: **YOUR CLAIM FORM MUST BE SUBMITTED ONLINE OR POSTMARKED ON OR BEFORE [DATE]. LATE CLAIM FORMS WILL NOT BE CONSIDERED.**

6. If your email address or mailing address changes at any time, mail your new address to the Claims Administrator at the address above or update it at www._____/_____. Any change of address must be in writing and include your signature.

7. You do not need an attorney to help you submit a claim form. If you do wish to consult an attorney, however, you may do so at your own expense.

8. Please keep a copy of the completed form for your records.

9. If you believe that you took more or less capstone credits than indicated on the materials provided to you, you may submit documents to support that claim. Any documents you submit to show that you took a different number of capstone credits at Walden than indicated on the materials provided to you will be considered in determining the amount of any monetary payment you are eligible to receive. Examples of such documents include, but are not limited to:

    a. Transcripts from Walden;

    b. Signed Walden enrollment agreements;

    c. Walden certificate of completion;

    d. Cancelled checks or other documents showing payment to Walden; or

    e. Emails of letters from or to Walden.

If you do not dispute the number capstone credits that you took, you do not need to submit any documents other than a completed claim form.

# WALDEN UNIVERSITY CLASS ACTION
# CLAIM FORM

*Aljanal Carroll, et al. v. Walden University, LLC, et al.*
*Case No. 1:22-cv-00051-JRR*

FULL NAME:_____[pre-filled]_____
           Last                First              Middle

STREET ADDRESS:  ____[pre-filled]_____
                Street No.            Street Name        Apt. No.

CITY:  ____[pre-filled]_____ STATE: ____[pre-filled]____ ZIP CODE: ____[pre-filled]_

TELEPHONE:  (____)_____    (____)_____
              Mobile                  Other (please specify)

EMAIL ADDRESS:  _____

SOCIAL SECURITY #:_____ DATE OF BIRTH: _____

PREFERRED METHOD OF COMMUNICATION (select one):  mail    email    text

Were you enrolled in Walden University's Doctor of Business Administration program, or did you begin classes in the program, between August 1, 2008, and January 31, 2018? (check one):

    Yes _____                No _____

Is  _[pre-filled]__  the correct number of capstone credits you completed in connection with Walden University's Doctor of Business Administration program between [DATE] and [DATE]?

    Yes _____                No _____

    If you answered "No," what is the correct number? _____.  You are encouraged to submit documentation to support your answer.

    If you answered "Yes," no supporting documentation should be submitted.

I declare under penalty of perjury that the foregoing is true and correct. I understand that I could be subject to criminal penalties for submitting any false information on this claim form.

_____
Signature

Executed on_____
           (today's date)

**IF SUBMITTING BY MAIL, SEND THIS FORM TO:**

**Carroll v. Walden University, LLC Claims Administrator**
**c/o Settlement Services, Inc.**
**PO Box 10269**
**Tallahassee, FL, 32302-2269**

**THIS CLAIM FORM MUST BE POSTMARKED ON OR BEFORE [DATE]**

**LATE CLAIM FORMS WILL NOT BE CONSIDERED**

**Order Modifying Preliminary Approval Order with Respect to the Provision of Notice and Other Conforming Modifications:**

**Exhibit B (Claim Form for All Other Class Members)**

<u>**INSTRUCTIONS**</u>

**READ ALL INSTRUCTIONS CAREFULLY BEFORE FILLING OUT THE CLAIM FORM**

1. Fill in all blank spaces in the claim form with clearly printed or typed information.

2. You must sign and date the claim form.

3. By signing your claim form, you are declaring under penalty of perjury that the information provided is true and correct. Please understand that you could be subject to criminal penalties for submitting any false information on your form.

4. If you have any questions about this form, contact the Claims Administrator at _____@ssiclaims.com or (___) ___-____. There is no fee for any service or assistance provided by the Claims Administrator. **DO NOT CONTACT THE COURT OR THE CLERK OF THE COURT.**

5. Complete your claim form at www._____, or mail your signed and completed claim form using the enclosed pre-addressed, stamped envelope, by **[DATE]**. If you do not have the pre-addressed, stamped envelope, you may mail your signed and completed claim form to: Carroll v. Walden University, LLC Claims Administrator, c/o Settlement Services, Inc., PO Box 10269, Tallahassee, FL, 32302-2269 to: **YOUR CLAIM FORM MUST BE SUBMITTED ONLINE OR POSTMARKED ON OR BEFORE [DATE]. LATE CLAIM FORMS WILL NOT BE CONSIDERED.**

6. If your email address or mailing address changes at any time, mail your new address to the Claims Administrator at the address above or update it at www._____/_____. Any change of address must be in writing and include your signature.

7. You do not need an attorney to help you submit a claim form. If you do wish to consult an attorney, however, you may do so at your own expense.

8. Please keep a copy of the completed form for your records.

9. If you believe that you took more or less capstone credits than indicated on the materials provided to you, you may submit documents to support that claim. Any documents you submit to show that you took a different number of capstone credits at Walden than indicated on the materials provided to you will be considered in determining the amount of any monetary payment you are eligible to receive. Examples of such documents include, but are not limited to:

    a. Transcripts from Walden;

    b. Signed Walden enrollment agreements;

    c. Walden certificate of completion;

    d. Cancelled checks or other documents showing payment to Walden; or

    e. Emails of letters from or to Walden.

If you do not dispute the number of capstone credits that you took, you do not need to submit any documents other than a completed claim form.

# WALDEN UNIVERSITY CLASS ACTION
# CLAIM FORM

*Aljanal Carroll, et al. v. Walden University, LLC, et al.*
*Case No. 1:22-cv-00051-JRR*

FULL NAME:_____[pre-filled]_____
                    Last               First          Middle

STREET ADDRESS: ____[pre-filled]_____
                        Street No.         Street Name      Apt. No.

CITY: ____[pre-filled]_____ STATE: ____[pre-filled]____ ZIP CODE: ____[pre-filled]_

TELEPHONE: (____)_____ (____)_____
                      Mobile            Other (please specify)

EMAIL ADDRESS: _____

SOCIAL SECURITY #:_____ DATE OF BIRTH: _____

PREFERRED METHOD OF COMMUNICATION (select one):  mail    email    text

Were you enrolled in Walden University's Doctor of Business Administration program, or did you begin classes in the program, between August 1, 2008, and January 31, 2018? (check one):

      Yes _____             No _____

What is your race? (check one):

      Black _____          Other _____

What is your sex? (check one):

      Female _____       Other _____

If you answered "Female," did you apply for and/or receive student loans or payment plans to pay for some or all of your Walden education? (check one):

      Yes _____             No _____

Is _[pre-filled]__ the correct number of capstone credits you completed in connection with Walden University's Doctor of Business Administration program between [DATE] and [DATE]?

      Yes _____             No _____

If you answered "No," what is the correct number? _____.  You are encouraged to submit documentation to support your answer. If you answered "Yes," no supporting documentation should be submitted.

2

I declare under penalty of perjury that the foregoing is true and correct. I understand that I could be subject to criminal penalties for submitting any false information on this claim form.

_____
Signature


Executed on_____
                    (today's date)


**IF SUBMITTING BY MAIL, SEND THIS FORM TO:**

**Carroll v. Walden University, LLC Claims Administrator**
**c/o Settlement Services, Inc.**
**PO Box 10269**
**Tallahassee, FL, 32302-2269**

**THIS CLAIM FORM MUST BE POSTMARKED ON OR BEFORE [DATE]**

**LATE CLAIM FORMS WILL NOT BE CONSIDERED**

**Order Modifying Preliminary Approval Order with Respect to the Provision of Notice and Other Conforming Modifications:**

**Exhibit C (Proposed Order Granting Approval of Proposed Class Action Settlement and Certification of Class)**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| Aljanal Carroll, Claudia Provost Charles, Tiffany Fair, and Tareion Fluker<br><br>Plaintiffs,<br><br>v.<br><br>Walden University, LLC, and Walden e-Learning, LLC,<br><br>Defendants. | Civil Action No. 1:22-cv-00051-JRR |

**[PROPOSED] ORDER GRANTING APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT, AND CERTIFICATION OF CLASS**

WHEREAS, the Court entered an Order preliminarily approving the Settlement and Settlement Agreement on _____, and held a Fairness Hearing on _____; and the Court has heard and considered all submissions in connection with the proposed Settlement and the files and records herein, including the objections submitted, as well as arguments of counsel;

IT IS HEREBY ORDERED AND ADJUDGED THAT:

1. All terms and definitions used herein have the same meanings as set forth in the Settlement Agreement.

2. The Court has jurisdiction over the subject matter of the Civil Action, the Plaintiffs, the Class, and Defendants.

3. The Court finds that, for purposes of the Settlement, the requirements for a class

action under Federal Rule of Civil Procedure 23 have been satisfied in that (a) the Class is ascertainable; (b) its members are too numerous to be joined practicably; (c) there are questions of law and fact common to the Class; (d) the Plaintiffs' claims are typical of the claims of the Class as a whole; (e) the Plaintiffs will fairly and adequately protect the interests of the Class; (f) neither the Plaintiffs nor Plaintiffs' Counsel have interests adverse to the Class, and Plaintiffs' Counsel are competent and experienced; (g) final injunctive relief or corresponding declaratory relief is appropriate respecting the Class as a whole; and (h) common questions of law and fact predominate over questions affecting only individual members of the Class and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

4.  For purposes of resolution of claims for monetary relief, pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, and for purposes of resolution of claims for injunctive relief, pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure, the Court finally certifies the Civil Action, for purposes of the Settlement, as a class action on behalf of the following Class: (a) all Black students who enrolled in and/or began classes for Walden's DBA program between August 1, 2008, and January 31, 2018 and were charged for and successfully completed Excess Capstone Credits; (b) all Black students who enrolled in and/or began classes for Walden's DBA program between August 1, 2008, and January 31, 2018 and were charged for and successfully completed Excess Capstone Credits, and applied for and/or received student loans or payment plans to pay for some or all of their Walden education; and (c) all female students who enrolled in and/or began classes for Walden's DBA program between August 1, 2008, and January 31, 2018 and were charged for and successfully

completed Excess Capstone Credits, and applied for and/or received student loans or payment plans to pay for some or all of their Walden education; excluding (1) the Judge presiding over this action (or the Judge or Magistrate presiding over the action through which this matter is presented for settlement), and members of their families; (2) the defendants, defendants' subsidiaries, parent companies, successors, predecessors, and any entity in which the defendants or their parents have a controlling interest and their current or former officers, directors, and employees; (3) persons who properly execute and file a timely request for exclusion from the class; and (4) the legal representatives, successors or assigns of any such excluded persons.

5. Plaintiffs' Counsel and Plaintiffs are hereby appointed to represent the Class. Relman Colfax PLLC is hereby appointed as Lead Plaintiffs' Counsel.

6. Notice of the class action Settlement was given to all Class Members pursuant to the Court's Order Granting Preliminary Approval of Proposed Class Action Settlement, Provisional Certification of Class and Approval of Notice ("Order for Notice and Hearing") and the Court's Order Granting Approval of Notice to Supplemental List of Potential Class Members. The form and method by which notice was given met the requirements of due process, Rules 23(c)(2) and 23(e) of the Federal Rules of Civil Procedure, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons entitled thereto.

7. Pursuant to the terms of the Settlement Agreement, to be entitled to participate in the distribution of the Settlement Fund, each Class Member must submit a Claim Form. For Class Members for whom Defendants have sufficient race and/or gender information to determine class membership status, the Claim Form shall be substantially in the form

attached as Exhibit A. For all other Class Members, the Claim Form shall be substantially in the form attached as Exhibit B. The Claims Administrator shall distribute the appropriate Claim Forms to Class Members within five (5) days of entry of this Order and Final Judgment. The Claim Form must be postmarked or received by the Claims Administrator no later than ninety (90) calendar days after the date of entry of this Order. Any Claim Form that is not postmarked or received by the Claims Administrator within ninety (90) calendar days after the date of entry of this Order shall be deemed untimely, an invalid claim, and a waiver by the submitting Claimant of any claim for payment under the Settlement Agreement.

8. The Settlement is in all respects fair, reasonable, and adequate, and it is finally approved. The Parties are directed to consummate the Settlement according to the terms of the Settlement Agreement. The Settlement Agreement and every term thereof shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an Order of the Court.

9. Upon the Effective Date, the Plaintiffs, the Class, and each Class Member shall, by operation of this Order and Final Judgment, fully, finally and forever release, acquit, and discharge the Released Claims against the Released Persons pursuant to the Settlement Agreement. The Plaintiffs, the Class, and each Class Member are hereby permanently enjoined and barred from instituting, commencing or prosecuting any Released Claim against a Released Person in any action or proceeding in any court or tribunal.

10. The individuals identified on the list attached hereto as Exhibit C have opted out of the Class and are not bound by the Settlement Agreement, Settlement, or Order and Final

Judgment, and have not waived, relinquished, or released the right to assert any claims against Defendants.

11. Individuals who received a *Thornhill* Payment and did not waive confidentiality with respect to the settlement of the *Thornhill* litigation are not members of the Class and are not bound by the Settlement Agreement, Settlement, or Order and Final Judgment.

12. This Order and Final Judgment, the Settlement Agreement, and any and all communications between and among the Parties pursuant to or during the negotiation of the Settlement shall not constitute, be construed as, or be admissible in evidence as an admission of the validity of any claim or defense asserted or fact alleged in the Civil Action or of any wrongdoing, fault, violation of law, or liability of any kind on the part of the Parties.

13. Plaintiffs' Counsel are awarded the sum of $7,125,000 in attorneys' fees and costs, to be paid by Defendants in accordance with the terms of the Settlement Agreement.

14. $25,000 is awarded as a payment to each of the named Plaintiffs Aljanal Carroll, Claudia Provost Charles, Tiffany Fair, and Tareion Fluker.

15. The balance of the funds in the Escrow Account shall be distributed pro rata to Qualified Class Members based on the proportion of each Qualified Class Member's Excess Capstone Credits to the sum of all Qualified Class Members' Excess Capstone Credits, except that the amount otherwise due to any Qualified Class Member who received a *Thornhill* Payment shall be reduced by the amount of such Payment so long as such Qualified Class Member waived confidentiality with respect to the settlement of the *Thornhill* litigation.

16. If for any reason money remains in the Escrow Account or the Administration Costs Account one year after distribution of payment from the Escrow Account to Qualified Class Members, all such remaining money shall be donated to such non-profit organizations dedicated to the furtherance of the civil rights in higher education of Black people and women as Plaintiffs select at that time.

17. Defendants are directed to pay these awards after the Effective Date, as described in the Settlement Agreement.

18. The Claims Administrator shall not be responsible for any of the relief provided to the Settlement Class under this Settlement Agreement. For its actions relating to the implementation of this Settlement Agreement, to the extent permitted by applicable law, the Claims Administrator shall have the same immunity that judges have for their official acts.

19. Pursuant to Rule 7 of the Federal Rules of Appellate Procedure, "in a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." In light of the Court's ruling regarding the adequacy of the relief afforded by the Settlement, the reaction of the Class and the number of Class Members, the Court orders that any appeal of this Order must be accompanied by a bond of $150,000.

20. This Civil Action is hereby dismissed in its entirety on the merits and with prejudice. Except as otherwise provided in this Order and Final Judgment or in the Settlement Agreement, the Parties shall bear their own costs and attorneys' fees. Without affecting the finality of this Order and the Judgment hereby entered, the Court retains exclusive jurisdiction over the Parties for all matters relating to the Civil Action and the Settlement,

including the administration, interpretation, effectuation, or enforcement of the Settlement.

21. Without further Order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement.


Dated: _____          _____

Hon. Julie R. Rubin
United States District Judge

**Order Granting Approval of Proposed Class Action Settlement and Certification of Class:**

    **Exhibit A (Claim Form for Class Members for Whom Defendants Have Sufficient Race and/or Gender Information to Determine Class Membership)**

<u>**INSTRUCTIONS**</u>

**READ ALL INSTRUCTIONS CAREFULLY BEFORE FILLING OUT THE CLAIM FORM**

1. Fill in all blank spaces in the claim form with clearly printed or typed information.

2. You must sign and date the claim form.

3. By signing your claim form, you are declaring under penalty of perjury that the information provided is true and correct. Please understand that you could be subject to criminal penalties for submitting any false information on your form.

4. If you have any questions about this form, contact the Claims Administrator at _____@ssiclaims.com or (___) ___-____. There is no fee for any service or assistance provided by the Claims Administrator. **DO NOT CONTACT THE COURT OR THE CLERK OF THE COURT.**

5. Complete your claim form at www._____, or mail your signed and completed claim form using the enclosed pre-addressed, stamped envelope, by **[DATE]**. If you do not have the pre-addressed, stamped envelope, you may mail your signed and completed claim form to: Carroll v. Walden University, LLC Claims Administrator, c/o Settlement Services, Inc., PO Box 10269, Tallahassee, FL, 32302-2269 to:  **YOUR CLAIM FORM MUST BE SUBMITTED ONLINE OR POSTMARKED ON OR BEFORE [DATE]. LATE CLAIM FORMS WILL NOT BE CONSIDERED.**

6. If your email address or mailing address changes at any time, mail your new address to the Claims Administrator at the address above or update it at www._____/_____. Any change of address must be in writing and include your signature.

7. You do not need an attorney to help you submit a claim form. If you do wish to consult an attorney, however, you may do so at your own expense.

8. Please keep a copy of the completed form for your records.

9. If you believe that you took more or less capstone credits than indicated on the materials provided to you, you may submit documents to support that claim. Any documents you submit to show that you took a different number of capstone credits at Walden than indicated on the materials provided to you will be considered in determining the amount of any monetary payment you are eligible to receive. Examples of such documents include, but are not limited to:

   a. Transcripts from Walden;

   b. Signed Walden enrollment agreements;

   c. Walden certificate of completion;

   d. Cancelled checks or other documents showing payment to Walden; or

   e. Emails of letters from or to Walden.

If you do not dispute the number capstone credits that you took, you do not need to submit any documents other than a completed claim form.

# WALDEN UNIVERSITY CLASS ACTION
# CLAIM FORM

*Aljanal Carroll, et al. v. Walden University, LLC, et al.*
*Case No. 1:22-cv-00051-JRR*

FULL NAME:_____ [pre-filled] _____
                           Last                      First                Middle

STREET ADDRESS: ____ [pre-filled] _____
                         Street No.                Street Name        Apt. No.

CITY: _____ [pre-filled] _____ STATE: _____ [pre-filled] ____ ZIP CODE: _____ [pre-filled]_

TELEPHONE: (____)_____ (____)_____
                      Mobile                Other (please specify)

EMAIL ADDRESS: _____

SOCIAL SECURITY #:_____ DATE OF BIRTH: _____

PREFERRED METHOD OF COMMUNICATION (select one):  mail   email   text

Were you enrolled in Walden University's Doctor of Business Administration program, or did you begin classes in the program, between August 1, 2008, and January 31, 2018? (check one):

       Yes _____            No _____

Is _[pre-filled]__ the correct number of capstone credits you completed in connection with Walden University's Doctor of Business Administration program between [DATE] and [DATE]?

       Yes _____            No _____

       If you answered "No," what is the correct number? _____.  You are encouraged to submit documentation to support your answer.

       If you answered "Yes," no supporting documentation should be submitted.

I declare under penalty of perjury that the foregoing is true and correct. I understand that I could be subject to criminal penalties for submitting any false information on this claim form.

_____
Signature

Executed on_____
            (today's date)

**IF SUBMITTING BY MAIL, SEND THIS FORM TO:**

**Carroll v. Walden University, LLC Claims Administrator**
**c/o Settlement Services, Inc.**
**PO Box 10269**
**Tallahassee, FL, 32302-2269**

**THIS CLAIM FORM MUST BE POSTMARKED ON OR BEFORE [DATE]**

**LATE CLAIM FORMS WILL NOT BE CONSIDERED**

**Order Granting Approval of Proposed Class Action Settlement and Certification of Class:**

**Exhibit B (Claim Form for All Other Class Members)**

<u>**INSTRUCTIONS**</u>

**READ ALL INSTRUCTIONS CAREFULLY BEFORE FILLING OUT THE CLAIM FORM**

1. Fill in all blank spaces in the claim form with clearly printed or typed information.

2. You must sign and date the claim form.

3. By signing your claim form, you are declaring under penalty of perjury that the information provided is true and correct. Please understand that you could be subject to criminal penalties for submitting any false information on your form.

4. If you have any questions about this form, contact the Claims Administrator at _____@ssiclaims.com or (___) ___-____. There is no fee for any service or assistance provided by the Claims Administrator. **DO NOT CONTACT THE COURT OR THE CLERK OF THE COURT.**

5. Complete your claim form at www._____, or mail your signed and completed claim form using the enclosed pre-addressed, stamped envelope, by **[DATE]**. If you do not have the pre-addressed, stamped envelope, you may mail your signed and completed claim form to: Carroll v. Walden University, LLC Claims Administrator, c/o Settlement Services, Inc., PO Box 10269, Tallahassee, FL, 32302-2269 to: **YOUR CLAIM FORM MUST BE SUBMITTED ONLINE OR POSTMARKED ON OR BEFORE [DATE]. LATE CLAIM FORMS WILL NOT BE CONSIDERED.**

6. If your email address or mailing address changes at any time, mail your new address to the Claims Administrator at the address above or update it at www._____/_____. Any change of address must be in writing and include your signature.

7. You do not need an attorney to help you submit a claim form. If you do wish to consult an attorney, however, you may do so at your own expense.

8. Please keep a copy of the completed form for your records.

9. If you believe that you took more or less capstone credits than indicated on the materials provided to you, you may submit documents to support that claim. Any documents you submit to show that you took a different number of capstone credits at Walden than indicated on the materials provided to you will be considered in determining the amount of any monetary payment you are eligible to receive. Examples of such documents include, but are not limited to:

   a. Transcripts from Walden;

   b. Signed Walden enrollment agreements;

   c. Walden certificate of completion;

   d. Cancelled checks or other documents showing payment to Walden; or

   e. Emails of letters from or to Walden.

   If you do not dispute the number of capstone credits that you took, you do not need to submit any documents other than a completed claim form.

# WALDEN UNIVERSITY CLASS ACTION
# CLAIM FORM

*Aljanal Carroll, et al. v. Walden University, LLC, et al.*
*Case No. 1:22-cv-00051-JRR*

FULL NAME:_____[pre-filled]_____
               Last             First           Middle

STREET ADDRESS: _____[pre-filled]_____
          Street No.         Street Name      Apt. No.

CITY:_ _____[pre-filled]_____ STATE: _____[pre-filled]_____ ZIP CODE: _____[pre-filled]_

TELEPHONE: (____)_____ (____)_____
              Mobile          Other (please specify)

EMAIL ADDRESS: _____

SOCIAL SECURITY #:_____ DATE OF BIRTH: _____

PREFERRED METHOD OF COMMUNICATION (select one): mail    email    text

Were you enrolled in Walden University's Doctor of Business Administration program, or did you begin classes in the program, between August 1, 2008, and January 31, 2018? (check one):

     Yes _____           No _____

What is your race? (check one):

     Black _____        Other _____

What is your sex? (check one):

     Female _____     Other _____

     If you answered "Female," did you apply for and/or receive student loans or payment plans to pay for some or all of your Walden education? (check one):

     Yes _____           No _____

Is _[pre-filled]__ the correct number of capstone credits you completed in connection with Walden University's Doctor of Business Administration program between [DATE] and [DATE]?

     Yes _____           No _____

     If you answered "No," what is the correct number? _____.  You are encouraged to submit documentation to support your answer. If you answered "Yes," no supporting documentation should be submitted.

2

I declare under penalty of perjury that the foregoing is true and correct. I understand that I could be subject to criminal penalties for submitting any false information on this claim form.

_____
Signature


Executed on_____
     (today's date)


**IF SUBMITTING BY MAIL, SEND THIS FORM TO:**

**Carroll v. Walden University, LLC Claims Administrator**
**c/o Settlement Services, Inc.**
**PO Box 10269**
**Tallahassee, FL, 32302-2269**


**THIS CLAIM FORM MUST BE POSTMARKED ON OR BEFORE [DATE]**


**LATE CLAIM FORMS WILL NOT BE CONSIDERED**

3

**Order Granting Approval of Proposed Class Action Settlement and Certification of Class:**

**Exhibit C (Opt Out List)**

[to be completed at appropriate time]