# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

| | |
|---|---|
| Aljanal Carroll, Claudia Provost Charles, Tiffany Fair, and Tareion Fluker<br><br>Plaintiffs,<br><br>v.<br><br>Walden University, LLC, and Walden e-Learning, LLC,<br><br>Defendants. | Civil Action No. 1:22-cv-00051-JRR |

## <u>SETTLEMENT AGREEMENT</u>

This Settlement Agreement dated March 22, 2024 ("Settlement Agreement") is entered into pursuant to Rule 23 of the Federal Rules of Civil Procedure. Subject to the approval of the Court, the Settlement Agreement is entered into among Defendants Walden University, LLC, and Walden e-Learning, LLC ("Walden" or "Defendants"), and the named Plaintiffs Aljanal Carroll, Claudia Provost Charles, Tiffany Fair, and Tareion Fluker (collectively "Plaintiffs"), both individually and on behalf of a class of current and former students in Walden's Doctor of Business Administration ("DBA") program. Defendants and Plaintiffs are the "Parties."

## <u>BACKGROUND</u>

Walden University is an online for-profit university headquartered in Minneapolis, Minnesota. This litigation was brought by four former Walden students on behalf of themselves and all others similarly situated. Plaintiffs asserted putative class claims for violation of Title VI of the Civil Rights Act of 1964 ("Title VI"), 42 U.S.C. § 2000d, *et seq*., and violation of the

Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691, *et seq*.; and four claims on behalf of themselves for violation of Minnesota state and common law.

Plaintiffs alleged that Walden engaged in "reverse redlining" by (1) inducing enrollment through material misrepresentations about the cost and time required to complete its DBA program, and (2) intentionally targeting Black and female prospective students to enroll in the program. Specifically, Plaintiffs alleged that Walden misrepresented and understated the number of "capstone credits" required to complete the program and obtain a degree. Defendants have at all times denied these allegations.

This case was filed in the United States District Court for the District of Maryland on January 7, 2022. On March 23, 2022, Defendants filed a Motion to Dismiss Plaintiffs' Complaint under Fed. R. Civ. P. 12(b). In their motion, Defendants argued that Plaintiffs failed to plead claims under Title VI or the ECOA, asserting that: (1) Plaintiffs did not allege any facts showing that Walden intentionally discriminated on the basis of race; (2) Plaintiffs could not prove a Title VI violation using a "reverse redlining" theory; and (3) Plaintiffs failed to allege any discriminatory credit practice to support an ECOA claim. Defendants further argued that the District Court lacked subject matter jurisdiction over the individual state and common law claims, and that Plaintiffs' allegations could not support these individual claims for several additional reasons.

On November 28, 2022, the Court denied the Motion to Dismiss. On December 7, 2022, Plaintiffs filed a motion (with Defendants' consent) to amend their complaint, adding Plaintiff Tareion Fluker to the lawsuit, which the Court granted. On February 2, 2023, Defendants filed an Answer denying all material allegations in the First Amended Complaint, asserting that Walden has not made any false or misleading statements regarding the DBA program requirements and

has not intentionally discriminated on the basis of race or gender, interposing affirmative defenses. Defendants have denied all liability for the claims and charges made in the Civil Action.[1]

Plaintiffs, without conceding any infirmity in its claims in the Civil Action, and Defendants, without admitting or conceding any fault or liability whatsoever, and without conceding any infirmity in its defenses in the Civil Action, have concluded that further litigation of the Civil Action would be protracted and expensive and that it is desirable that the litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Settlement Agreement to limit further expenses, inconvenience and to dispose of burdensome and protracted litigation.

Accordingly, Plaintiffs, by their Counsel, and Defendants, by their Counsel, have conducted discussions and arm's-length negotiations with respect to a compromise and Settlement of the Civil Action.

Plaintiffs and their Counsel have concluded that the terms and conditions of this Settlement Agreement are fair, reasonable and adequate to Plaintiffs and the Class, and in their best interests, and have agreed to settle the claims raised in the Civil Action pursuant to the terms and provisions of this Settlement Agreement, after considering: (i) the benefits that Plaintiffs and the members of the Class will receive from the Settlement Agreement; (ii) the attendant risks of litigation; (iii) the difficulties, expense and delays inherent in such litigation; (iv) the belief of Plaintiffs that the Settlement is fair, reasonable, and adequate, and in the best interest of all Class Members; and (v) the desirability of permitting the Settlement to be consummated as provided by the terms of this Settlement Agreement.

---

[1] See Section I below for definitions of capitalized terms not otherwise defined parenthetically.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among Plaintiffs, the Class, and Defendants, subject to the approval of the Court pursuant to the procedures mandated by Federal Rule of Civil Procedure 23(e), as follows:

## I. DEFINITIONS

1.     The following terms, as used in this Settlement Agreement, have the following meanings:

a.   "Civil Action" means the above-styled litigation.

b.   "Claimant" means an individual who has submitted a Claim Form.

c.   "Claims Administrator" means Settlement Services, Inc.

d.   "Claims Administration Costs" means costs and expenses of the Notice and instructions to Class Members and administration of the Settlement Fund, escrow fees, Taxes, custodial fees, and expenses incurred in connection with processing Claim Forms, distributing the Settlement Fund, providing any necessary tax forms to Class Members, and all other costs incurred in connection with administering the Settlement.

e.   "Claim Form" means the form substantially in the form of Exhibit 1.

f.   "Class" and "Settlement Class" mean all Class Members, excluding (1) the Judge presiding over this action (or the Judge or Magistrate presiding over the action through which this matter is presented for settlement), and members of their families; (2) the defendants, defendants' subsidiaries, parent companies, successors, predecessors, and any entity in which the defendants or their parents have a controlling interest and their current or former officers, directors, and employees; (3) persons who properly execute and file a timely request for exclusion from the class; and (4) the legal representatives, successors or assigns of any such excluded persons.

g. "Class Member" means an individual who falls into at least one of the following categories: (a) all Black students who enrolled in and/or began classes for Walden University's Doctor of Business Administration ("DBA") program between August 1, 2008 and January 31, 2018 and were charged for and successfully completed Excess Capstone Credits; (b) all Black students who enrolled in and/or began classes for Walden's DBA program between August 1, 2008 and January 31, 2018 and were charged for and successfully completed Excess Capstone Credits, and applied for and/or received student loans or payment plans to pay for some or all of their Walden education; and (c) all female students who enrolled in and/or began classes for Walden's DBA program between August 1, 2008 and January 31, 2018 and were charged for and successfully completed Excess Capstone Credits, and applied for and/or received student loans or payment plans to pay for some or all of their Walden education.

h. "Class Period" means the period beginning August 1, 2008 and ending January 31, 2018.

i. "Court" means the United States District Court for the District of Maryland, through the Judge assigned to the Civil Action.

j. "DBA program" means Walden's Doctor of Business Administration program.

k. "Defendants" and "Walden" means Defendants Walden University, LLC and Walden e-Learning, LLC, and all its past and present officers, directors, employees, agents, attorneys, servants, representatives, parents, subsidiaries, affiliates, partners, shareholders, and all other persons, partnerships, or corporations with whom any of the former have been, or are now, affiliated and the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing.

l. "Defense Counsel" means Latham & Watkins LLP.

5

m.  "Effective Date" means the date upon which the Settlement contemplated by this Settlement Agreement shall become effective, as set forth in paragraph 56.

n.  "Excess Capstone Credits" means the number of DBA capstone-level credits taken by a Class Member that is in excess of the number that Walden stated was the minimum required at the time they enrolled.

o.  "FERPA" means the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g, and its implementing regulations, 34 C.F.R. Part 99.

p.  "Lead Plaintiffs' Counsel" means the law firm of Relman Colfax PLLC.

q.  "Notice" means the Notice of Proposed Settlement of Class Action, which is to be sent to members of the Class substantially in the form attached hereto as Exhibit 2.

r.  "Order and Final Judgment" means the Order Granting Approval of Proposed Class Action Settlement, and Certification of Class, to be entered by the Court substantially in the form attached hereto as Exhibit 3.

s.  "Order for Notice and Hearing" means the Order Granting Preliminary Approval of Proposed Class Action Settlement, Provisional Certification of Class and Approval of Notice, to be entered by the Court substantially in the form attached hereto as Exhibit 4.

t.  "Plaintiffs' Counsel" means the law firm of Relman Colfax, PLLC and attorney(s) of record in the Civil Action at National Student Legal Defense Network.

u.  "Qualified Class Member" means a Plaintiff or Class Member who has submitted a Claim Form and been determined by the Claims Administrator to be eligible to receive a monetary share of the Settlement Fund.

v.  "Released Claim(s)" means those claims defined in Section XI.

w.  "Released Person(s)" means those persons defined in Section XI.

6

x.    "Settlement" means the settlement embodied by this Settlement Agreement.

y.    "Settlement Fund" means all the cash amounts paid by or on behalf of Defendants in settlement of the Civil Action, including any interest accrued on those amounts.

z.    "Taxes" means all (i) taxes on the income of the Settlement Fund and (ii) expenses and costs incurred in connection with the taxation of the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants).

aa.    "*Thornhill* Payment" means the amount of any cash payment that a potential Class Member received pursuant to the settlement reached in *Thornhill v. Walden University*, No. 2:16-cv-00962 (S.D. Ohio).

## II. SETTLEMENT CLASS

2.    The Parties agree and stipulate that for purposes of resolution of claims for monetary relief, pursuant to the Court's approval, the putative Class should be certified under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, and that for purposes of resolution of claims for injunctive relief the putative Class should be certified under Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure.

3.    The Parties agree that the following plaintiff class should be approved and certified pursuant to Rules 23(a), 23(b)(2), and 23(b)(3) of the Federal Rules of Civil Procedure: all persons who fall into at least one of the following categories:  (a) all Black students who enrolled in and/or began classes for Walden University's DBA program between August 1, 2008 and January 31, 2018 and were charged for and successfully completed Excess Capstone Credits; (b) all Black students who enrolled and/or began classes in Walden's DBA program between August 1, 2008 and January 31, 2018 and were charged for and successfully completed Excess Capstone Credits, and applied for and/or received student loans or payment plans to pay for some

or all of their Walden education; and (c) all female students who enrolled and/or began classes in Walden's DBA program between August 1, 2008 and January 31, 2018 and were charged for and successfully completed Excess Capstone Credits, and applied for and/or received student loans or payment plans to pay for some or all of their Walden education.

### III. ALLOCATION AND DISTRIBUTION OF MONETARY RELIEF

4.      **Settlement Fund:**  Defendants agree to pay or cause to be paid $28,500,000, which shall constitute the Settlement Fund.  The Settlement Fund shall be distributed into three separate accounts as follows:

a.    Escrow Account:  Within ten (10) days following the Effective Date, Defendants shall pay or cause to be paid, $21,275,000 into an interest-bearing escrow account on behalf of Plaintiffs and the Class designated and controlled by the Claims Administrator (the "Escrow Account");

b.    Attorneys' Fees Account:  Within ten (10) days following the Effective Date, Defendants shall pay or cause to be paid, $7,125,000 into an interest-bearing account designated by Lead Plaintiffs' Counsel, as payment to Plaintiffs' Counsel as attorneys' fees (the "Attorneys' Fees Account");

c.    Administration Costs Account:  Within five (5) days following the date of entry of the Order for Notice and Hearing, Defendants shall pay or cause to be paid, $100,000 into an interest-bearing account designated and controlled by Lead Plaintiffs' Counsel (the "Administration Costs Account").  Funds from the Administration Costs Account may be dispersed, as reasonably required and without further approval of the Court, to pay Claims Administration Costs incurred by the Claims Administrator, billed to Lead Plaintiffs' Counsel as they become due.  This amount does not limit the ability of Lead Plaintiffs' Counsel to seek

Court approval for dispersal of additional costs from the Settlement Fund prior to the balance of the Settlement Fund being disbursed to Class Members.

5.      The Settlement will be non-recapture; *i.e.*, it is not a claims-made settlement. Defendants have no ability to keep or recover any of the Settlement monies unless the Settlement Agreement does not become effective.

6.      **Allocation of Escrow Account:**  Within twenty-one (21) days after the Effective Date, the funds in the Escrow Account shall be allocated and disbursed in the following manner:

a.   $100,000 shall be designated for incentive payments of $25,000 to each of the Named Plaintiffs:  Aljanal Carroll, Claudia Provost Charles, Tiffany Fair, and Tareion Fluker.

b.   The balance of the funds in the Escrow Account shall be distributed pro rata to Qualified Class Members based on the proportion of each Qualified Class Member's Excess Capstone Credits to the sum of all Qualified Class Members' Excess Capstone Credits, except that the amount otherwise due to any Qualified Class Member who received a *Thornhill* Payment shall be reduced by the amount of such Payment.

7.      If for any reason money remains in the Escrow Account or the Administration Costs Account one year after distribution of payments from the Escrow Account to Qualified Class Members, all such remaining money shall be donated to such non-profit organizations dedicated to the furtherance of the civil rights in higher education of Black people and women as Plaintiffs select at that time.

8.      All Taxes shall be paid out of the Administration Costs Account, shall be considered to be a cost of administration of the Settlement, and shall be timely paid by the Claims Administrator without prior order of the Court.

9.      The Claims Administrator shall be solely responsible for timely filing all informational and other tax returns necessary to report any net taxable income earned by the funds in the Escrow Account and shall timely file all informational and other tax returns necessary to report any income earned by the funds in the Escrow Account and shall be solely responsible for timely taking out of the funds in the Escrow Account, as and when legally required, any tax payments, including interest and penalties due on income earned by the funds in the Escrow Account.  All taxes (including any interest and penalties) due with respect to the income earned by the funds in the Escrow Account shall be paid from the Settlement Fund. Defendants shall have no responsibility to make any filings relating to the Settlement Fund and will have no responsibility to pay taxes on income earned by the Settlement Fund or pay any taxes on the Settlement Fund, unless the Settlement is not consummated and the Settlement Fund is returned.  In the event the Settlement is not consummated, Defendants shall be responsible for the payment of all taxes (including any interest or penalties) on said income.

10.      Within ten (10) days after the Claims Administrator has resolved all timely-filed written challenges, and prior to disbursement of the funds in the Escrow Account, the Claims Administrator shall estimate the Claims Administration Costs expected to be incurred to finalize implementation and administration of the Settlement.  Based on that estimation, Lead Plaintiffs' Counsel shall determine whether any remaining funds in the Administration Costs Account shall be dispersed to the Escrow Account for allocation to Qualified Class Members.

11.      Administration and implementation of the Escrow Account shall be the responsibility of the Claims Administrator.  Within twenty-one (21) days of the Effective Date or the date on which the Claims Administrator must make final determinations regarding the eligibility of Claimants pursuant to Sections IX and X, whichever is later, the Claims

10

Administrator shall make payments by, at the preference of each Class Member as set forth on Claim Forms, (a) mailing checks to the last known address of a Qualified Class Member, (b) making payment via Automated Clearing House transaction to the account provided by a Qualified Class Member, or (c) making payment via Venmo to the account provided by a Qualified Class Member; method (a) shall be utilized if no preference is given. The Claims Administrator shall use its best efforts to complete the disbursement of the Settlement Fund as expeditiously as possible.

12.    **Allocation of Attorneys' Fees Account:**  The Parties agree that Plaintiffs, the Settlement Class and Plaintiffs' Counsel are entitled to recover their reasonable attorneys' fees and costs that they have expended in this case in an amount of $7,125,000, based on the "Common Fund" doctrine. This amount is allocated from the total Settlement Fund and represents 25% of the Settlement Fund. This amount shall be paid into the Attorneys' Fees Account within ten (10) days following the Effective Date.

## IV. RELIEF PROVIDED BY THE SETTLEMENT

13.    In full, complete and final resolution of the claims asserted or that could have been asserted in the Civil Action, and subject to the satisfaction of all the terms and conditions of this Settlement Agreement, the Parties shall comply with the following provisions:

14.    **Monetary Relief:**  As provided in Section III, Defendants shall pay or cause to be paid $28,500,000 in settlement of the Civil Action.

15.    **Nonmonetary Relief:**  Defendants agree to the following undertakings as terms under this Settlement Agreement and consents to the jurisdiction of the Court for a period of four years following the Effective Date in the event of any alleged breach of this paragraph:

a.  <u>Website Disclosures and Verifications:</u>

 i.  Beginning 90 days following the date a final settlement is approved by the
Court, Walden will disclose the median time to complete the DBA program
and median cost to complete the DBA program based on historic data from
the preceding 3 years of graduates on the "Tuition and Fees" section of the
DBA Program website and in students' enrollment agreements.  Walden will
accompany the aforementioned disclosures with a statement that the
disclosures of median time to complete the DBA program and median cost to
complete the DBA program reflect only those students who graduate from the
program with a DBA degree and are not reflective of the entire DBA
enrollment population.  Additionally, such disclosures will be accompanied
with a statement that historical statistics may not be predictive or
representative of how long it will take individual students to complete their
degrees. [2]

 ii.  Beginning with the new academic year following the date a final settlement is
approved by the Court, Walden will disclose in each DBA student's
enrollment agreement that (i) completing the DBA program may require up to
8 years of enrollment and up to a specified amount of tuition and fees (revised
annually based on the cost of tuition), subject to tuition and fee increases; (ii)
students are not guaranteed to complete the program within 8 years of
enrollment; and (iii) students who reach the 8-year time-to-completion limit

---

[2] In the event that Walden cannot implement these disclosures within this 90-day period due to technological constraints, Walden will implement these disclosures at the beginning of the next full academic term following the 90-day period.

may be subject to dismissal from the program unless they obtain an extension, which is not guaranteed.[3]

    iii.  Beginning 90 days following the date a final settlement is approved by the Court (or, in the event of technological constraints that prevent Walden from implementing the disclosures set forth herein, at the beginning of the next full academic term following the 90-day period) and updated on an annual basis, the Associate President and Provost of Walden will sign a verification form, attached as Exhibit 5, verifying compliance with the disclosure provisions herein.  This verification will describe the data reviewed and certify the accuracy of the website and enrollment agreement disclosures described in Paragraphs 15(a)(i) and 15(a)(ii) above. Defendants will share the verification form with Plaintiffs' Counsel.

    iv.  Walden will maintain these disclosures and issue the accompanying verifications for a minimum period of 4 years from the date of implementation.

  b.  <u>Programmatic Changes</u>:

    i.  Eliminate University Research Reviewer ("URR") Role:  In addition to prospective programmatic changes Walden is making pursuant to paragraph 15(b)(ii), below, Plaintiffs acknowledge that Walden is implementing other programmatic changes to help students complete their DBA degree as

---

[3] In the event that Walden cannot implement these disclosures in enrollment agreements at the beginning of the next academic year due to technological constraints, Walden will issue the disclosures in a standalone electronic communication to newly enrolled students until such time as Walden has implemented the disclosures in enrollment agreements.  Walden shall implement these disclosures in enrollment agreements no later than the start of the second academic year following the date a final settlement is approved by the Court.

efficiently as possible.  For example, Walden eliminated the URR role in consideration of the issues raised in this litigation.  Under the prior policies for the DBA program, each dissertation committee was required to include a designated URR responsible for performing a quality control function throughout the capstone process.  Each committee member was required to independently approve a student submission of work for the student to progress to the next step in the capstone process.  Under a new policy, Walden has eliminated the URR role on the dissertation committee.  Presently, DBA dissertation committees are comprised of only two members—a committee chair and a second member—who are tasked with identifying content and methodology issues and are ultimately responsible for assuring the quality of the capstone study, which would help students complete the DBA program more efficiently.  Unless otherwise required by a government agency or accreditor, Walden will, as an element of this Settlement, maintain this programmatic change for a minimum of 4 years following the date a final settlement is approved by the Court.

ii. Other Programmatic Changes to Facilitate Completion of DBA Program:  In response to issues raised by Plaintiffs in this litigation, Walden represents that it is making certain programmatic changes intended to help students reduce the time and cost for completion of the DBA program, while still meeting Walden's academic standards. Changes will be made in consultation with, as appropriate, state regulators, Walden's accreditor, and the U.S. Department of Education.

**V. ORDER FOR NOTICE AND HEARING**

16.    Concurrently with submission of this Settlement Agreement, Plaintiffs shall submit to the Court an unopposed motion for entry of the Order for Notice and Hearing, requesting preliminary approval of the Settlement and certification of the Class; and authorization to disseminate Notice of such certification of the Class, of the Settlement, and of the final judgment contemplated by this Settlement Agreement to all known Class Members.

17.    Defendants agree to affirmatively support Plaintiffs' motion and agree that the relief sought by Plaintiffs' motion is fair and adequate, and that the Court should grant it in its entirety.

**VI. ADMINISTRATION OF NOTICE**

18.    Except as set forth in paragraph 30 regarding Class Members who received *Thornhill* Payments, within five (5) days after the date of entry of the Order for Notice and Hearing, Defendants shall prepare and deliver an Excel spreadsheet to the Claims Administrator containing the names, last known addresses, last known telephone numbers, last known email addresses, and dates of attendance of all potential Class Members ("Class Intake List"). Defendants shall simultaneously provide a copy of the spreadsheet to Lead Plaintiffs' Counsel.

19.    The Claims Administrator shall conduct a trace using LexisNexis and the National Change of Address registry to determine, to the best extent possible and using its discretion, the most likely current address of each individual on the Class Intake List.

20.    Within twenty-one (21) days after the date of entry of the Order for Notice and Hearing, the Claims Administrator shall cause a Notice substantially in the form of Exhibit 2 to be distributed via first class mail, email, and text to the most recent contact information for the

individuals on the Class Intake List, to the extent mailing addresses, email addresses, and mobile phone numbers are available.

21.     Within twenty-one (21) days after the date of entry of the Order for Notice and Hearing, or as soon thereafter as publication schedules permit, the Claims Administrator shall cause the Notice to be published, substantially in the form of Exhibit 2, on a website dedicated to the Settlement ("Settlement Website").

22.     In accordance with FERPA implementing regulation 34 C.F.R. § 99.31(a)(9)(i), the Notice shall inform each potential Class Member that Walden, pursuant to the Court's preliminary approval of the Settlement, intends to disclose to the Claims Administrator and Lead Plaintiffs' Counsel the following additional information for each person on the Class Intake List unless the person objects within thirty (30) days: social security number, number of capstone credits completed as of the date the Order for Notice and Hearing is entered, and number of capstone credits required by Walden's Course Catalog in effect as of the person's DBA program start date. The Notice shall also state that a person who objects to the disclosure of this information will be deemed to have opted out of the proposed Settlement.

23.     The Order for Notice and Hearing will order Walden to supplement the Class Intake List with the information set forth in the immediately preceding paragraph fifty (50) days after the Notice is distributed, except as to any person who objects to such supplemental disclosure.

24.     No later than the earlier of the date on which the Claims Administrator first distributes the Notices or causes it to be published on the Settlement Website, the Claims Administrator shall maintain and staff with live persons a toll free "800" line to receive calls from Class Members between the hours of 9:00 a.m. and 7:00 p.m. (Eastern Standard Time),

Mondays through Fridays. At all other times, the line shall be answered by a voicemail message recording device. These hours of telephone coverage shall be subject to revision and modification upon agreement of the Plaintiffs and Defendants based on the recommendation of the Claims Administrator. The live persons staffing the "800" line shall be trained to provide information consistent with the Notice, and the voicemail message shall use language agreed upon by Plaintiffs and Defendants.

25.     For each Notice mailed to a person on the Class Intake List and returned as undeliverable, the Claims Administrator shall, within ten (10) days after receipt of the undeliverable Notice, re-mail the Notice to any additional address obtained for such Class Member that the Claims Administrator, in its discretion, determines is reasonably likely to be the current address of such Class Member. The Claims Administrator will take comparable steps with respect to phone numbers and email addresses it determines are not accurate. The Order for Notice and Hearing shall specify that, for any person to whom Notice is redistributed in accordance with this paragraph, the thirty- to thirty-five-day period before Walden supplements the Class Intake List shall be reset to begin on the date of redistribution.

26.     Class Members who wish to present objections to the proposed Settlement must do so in writing as specified by the procedure in the Notice. Written objections must be mailed and postmarked no later than seventy-seven (77) days after entry of the Order for Notice and Hearing to the United States District Court for the District of Maryland, 101 West Lombard Street Chambers 5B, Baltimore, MD 21201, and to Lead Plaintiffs' Counsel and Defense Counsel. In the event the Claims Administrator receives a written objection, within five (5) days of receipt, the Claims Administrator shall serve copies on Lead Plaintiffs' Counsel, who will

electronically file the written objection with the Court and cause the written objections to be served electronically on Defense Counsel contemporaneously therewith.

27.    Class Members who wish to opt out of the proposed Settlement must do so in writing as specified by the procedure in the Notice.  Requests to opt out of the proposed Settlement must be received by the Claims Administrator within sixty-three (63) days after entry of the Order for Notice and Hearing.  The Claims Administrator shall determine whether a Class Member has timely satisfied the procedure set forth in the Notice.  Any person deemed to have opted out in accordance with paragraph 22 will also be deemed to have timely satisfied the procedure set forth in the Notice.  Within three (3) days of receipt of an opt-out, the Claims Administrator shall serve copies on Lead Plaintiffs' Counsel and Defense Counsel.

28.    Any Class Member who exercises the right to opt out of the proposed Settlement shall have a right to rescind his or her opt-out by following the procedure specified in the Notice. Opt-out rescissions must be received by the Claims Administrator within seventy-seven (77) days after the entry of the Order for Notice and Hearing.  The Claims Administrator shall determine whether a Class Member has timely satisfied the procedure set forth in the Notice. The parties agree that it would be appropriate and beneficial for the Court, through the offices of a Magistrate Judge or otherwise, to communicate with opt-outs prior to the rescission deadline regarding their decision to opt out.

29.    Within eighty-two (82) days after entry of the Order for Notice and Hearing, the Claims Administrator shall serve all requests to opt out of the proposed Settlement that have not been rescinded and an inventory listing the requests to opt out that have not been rescinded on Lead Plaintiffs' Counsel and Defense Counsel.  The Claims Administrator shall retain copies of

all requests to opt out and rescissions in its files until such time as it is relieved of all duties and responsibilities under this Settlement Agreement.

30.    Potential Class Members who received a *Thornhill* Payment will not be included on the initial Class Intake List.  Walden shall instead, within five (5) days of entry of the Order for Notice and Hearing, send those students requests to waive confidentiality with respect to settlement of *Thornhill* litigation for the sole purpose of allowing Walden to disclose their names and the amount of their *Thornhill* Payment so they may participate in this Settlement.  Within five (5) days of receipt of a waiver from a recipient of a *Thornhill* Payment, Walden will supplement the Class Intake List with their name, the other information specified in paragraph 18, and the amount of their *Thornhill* Payment.  Any potential Class Member who received a *Thornhill* Payment but does not timely provide a waiver to Walden shall be excluded from the Class and shall not be a Class Member, notwithstanding the definitions herein of "Class" and "Class Member."

## VII. TERMS AND ORDER OF FINAL JUDGMENT

31.    Within eighty-four (84) days after the date of entry of the Order for Notice and Hearing, Plaintiffs shall move the Court to enter an Order and Final Judgment substantially in the form attached hereto as Exhibit 3 and shall file a memorandum addressing any timely-filed written objections to the Settlement.

32.    Defendants agree to affirmatively support Plaintiffs' request and agree that the relief requested by Plaintiffs is fair and adequate and that the Court should grant Plaintiffs' motion in its entirety.

33.    The proposed Order and Final Judgment shall provide for the following:

a.    Approval of the final Settlement of the claims asserted or that could have been asserted in the Civil Action arising, in whole or in part, from the facts asserted in the Civil Action, including incentive awards to the named Plaintiffs, adjudging the Settlement to be fair, reasonable and adequate, directing consummation of the terms and provisions of the Settlement Agreement, and requiring the Parties to take the necessary steps to effectuate its terms and provisions;

b.    Dismissal with prejudice of the claims of Plaintiffs and the Class in the Civil Action, whether asserted directly, individually or in a representative or derivative capacity, and without additional costs or expenses to any party other than as provided for in this Settlement Agreement;

c.    A list of all members of the Class who have timely opted out of the Class and have not rescinded their opt out;

d.    To the extent permitted by law, a permanent injunction barring each and every Class Member who has not opted out of the Class from asserting, either directly, individually, or in a representative or derivative capacity, any Released Claim, defined at paragraph 52, against Defendants; and

e.    The Parties' submission to, and the Court's continuing retention of, exclusive jurisdiction over this matter for the purposes of effectuating and supervising the enforcement, interpretation or implementation of this Settlement and the judgment entered thereon, and resolving any disputes that may arise hereunder.

f.    That on the Effective Date, all Class Members who have not opted-out of the class shall be bound by this Settlement Agreement and by the Order and Final Judgment.

## VIII. DISTRIBUTION OF CLAIM FORMS

34.     Within five (5) days of entry of the Order and Final Judgement and in the same manner that the Notice is distributed, as described in paragraph 20, the Claims Administrator shall distribute a Claim Form and instructions, substantially in the form of Exhibit 1, to each individual on the Class Intake List, as updated by the Claims Administrator to reflect the results of any determinations made regarding current contact information of Class Members, except any who have opted out of the Settlement or failed to return a confidentiality waiver in connection with the *Thornhill* litigation.

35.     The Claims Administrator shall further be responsible for mailing Claim Forms to all potential Claimants who request such forms within seven (7) days after receiving such request, and for serving as a repository for the receipt of Claim Forms upon their return by all Claimants.

36.     Within seven (7) days of receiving each Claim Form, the Claims Administrator shall initially review each Claim Form received and determine if the form is complete and timely and properly signed, unless the volume of submissions at any time renders such deadline impracticable, in which case the Claims Administrator shall issue such determinations as soon as reasonably practicable.

37.     In the event that the Claims Administrator determines that a Claimant is not eligible to participate in the Settlement Fund, the Claims Administrator shall send the Claimant a written notice that states the reason(s) for the determination.  This notice shall be sent to the Claimant via the Claimant's preferred method of communication (first class mail, postage prepaid; email; or text) as indicated on the submitted Claim form, and shall inform the rejected Claimant of his or her right to challenge the determination, as well as the procedures for doing

so.  To file a challenge, a rejected Claimant must notify the Claims Administrator in writing of his or her desire to challenge the determination.  The written challenge must be postmarked or submitted via the Settlement Website no later than twenty-one (21) days after the date of the Claims Administrator's letter notifying the Claimant of the adverse determination.  Written challenges postmarked or submitted after the twenty-one (21) day time period shall be deemed waived, regardless of whether the Claimant received the notice finding the Claimant not eligible to participate in the Settlement Fund.

38.    Within seven (7) days of receiving a timely written challenge by a rejected Claimant, the Claims Administrator must determine whether the Claimant is eligible to participate in the Settlement Fund, unless the volume of submissions at any time renders such deadline impracticable, in which case the Claims Administrator shall issue such determinations as soon as reasonably practicable.  In the event that a rejected Claimant submits a timely written challenge to the determination made by the Claims Administrator, and the Claims Administrator determines that the Claimant is eligible, the Claims Administrator shall process the Claimant's Claim Form accordingly.

39.    In the event that a rejected Claimant submits a timely written challenge to the determination made by the Claims Administrator, and the Claims Administrator determines that the Claimant is not eligible, the Claims Administrator's determination will be regarded as final, the Claimant will not be eligible to receive payment from the Settlement, and the Claims Administrator shall send notice of its determination to the Claimant.

40.    In the event that Plaintiffs' Counsel, Defendants, or Defense Counsel receives requests from potential Claimants for Claim Forms, a list of such requests shall be maintained by the recipient and each request shall be transmitted within five (5) days to the Claims

Administrator, who shall retain sole responsibility for the distribution and receipt of all Claim

Forms, as well as for the return and tracing of all incomplete Claim Forms.

      41.    In the event that Plaintiffs' Counsel, Defendants, or Defense Counsel receives

submissions of Claim Forms from Claimants, those submissions shall be recorded and

transmitted within five (5) days to the Claims Administrator, who shall retain sole responsibility

for the distribution and receipt of all Claim Forms, as well as for the return and tracing of all

incomplete Claim Forms.

      42.    The Claims Administrator shall, on a periodic basis, submit reports of its activities

upon request by Lead Plaintiffs' Counsel or Defense Counsel.  Upon the request of Lead

Plaintiffs' Counsel or Defense Counsel, the Claims Administrator shall provide copies of Claim

Forms, rejected claim data, and any and all other documents or information related to the claims

procedure.

## IX. ELIGIBLE CLASS MEMBERS

      43.    For all persons other than the named Plaintiffs, eligibility to receive payment from

the Fund shall be contingent upon:

      a.  Submission of a completed Claim Form, *see* Exhibit 1, signed under oath pursuant
to the requirements of 28 U.S.C. § 1746 and postmarked no later than ninety (90)
days after the date of entry of the Order and Final Judgment (unless such period is
extended by Order of the Court);

      b.  A determination by the Claims Administrator that the person meets the Class
definition; and,

      c.  A determination that the person has not opted out of the lawsuit.

      44.    All Claim Forms must be submitted within ninety (90) days of the date of entry of

the Order and Final Judgment, unless such period is extended by Order of the Court.  Any Class

Member who fails to submit a Claim Form by such date, excluding individuals who opt out of

the Settlement, shall be forever barred from receiving any payment pursuant to this Settlement Agreement (unless, by Order of the Court, a later submitted Claim Form by such Class Member is approved), but shall in all other respects be bound by all of the terms of this Settlement Agreement and the Settlement including the terms of the Order and Final Judgment to be entered in the Civil Action and the releases provided for herein, and will be barred from bringing any action against the Released Persons concerning the Released Claims. The date on which a Claim Form shall be deemed to have been submitted shall be determined in accordance with paragraph 75.

45.    Each Claimant must submit his or her own Claim Form. A parent, legal guardian, conservator, or next friend may complete and sign a Claim Form on behalf of a minor, a person adjudicated legally or mentally incapacitated or incompetent in accordance with state law, or a person who is found by his physician to be medically incapable of contracting.

46.    It shall be the responsibility of the Claims Administrator to determine a Claimant's eligibility to receive a monetary share of the Settlement Fund. Plaintiffs and Defendants stipulate and agree that they will not challenge any determination made by the Claims Administrator concerning a Claimant's eligibility to receive a monetary award from the Settlement Fund. For Claimants who are not on the Class Intake List, the Class Administrator shall make its determination on the basis of any documents submitted by the Claimant in support of a Claim Form and any relevant records obtained from Defendants. In no instance will a completed and signed timely Claim Form from a Claimant who is not on the Class Intake List be sufficient by itself to establish eligibility.

47.    The Claims Administrator shall have the right, but not the obligation, to waive what it deems to be formal or technical defects in any Claim Form submitted, or to utilize an

24

excusable neglect standard with respect to deadlines, in the interests of achieving substantial justice.

## X. DISPUTE RESOLUTION PROCEDURES

48.    The Parties recognize that questions may arise as to whether the Parties are fulfilling their obligations as set forth herein.  In the spirit of common purpose and cooperation that occasioned this Settlement Agreement, the Parties agree to the following.

49.    If differences arise between any of the Parties with respect to the Parties' compliance with, interpretation of, or implementation of the terms of this Settlement Agreement, good faith efforts shall be made by the Parties to resolve such differences promptly in accordance with the following Dispute Resolution Procedure.

50.    If one party believes an issue must be resolved, it shall promptly notify the other parties in writing of the issue and the facts and circumstances relied upon in asserting its position.  The parties notified of the issue shall be given a reasonable period of time (not to exceed fifteen (15) days) to review the facts and circumstances and to provide the party raising the issue with its written position including the facts and circumstances upon which it relies in asserting its position.  Within a reasonable period of time thereafter (not to exceed fifteen (15) days), the Parties shall meet, by telephone or in person, and attempt in good faith to resolve the issue informally.  If the parties do not resolve the dispute during the meeting, the complaining party shall notify the other parties in writing of its written position regarding any outstanding issues following the first meeting.  The other parties notified of the outstanding issues shall be given a reasonable period of time (not to exceed seven (7) days) to review the complaining party's written position and provide the complaining party with its written position in response.  Within a reasonable period of time thereafter (not to exceed seven (7) days), the Parties shall

meet for a second time, by telephone or in person, and attempt in good faith to resolve the outstanding issues informally. If a party believes that resolution cannot be achieved following two meetings to discuss the dispute, the party shall promptly notify the other parties in writing that it is terminating discussions, and shall specify its final position with regard to resolving the dispute. The notifying party may then petition the Court for relief.

51.    Nothing in this Section shall prevent any party from promptly bringing an issue before the Court when the facts and circumstances require immediate court action. The moving party's papers shall explain the facts and circumstances that necessitate court action and the reasons why the moving party did not attempt to resolve the dispute in good faith informally prior to bringing the issue before the Court. If any party brings a matter before the Court requiring court action, the opposing party shall be provided with appropriate notice under the Local Rules of the United States District Court for the District of Maryland and the Federal Rules of Civil Procedure.

## XI. SCOPE AND EFFECT OF SETTLEMENT

52.    Upon approval of a final Settlement Agreement, all Settlement Class Members other than those who have opted out of the Settlement Class shall be deemed to have fully, finally and forever, released, acquitted and discharged Defendants and each of their predecessors, successors, past and present officers, directors, trustees, partners, shareholders, employees, agents, attorneys, accountants, Insurers, co-Insurers, re-Insurers, parents, affiliates and subsidiary companies, and the assigns and heirs of each of them (hereinafter collectively referred to as the "Released Persons") from any and all claims and causes of action whatsoever at law or equity, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden that could have been asserted, have been asserted, or are now

26

pending on behalf of any Named Plaintiff or Settlement Class Member arising in whole or part from the facts that Plaintiffs or the Settlement Class have asserted in the above-referenced action, including but not limited to representations regarding the DBA program, the cost of the DBA program, the time to complete the DBA program, the number of credits taken during the DBA program, processes and procedures related to the DBA program, outcomes from the DBA program, or educational experiences during the DBA program, and including all such claims any Settlement Class Members have raised or might have raised now or in the future, from the beginning of time to the date of a final Settlement Agreement.  (All of the foregoing is defined as "Released Claims.")  This release shall also apply to any and all of Walden's present or past executives, employees, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, managers, members, attorneys, accountants, financial and other advisors, investment bankers, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, companies, firms, trusts, corporations, administrators, predecessors, successors, assigns, parent companies, predecessor parent companies, predecessor affiliates, subsidiaries, agents, associates, affiliates, divisions, and holding companies.  Nothing in this release or any related Settlement Agreement shall be construed to prevent a Settlement Class Member from filing a Borrower Defense Application with the United States Department of Education.

53.     Upon approval of a final Settlement Agreement, the Named Plaintiffs and all Settlement Class Members who do not opt out, and their attorneys, shall be completely released, acquitted, and forever discharged from any and all claims, demands, actions, suits and causes of action, whether class, individual or otherwise in nature, that the Defendants ever had, now have, or hereafter can, shall, or may have on account of, or in any way arising out of, any and all

known and unknown, foreseen and unforeseen, suspected or unsuspected injuries or damages, and the consequences thereof, in any way arising in whole or in part out of, or resulting from, the facts that Plaintiffs or the Settlement Class have asserted in the above-referenced action or their prosecution thereof, including all such claims Defendants have raised or might have raised now or in the future, from the beginning of time to the date of a final Settlement Agreement, except that this release shall not apply in any way to (a) any federally or state guaranteed student loan obligation outstanding or any obligation owed to a third-party lending institution, and (b) any liability for tuition or an application fee owed to Defendants by a Settlement Class Member.

54.    The releases set forth in this Section shall not encompass or be deemed to impair any claims that may arise out of the implementation of this Settlement Agreement.

55.    The provisions of this Settlement Agreement are not intended to eliminate or terminate any rights otherwise available to Plaintiffs or Class Members for acts by Defendants occurring after the date of a final Settlement Agreement, nor are intended to eliminate or terminate any rights otherwise available to Defendants for acts by Plaintiffs or Class Members occurring after the date of a final Settlement Agreement.

## XII. GENERAL PROVISIONS

56.    The Effective Date of Settlement shall be the date when all of the following shall have occurred:

a.    entry by the Court of the Order for Notice and Hearing in all material respects in the form attached hereto as Exhibit 4;

b.    final approval by the Court of the Settlement Agreement and Settlement, following Notice to the Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure; and

      c.      entry by the Court of an Order and Final Judgment, in all material respects in the form set forth in Exhibit 3 attached hereto, and the expiration of any time for appeal or review of such Order and Final Judgment, or, if any appeal is filed and not dismissed, after such Order and Final Judgment is upheld on appeal in all material respects and is no longer subject to review upon appeal or review by writ of certiorari, or, in the event that the Court enters an order and final judgment in the form other than that provided above ("Alternative Judgment") and none of the Parties hereto elect to terminate the Settlement Agreement and Settlement, the date that such Alternative Judgment becomes final and no longer subject to appeal or review.

57.     On the date that the Parties have executed this Settlement Agreement, the Parties shall be bound by its terms, and this Settlement Agreement shall not be rescinded except in accordance with paragraphs 61 and 62.

58.     After the Court has preliminarily approved this Settlement Agreement and before the Court issues an Order and Final Judgment approving this Settlement Agreement, disbursements of reasonable Claims Administration Costs may be made from the Administrative Costs Account as set forth in paragraph 4(c).  Only those amounts described in this paragraph shall not be refundable to Defendants in the event the Settlement Agreement is disapproved, voided, or otherwise fails to become final.

59.     Funds in the Escrow Account shall be invested in obligations guaranteed by the United States Government or its agencies or in a mutual fund investing solely in obligations guaranteed by the United States Government or its agencies.  Funds in the Administrative Costs Account may be deposited in a federally insured bank account.  Interest will accrue to the Class and remain part of the Settlement Fund, subject to the provisions of paragraphs 61 and 62.

60.     In no event shall Plaintiffs, Defendants, or their counsel have any responsibility, financial obligation, or liability whatsoever with respect to the investment, distribution, or administration of the Settlement Fund, including, but not limited to, the costs and expenses of such distribution and administration, except as expressly otherwise provided in this Settlement Agreement.

61.     If the Court does not approve this Settlement Agreement or any part thereof, or if such approval is materially modified or set aside on appeal, or if the Court does not enter the Order and Final Judgment as provided in this Settlement Agreement, or if the Court enters the Order and Final Judgment and appellate review is sought, and following appellate review, such Order and Final Judgment is not ultimately affirmed upon exhaustion of the judicial process, then Defendants and Plaintiffs shall each, in their sole discretion, have the option to rescind this Settlement Agreement in its entirety, and any and all parts of the Settlement Fund, inclusive of interest accrued, shall be returned forthwith to Defendants, less only such disbursements of reasonable Claims Administration Costs made from the Administrative Costs Account as set forth in paragraph 4(c).  A modification of the proposed order with regard to its provisions for attorneys' fees or incentive awards, or a modification or reversal on appeal of any amount of Plaintiffs' Counsel's fees and expenses awarded by the Court from the Settlement Fund shall not be deemed a modification of all or a part of the terms of this Settlement Agreement or such Order and Final Judgment.

62.     If, after the final date on which written objections and requests to opt out of the Settlement must be received, more than 5% of individuals who qualify for the Settlement Class timely and validly opt out of the Settlement, Defendants reserve the right to withdraw from the Settlement of this action, within seven (7) days after the conclusion of the final date on which

written objections and opt-out rescissions must be received. To invoke this right, Defendants

must file with the Court a document entitled "Notice of Nullification of Settlement Agreement."

Persons who fail to return a confidentiality waiver in connection with the *Thornhill* litigation

shall not be included the determination of whether the 5% threshold is exceeded.

63. Defendants and Plaintiffs expressly reserve all of their rights if the Settlement

Agreement does not become finally approved or if it is rescinded by the Plaintiffs or Defendants

under paragraphs 61 and 62. Further, and in any event, Plaintiffs and Defendants agree that this

Settlement Agreement, whether or not it is finally approved by the Court and whether or not

Plaintiffs or Defendants elect to rescind it under paragraphs 61 and 62, and any and all

negotiations, documents, and discussions associated with it, shall not be deemed or construed to

be an admission or evidence of any violation of any statute, rule, regulation or law, or of any

liability or wrongdoing by Defendants, or of the truth of any of the claims or allegations in this

Civil Action, or as a concession by the Plaintiffs of any infirmity or weakness in their claims

against Defendants, and evidence thereof shall not be discoverable or used directly or indirectly,

in any way, whether in the Civil Action or in any other action or proceeding.

64. The United States District Court for the District of Maryland, through the Judge

assigned to the Civil Action, shall retain exclusive jurisdiction over the implementation,

enforcement, and performance of this Settlement Agreement, and shall have exclusive

jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this

Settlement Agreement or the applicability of this Settlement Agreement that cannot be resolved

by negotiation and agreement by Plaintiffs, any Class Member, and Defendants. This Settlement

Agreement shall be governed by and interpreted according to the substantive laws of the State of

Maryland without regard to its choice of law or conflict of laws principles.

65.     Defendants agree to cooperate with Plaintiffs by providing to the Claims Administrator documents and electronic information required to facilitate Notice to the Class, eligibility determinations, and allocation and distribution of the fund to Qualified Class Members.  In addition to the information identified in paragraphs 18, 23, and 30, Defendants agree to conduct a reasonable search for documents and information in Defendants' possession, custody, or control that the Claims Administrator believes are necessary to process any claim or resolve any dispute.

66.     This Settlement Agreement constitutes the entire agreement among Plaintiffs and Defendants pertaining to the Settlement of the Civil Action and supersedes any and all prior and contemporaneous undertakings of Plaintiffs and Defendants in connection therewith.  This Settlement Agreement may be modified or amended only by a writing executed by Plaintiffs and Defendants and approved by the Court.

67.     This Settlement Agreement may be executed in counterparts by Plaintiffs and Defendants.

68.     Neither Defendants nor Plaintiffs, nor any of them, shall be considered the drafter of this Settlement Agreement or any of its provisions for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter of this Settlement Agreement.

69.     Nothing expressed or implied in this Settlement Agreement is intended to or shall be construed to confer upon or give any person or entity other than Plaintiffs, Class Members, Defendants, and those giving or receiving releases, any right or remedy under or by reason of this Settlement Agreement.

70.    This Settlement Agreement and its exhibits, along with all related drafts, motions, pleadings, conversations, negotiations, and correspondence, shall be considered a compromise within the meaning of Federal Rule of Evidence 408, and any equivalent rule of evidence or procedure of any state, including the State of Maryland, and, except as permitted in paragraph 71, shall not (i) constitute, be construed, be offered, or received into evidence as an admission of the validity of any claim or defense, or the truth of any fact alleged or other allegation in the Class Action, or in any other pending or subsequently filed action, or of any wrongdoing, fault, violation of law, or liability of any kind on the part of any party hereto, or as a concession by the Plaintiffs of any infirmity or weakness in their claims against Defendant; or (ii) be used to establish a waiver of any defense or right, or to establish or contest jurisdiction or venue.

71.    This Settlement Agreement, and any orders, pleadings or other documents entered in furtherance of the Settlement, may be offered or received in evidence solely (i) to enforce the terms and provisions hereof or thereof, or (ii) to obtain Court approval of the Settlement.

72.    The undersigned counsel represent that they are authorized to enter into this Settlement Agreement on behalf of the Parties they represent, and, on behalf of themselves and the Parties they represent, hereby agree to use their best efforts to obtain all approvals necessary and to do all other things necessary or helpful to effectuate the implementation of this Settlement Agreement according to its terms, including the exchange of documents and materials needed for the purpose of providing the Notice and conducting any hearing, and to satisfy the material conditions of this Settlement Agreement.

73.    Time periods set forth in days herein shall be computed in accordance with Federal Rule of Civil Procedure 6.

74.    Deadlines set forth herein may be modified by order of the Court.

33

75.    The date of submission of any document submitted in connection with this Agreement shall be determined as follows:

(a)  Mail:  Considered submitted on the postmark date.

(b)  Overnight Delivery:  Considered submitted on the date delivered to the carrier.

(c)  Facsimile:  Considered submitted on the transmission date at the local time of the submitting party.

(d)  Email:  Considered submitted on the date emailed at the local time of the submitting party.

(e)  Text:  Considered submitted on the date texted at the local time of the submitting party.

(f)  Other Delivery or any situation where the governing date applicable to a category above cannot be determined:  Considered submitted on the date of receipt.

The date of submission of documents submitted to Plaintiffs' Counsel, Defense Counsel, Defendants, or the Court rather than to the Claims Administrator shall be determined under the same criteria; to the extent subparagraph (f) applies in such circumstance, receipt by such party shall control.

### XIII. NOTICE UNDER THE CLASS ACTION FAIRNESS ACT

76.    The Class Action Fairness Act of 2005 ("CAFA") requires Defendants to inform certain federal and state officials about this Settlement.  *See* 28 U.S.C. § 1715.

77.    Under the provisions of CAFA, Defendants will serve notice on the appropriate officials within ten (10) days after the Parties file the Settlement Agreement with the Court.  *See* 28 U.S.C. 1715(b).

34

The Parties consent to this Settlement Agreement as indicated by the signatures of counsel below:

      For Aljanal Carroll, Claudia Provost Charles, Tiffany Fair, and Tareion Fluker, individually and on behalf of all others similarly situated:

                                      _____
Tara Ramchandani
RELMAN COLFAX PLLC
1225 19th Street, NW
Suite 600
Washington, DC 20036
(202) 728-1888
(202) 728-0848 (fax)

*Attorney for Plaintiffs*

Date: ___3/22/2024_____


      For Defendants Walden University, LLC and Walden e-Learning, LLC:


                                        _____
Caitlin E. Dahl
Latham and Watkins LLP
330 North Wabash Avenue Ste 2800
Chicago, IL 60611
312-876-7700
Fax: 312-993-9767
caitlin.dahl@lw.com

*Attorney for Defendants*

Date: March 22, 2024

35

**Settlement Agreement:  Exhibit 1 (Claim Form)**

<u>**INSTRUCTIONS**</u>

**READ ALL INSTRUCTIONS CAREFULLY BEFORE FILLING OUT THE CLAIM FORM**

1. Fill in all blank spaces in the claim form with clearly printed or typed information.

2. You must sign and date the claim form.

3. By signing your claim form, you are declaring under penalty of perjury that the information provided is true and correct. Please understand that you could be subject to criminal penalties for submitting any false information on your form.

4. If you have any questions about this form, contact the Claims Administrator at _____@ssiclaims.com or (___) ___-____. There is no fee for any service or assistance provided by the Claims Administrator. **DO NOT CONTACT THE COURT OR THE CLERK OF THE COURT.**

5. Complete your claim form at www. _____, or mail your signed and completed claim form using the enclosed pre-addressed, stamped envelope, by **[DATE]**. If you do not have the pre-addressed, stamped envelope, you may mail your signed and completed claim form to: Carroll v. Walden University, LLC Claims Administrator, c/o Settlement Services, Inc., PO Box 10269, Tallahassee, FL, 32302-2269 to: **YOUR CLAIM FORM MUST BE SUBMITTED ONLINE OR POSTMARKED ON OR BEFORE [DATE]. LATE CLAIM FORMS WILL NOT BE CONSIDERED.**

6. If your email address or mailing address changes at any time, mail your new address to the Claims Administrator at the address above or update it at www._____/_____. Any change of address must be in writing and include your signature.

7. You do not need an attorney to help you submit a claim form. If you do wish to consult an attorney, however, you may do so at your own expense.

8. Please keep a copy of the completed form for your records.

9. If you believe that you took more or less capstone credits than indicated on the materials provided to you, you may submit documents to support that claim. Any documents you submit to show that you took a different number of capstone credits at Walden than indicated on the materials provided to you will be considered in determining the amount of any monetary payment you are eligible to receive. Examples of such documents include, but are not limited to:

    a. Transcripts from Walden;

    b. Signed Walden enrollment agreements;

    c. Walden certificate of completion;

    d. Cancelled checks or other documents showing payment to Walden; or

    e. Emails of letters from or to Walden.

    If you do not dispute the number capstone credits that you took, you do not need to submit any documents other than a completed claim form.

# WALDEN UNIVERSITY CLASS ACTION CLAIM FORM

*Aljanal Carroll, et al. v. Walden University, LLC, et al.*
*Case No. 1:22-cv-00051-JRR*

FULL NAME:_____    [pre-filled]_____
                          Last                    First                    Middle

STREET ADDRESS: ____[pre-filled]_____
                          Street No.                Street Name            Apt. No.

CITY:__ ____[pre-filled]_____    STATE:_ ____[pre-filled]____    ZIP CODE:_ ____[pre-filled]__

TELEPHONE:  (____)_____        (____)_____
                          Mobile                    Other (please specify)

EMAIL ADDRESS: _____

SOCIAL SECURITY #:_____    DATE OF BIRTH: _____

PREFERRED METHOD OF COMMUNICATION (select one):  mail    email    text

Were you enrolled in Walden University's Doctor of Business Administration program, or did you begin classes in the program, between August 1, 2008, and January 31, 2018? (check one):

Yes _____                    No _____

Is _[pre-filled]__ the correct number of capstone credits you completed in connection with Walden University's Doctor of Business Administration program between [DATE] and [DATE]?

Yes _____                    No _____

If you answered "No," what is the correct number? _____.  You are encouraged to submit documentation to support your answer.

If you answered "Yes," no supporting documentation should be submitted.

I declare under penalty of perjury that the foregoing is true and correct. I understand that I could be subject to criminal penalties for submitting any false information on this claim form.

_____
Signature

Executed on_____
              (today's date)

**IF SUBMITTING BY MAIL, SEND THIS FORM TO:**

**Carroll v. Walden University, LLC Claims Administrator**
**c/o Settlement Services, Inc.**
**PO Box 10269**
**Tallahassee, FL, 32302-2269**

**THIS CLAIM FORM MUST BE POSTMARKED ON OR BEFORE [DATE]**

**LATE CLAIM FORMS WILL NOT BE CONSIDERED**

**Settlement Agreement:  Exhibit 2 (Notice)**

# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

ALJANAL CARROLL, et al.,

     Plaintiffs,

       v.

WALDEN UNIVERSITY, LLC., et al.,

     Defendants.

Case No. 1:22-cv-00051-JRR

**THIS NOTICE MAY AFFECT YOUR RIGHTS. PLEASE READ IT CAREFULLY.**

**TO: Black and Female students who were enrolled in the Doctor of Business Administration program at Walden University from August 1, 2008 to January 31, 2018.**

<u>THIS IS A COURT-ORDERED NOTICE.</u>
<u>THIS IS NOT A SOLICITATION FROM A LAWYER.</u>

This Notice of Settlement and Fairness Hearing is to inform you of a proposed Settlement that has been reached in a class action lawsuit brought by four Black and female students ("Plaintiffs") who enrolled in the Doctor of Business Administration program ("DBA") at Walden University ("Walden University," "Walden," or "Defendants") from August 1, 2008 to January 31, 2018 on behalf of a class of similarly situated individuals that meet certain criteria ("Class Member(s)," as explained further in Question 8 below). The proposed settlement, if granted final approval by the Court (the "Settlement"), will result in the creation of a fund of $28,500,000 (the "Settlement Fund") to pay Plaintiff Class Members' claims, the Plaintiffs'' attorneys ("Class Counsel"), and certain administrative costs **If you are a Class Member, you are eligible to receive a share of the Settlement Fund.** The proposed Settlement also requires Walden University to adopt certain policy changes.

<u>IF THIS NOTICE IS ADDRESSED TO YOU, YOU HAVE BEEN IDENTIFIED AS A POTENTIAL CLASS MEMBER.</u> As a Class Member, you have the right to know about this Settlement and how this Settlement may generally affect your legal rights. This notice describes the lawsuit, the Settlement, the legal rights of all Class Members, and the applicable deadlines. Your options are explained in this notice and summarized in the following chart:

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT | |
|---|---|
| **PARTICIPATE IN THE SETTLEMENT** | To participate in the Settlement, you must submit a "Claim Form." Submitting a Claim |

|  | Form is the only way that you can receive a share of the Settlement Fund. A Claim Form will be sent to you after the Court grants final approval of the Settlement. You are not required to retain your own attorney to file a Claim Form, and you will not be required to pay any money for the services of Plaintiffs' Counsel. |
|---|---|
| **OPT OUT OF THE SETTLEMENT** | If you opt out of the Settlement, you will not be eligible to receive a share of the Settlement Fund. |
| **OBJECT** | You have the right to object to the proposed Settlement. To do so, you must submit a written objection to the Court, as described more fully in this notice. You cannot object to the Settlement unless you are a Class Member and you do not opt out of the Settlement. |
| **DO NOTHING** | If you are a Class Member and do not submit a Claim Form, you will not be eligible to receive a share of the Settlement Fund. You will, however, remain a Class Member, which means that you will be bound by any judgments or orders entered by the Court in this lawsuit. |

# WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION**......................................................................................................**4**

    **1.**    **Why did I get this notice?**......................................................................4

    **2.**    **What is this lawsuit about?**....................................................................4

    **3.**    **What is a class action and who is involved?**.........................................4

**THE CLAIMS IN THIS LAWSUIT**....................................................................................**4**

    **4.**    **What does this lawsuit complaint about?**.............................................4

    **5.**    **How do the Defendants answer?**...........................................................5

    **6.**    **What does the lawsuit ask for?**.............................................................5

    **7.**    **What has the Court decided?**................................................................5

**WHO IS IN THE CLASS?**..................................................................................................**5**

    **8.**    **Am I part of this class?**........................................................................5

    **9.**    **Who are the Class Representatives?**....................................................6

**SUMMARY OF PROPOSED SETTLEMENT AGREEMENT**........................................**6**

    **10.**    **How much money will be paid to class members?**...............................6

    **11.**    **How much money will be paid to Class Counsel?**...............................7

    **12.**    **How will the rest of the money be used?**.............................................7

    **13.**    **What changes to Defendants' policies does this settlement require?**.....7

**YOUR RIGHTS AND OPTIONS**.......................................................................................**7**

    **14.**    **What do I do to receive a payment from the Settlement Fund?**..........7

    **15.**    **What if do not want to be a part of this lawsuit?**.................................8

    **16.**    **How do I ask the Court to opt out of the Settlement?**........................8

    **17.**    **What if I do not want information covered by the Family Educational Rights and Privacy Act to be used?**...................................................................................9

**HEARING ON PROPOSED SETTLEMENT AGREEMENT**.........................................**9**

    **18.**    **What has to happen before the Settlement becomes final?**.................9

    **19.**    **Can I object to the Settlement?**..........................................................10

    **20.**    **Can I speak at the Fairness Hearing?**................................................10

**CLASS COUNSEL**...........................................................................................................**11**

    **21.**    **Do I have a lawyer in this case?**.........................................................11

    **22.**    **Should I get my own lawyer?**.............................................................11

**QUESTIONS**.....................................................................................................................**11**

    **23.**    **What if I have questions?**...................................................................11

# BASIC INFORMATION

### 1. Why did I get this notice?

Plaintiffs and Defendants are asking the Court to allow or "certify" for settlement a class in a class action lawsuit that affects you. Walden's records show that you enrolled in its DBA program between August 1, 2008, and January 31, 2018. This notice explains that the Plaintiffs and Defendants have presented a settlement of the lawsuit to the Court, asked the Court to approve it, and received preliminary approval. The Honorable Julie R. Rubin of the United States District Court for the District of Maryland is overseeing this class action. The lawsuit is known as *Carroll, et al. v. Walden University, LLC, et al.*, Civil Action No. 1:22-cv-00051-JRR.

### 2. What is this lawsuit about?

This lawsuit alleges that Walden University knowingly misrepresented the true cost of the DBA program by disclosing the minimum number of capstone credits required to complete the program and obtain a degree, when students often completed more than the minimum number of disclosed capstone credits before completing the DBA program. The lawsuit further alleges that Walden targeted Black and female prospective students for enrollment, and that Walden's practice of targeting nontraditional students had a disproportionate adverse impact on Black and female students.

### 3. What is a class action and who is involved?

In a class action lawsuit, one or more people called "Class Representatives" sue on behalf of other people who have similar claims. The people who have similar claims are a "class" or "class members." The DBA students who sued on behalf of the class are also called the Plaintiffs. The entities they sued are called the Defendants. One court resolves the issues for everyone in the class—except for those people who choose to opt out of the class. The class action approach avoids the need for numerous people to file similar individual lawsuits, and it allows the court system to resolve these claims in an efficient and economical way.

# THE CLAIMS IN THIS LAWSUIT

### 4. What does this lawsuit complaint about?

This lawsuit alleges that Walden University knowingly misrepresented the true cost of the DBA program by disclosing the minimum number of capstone credits required to complete the program and obtain a degree, when students often completed more than the minimum number of disclosed capstone credits before completing the DBA program. The lawsuit further alleges that Walden targeted Black and female prospective students for enrollment, and that Walden's practice of targeting nontraditional students had a disproportionate adverse impact on Black and female students. Plaintiffs claim that Walden University's practices violated Title VI of the Civil

Rights Act of 1964 ("Title VI"), 42 U.S.C. § 2000d *et seq.*, and the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 *et seq.* Title VI and ECOA are federal anti-discrimination laws.

**5.  How do the Defendants answer?**

Defendants deny that they violated federal anti-discrimination laws by discriminating on the basis of race or gender, intentionally or otherwise. Defendants contend that they directed advertisements to the student body they sought to educate, and Walden University's student body is predominantly Black and female; and that they did not intentionally discriminate against female students because of their gender or Black students because of their race. Defendants also deny that they made any false or misleading statements about the number of capstone credits necessary to complete the DBA program and obtain a degree, because Defendants accurately represented the minimum number of capstone credits required to obtain a DBA degree.

**6.  What does the lawsuit ask for?**

The Plaintiffs filed this case seeking money that students paid to Defendants for capstone credits in excess of the minimum requirements disclosed by Walden for the DBA program. Plaintiffs also seek injunctive relief, which means changes to Defendants' policies and practices in its DBA program. The lawsuit also asks for declaratory relief that Defendants violated Title VI and ECOA.

**7.  What has the Court decided?**

The Court denied Defendants' motion to dismiss the Plaintiffs' claims, allowing Plaintiffs to move forward on all their class claims and proceed to the discovery phase of litigation in which the parties exchange information. The Court's denial of the motion to dismiss is not a determination that Defendants violated any law.

Were this case to go to trial, all of Plaintiffs' claims would be tried. However, even if the Plaintiffs won at trial, Defendants could file an appeal. Additionally, if this case were to go to trial and Defendants were to win at trial, Plaintiffs and class members would not be entitled to any relief, such as a financial payment.

# WHO IS IN THE CLASS?

**8.  Am I part of this class?**

If this notice has been sent to you, Walden University's records indicate that you may be part of the class. If you fit within the class definition below and submit a claim form, you will be included as part of the class and receive a payment unless you ask to opt out. If you do not opt out and do not submit a claim form, you will be a member of the class and bound by the Court's decisions in this case but will <u>NOT</u> receive a payment. You do not have to have participated in this lawsuit in any way up to this point in order to be a Class Member. Opting out is described in the "Your Rights and Options" section below.

The Court's class definition includes person who fall into at least one of the following categories:

(a) all Black students who enrolled in and/or began classes in for Walden University's DBA program between August 1, 2008 and January 21, 2018, and were charged for and successfully completed Excess Capstone Credits, defined as more capstone-level credits than the number of DBA capstone-level credits that Walden stated were the minimum required at the time they enrolled;

(b) all Black students who enrolled in and/or began classes in Walden's DBA program between August 1, 2008 and January 31, 2018, and were charged for and successfully completed Excess Capstone Credits, and applied for and/or received student loans or payment plans to pay for some or all of their Walden education; and,

(c) all female students who enrolled in and/or began classes in Walden's DBA program between August 1, 2008 and January 31, 2018, and were charged for and successfully completed more than the number of DBA capstone-level credits that Walden stated were the minimum required at the time they enrolled, and applied for and/or received student loans or payment plans to pay for some or all of their Walden education.

If you fit this class definition, you are a Class Member in this lawsuit, even if you did not complete the DBA program at Walden University.

### 9. Who are the Class Representatives?

The Class Representatives are Aljanal Carroll, Claudia Provost Charles, Tiffany Fair, and Tareion Fluker. The Court has preliminarily determined that these former Walden DBA students fairly and adequately represent the interests of the class.

## Summary of Proposed Settlement Agreement

### 10. How much money will be paid to class members?

Under the proposed settlement, Walden will pay $28.5 million to settle the class claims.

$21,175,000 of the Settlement Fund will be designated for payments to Class Members. The individual allocation to each Class Member will be calculated by the "Claims Administrator," who has had no prior role in this litigation. The Claims Administrator will rely on information provided by Defendants to calculate the allocation. The Claims Administrator will calculate the individual allocation to each Class Member who submits a timely, valid claim form. These funds will be distributed pro rata based on how many DBA capstone credits each Class Member completed above the number that Walden stated was the minimum at the time they enrolled. For example, if a Class Member completed 44 excess capstone credits and submits a valid claim form, and all Class Members who submit valid claim forms collectively completed 90,000 excess capstone credits, then that class member will receive 44/90,000 of the compensation pool, or approximately $10,000.[1]

---

[1] Some Class Members (approximately 55) received cash payments from the settlement in *Thornhill v. Walden University*, No. 2:16-cv-00962 (S.D. Ohio). Payments here will be reduced by the amount of any cash payment pursuant to *Thornhill*.

$100,000 of the Settlement Fund will be designated for payments of $25,000 to each of the four Class Representatives in recognition of their significant efforts in bringing and prosecuting this action, including involvement in litigation strategy, provision of information to Class Counsel, and advancing the interests of the class.

### 11. How much money will be paid to Class Counsel?

$7,125,000, or 25% of the Settlement Fund, will be designated for payment to Plaintiffs' Counsel for attorneys' fees and to reimburse costs paid for by Plaintiffs' Counsel. Plaintiffs' Counsel have been working on this case for over three years. During the time that this case has been pending, Plaintiffs have not paid Class Counsel for their work on this case or for the significant expenses that they have incurred in investigating and prosecuting this case. In this type of litigation, it is customary for Plaintiffs' Counsel to be awarded a percentage of the Settlement Fund as their attorneys' fees. The Court will decide whether to approve the amount of attorneys' fees that Plaintiffs' Counsel have requested.

### 12. How will the rest of the money be used?

$100,000 of the Settlement Fund will be designated to cover administrative costs related to administering the Settlement. This includes funds to pay for the Claims Administrator, who will distribute and process claim forms, process payments to Class Members, calculate allocations to Class Members, and notify Class Members about this Settlement.

### 13. What changes to Defendants' policies does this settlement require?

On its website and in enrollment agreements, Walden will disclose the median time to complete the DBA program and median cost to complete the DBA program based on historic data from the preceding three years of graduates. The enrollment agreements will include additional disclosures that completing the DBA program may require up to 8 years of enrollment. In addition, Walden will not reinstitute the "University Research Reviewer" role on DBA students' dissertation committees. Walden will maintain these changes for a minimum of four years.

# Your Rights and Options

### 14. What do I do to receive a payment from the Settlement Fund?

**If you wish to receive a payment from this settlement, you must properly complete a Claim Form. A Claim Form and instructions for completing it will be distributed to you at a later date if the Court grants final approval of the Settlement.** If you do nothing, you will remain in the lawsuit but will not receive a share of the Settlement Fund.

You are not required to retain your own attorney to remain in this lawsuit or to file a Claim Form. You will not be required to pay any money for the services of Class Counsel or their representatives and assistants.

If you remain in the lawsuit, and if the Court grants final approval of the proposed Settlement, then you will be bound by all the terms of the Settlement. This means that you will not be able to

bring a separate lawsuit or other legal proceeding against Defendants related to the allegations and claims described above that are included in this lawsuit. Nor will you be able to challenge the Settlement Agreement after it has been finally approved by the Court. You will be legally bound by all of the orders the Court issues and the judgments the judge and jury make in this class action.

### 15. What if do not want to be a part of this lawsuit?

If you do not wish to remain a part of this lawsuit, then you may exclude yourself from the lawsuit by submitting a written opt-out letter requesting exclusion to the Claims Administrator at Carroll v. Walden University, LLC Claims Administrator, c/o Settlement Services, Inc., PO Box 10269, Tallahassee, FL, 32302-2269, or at _____@____.com, on or before **[date]**. If you exclude yourself from this lawsuit, you will not be bound by the terms of the Settlement, and you will be free to bring your own lawsuit or other legal proceedings against the Defendants.

However, if you exclude yourself from the lawsuit, you will have no right to receive any money from the Settlement Fund. Further, you must understand that if you exclude yourself from this lawsuit and then bring your own separate lawsuit or other legal proceedings against the Defendants, you may lose your case and receive nothing; even if you win a separate case, you may have to wait several years to obtain any money you may have to settle for less money than you would receive under the Settlement in this lawsuit, and you may have to retain and pay for your own attorney. If you bring a separate claim, the Defendants may be able to assert defenses such as the statute of limitations. The statute of limitations for the claims brought in this lawsuit ordinarily range from two to five years.

### 16. How do I ask the Court to opt out of the Settlement?

To exclude yourself from this lawsuit, you must submit to the Claims Administrator a letter that is signed by you, dated, and that includes your full name, address, social security number, telephone number, and the following language:

> I wish to exclude myself from the plaintiff class in the case of *Carroll et al. v. Walden University, LLC et al.* No. 1:22-cv-00051-JRR.
>
> I understand that, if the Court approves the proposed Settlement, members of the plaintiff class who remain in the lawsuit may be eligible to receive a monetary payment from the Settlement Fund. In choosing to exclude myself from the plaintiff class in this case, I understand that I will not be eligible to receive any monetary payment under the Settlement. I also understand if I exclude myself and bring a separate claim, I may have to overcome defenses such as the statute of limitations.

In addition to the required language set forth above, you may include reasons why you do not wish to participate in this lawsuit in your written request for exclusion.

Your written request for exclusion must be received by the Claims Administrator via email (_____@___.com) or by mail at Carroll v. Walden University, LLC Claims Administrator, c/o Settlement Services, Inc., PO Box 10269, Tallahassee, FL, 32302-2269 on or before **[date]**. If

the Claims Administrator has not received your written request for exclusion, including the language set forth above, by **[date]**, then you will be deemed to have given up your right to exclude yourself from this lawsuit.

If you exclude yourself from the lawsuit but then decide that you wish to remain in the lawsuit, you may rescind your exclusion on or before **[date]**. To do so, you must submit to the Claims Administrator a letter that is signed by you, dated, and that includes your full name, address, social security number, telephone number, and a statement that you wish to rescind the letter of exclusion that you previously submitted. Your recission letter can be submitted via email or by mail using the addresses provided above.

### 17. What if I do not want information covered by the Family Educational Rights and Privacy Act to be used?

To effectively implement the Settlement, Walden must provide the following information covered by the Family Educational Rights and Privacy Act for each Class member:  social security number, number of capstone credits completed, and number of capstone credits required by Walden's Course Catalog in effect as of the Class Member's DBA program start date. Walden has been ordered by the Court to provide this information to Plaintiffs' Class Counsel and the Claims Administrator unless you object within thirty (30) days.  If you object to Walden providing this information, it will be treated the same as opting out of the Settlement and you will not be part of this lawsuit or receive any money from the Settlement Fund.

To object to the disclosure of this information, you must send a letter stating that you object to Walden's attorney at:

> Caitlin E. Dahl
> Latham & Watkins LLP
> 330 North Wabash Ave.
> Suite 2800
> Chicago, IL  60611

Your letter must be sent within thirty (30) days of the date this Notice was sent to you.

# Hearing on Proposed Settlement Agreement

### 18. What has to happen before the Settlement becomes final?

The Court, which has made a preliminary finding that the proposed Settlement is fair and just, has scheduled a hearing (the "Fairness Hearing") to determine whether it will grant final approval of the Settlement. The Court will hold this hearing at **[time]** on **[date]** at the United States District Court for the District of Maryland, located at the Edward A. Garmatz United States District Courthouse, 101 West Lombard Street Baltimore, MD 21201, in Courtroom # [ ].

It is not necessary for you to appear at the hearing or to file anything with the Court before the hearing. If you fit within the Court's definition of the class, then your interests will be adequately represented at the hearing by the named Plaintiffs and Plaintiffs' Counsel.

However, subject to the following requirements, you may submit written comments on the proposed Settlement, and you may speak to the Court, either personally or through your own attorney, at the hearing on **[date]**.

### 19. Can I object to the Settlement?

If you wish to object to the proposed Settlement, you must send a letter that includes the following:

- Your name, address, and telephone number;
- The name and number of the case (*Carroll, et al. v. Walden University, LLC, et al.*, No. 1:22-cv-00051-JRR);
- The basis for your objection(s);
- Whether you wish to be heard in Court at the Fairness Hearing;
- A list of any witnesses you may call to testify at the Fairness Hearing;
- Copies of any document you intend to present to the Court at the Fairness Hearing and all other documents in support of your objections;
- Your signature

You may not object to the proposed Settlement if you opt out of the class.

Your objection, along with any supporting material you wish to submit, must be mailed and postmarked no later than [**date**], to ***all*** the following three addresses:

| Court | Plaintiffs' Counsel | Defense Counsel |
|---|---|---|
| United States District Court for the District of Maryland, Edward A. Garmatz United States District Courthouse, 101 West Lombard Street Baltimore, MD  21201 | Tara Ramchandani Relman Colfax PLLC 1225 19th St., NW #600 Washington, DC 20036 | Caitlin E. Dahl Latham & Watkins LLP 330 North Wabash Ave. Suite 2800 Chicago, IL 60611 |

### 20. Can I speak at the Fairness Hearing?

If you wish to request permission to speak at the hearing, you must file with the Court a "Notice of Intent to Appear." Your notice must include the following:

- Your name, address, and telephone number;
- The name of the case (*Carroll et al. v. Walden University, LLC et al.*, No. 1:22-cv-00051-JRR);
- The name, address, and telephone number of any attorney(s) who will be appearing on your behalf at the Fairness Hearing; and
- Your signature.

You must mail your Notice of Intent to Appear, postmarked no later than **[date]** to the Court, Plaintiffs' Counsel, **and** Defense Counsel at each of the three addresses listed above.
Your appearance at the hearing, as well as that of your attorney, will be at your own expense.

# CLASS COUNSEL

### 21. Do I have a lawyer in this case?

The Court decided that attorneys from the law firm Relman Colfax PLLC and the National Student Legal Defense Network are qualified to represent you and all Class Members and appointed them to be "Class Counsel." Contact information for Class Counsel is as follows:

Relman Colfax PLLC
Attn: Walden Team
1225 19th Street, NW
Suite 600
Washington, DC 20036
Tel. (202) 728-1888
Fax. (202) 728-0848
http://relmanlaw.com

National Student Legal Defense Network
Attn: Walden Team
1701 Rhode Island Ave., NW
Washington, DC 20036
Tel. (202) 734-7495
https://defendstudents.org

### 22. Should I get my own lawyer?

You do not need to hire your own lawyer because Class Counsel are working on your behalf. But, if you want your own lawyer, you will have to make your own arrangements for the payment of that lawyer. For example, you can ask him or her to appear at the Fairness Hearing for you if you want someone other than Class Counsel to speak for you.

# QUESTIONS

### 23. What if I have questions?

This notice summarizes the proposed Settlement. The Settlement Agreement and Plaintiffs' Motion for Preliminary Approval contain more details about the Settlement, the distribution of the Settlement Fund, and the changes to the Defendants' policies. You can access these documents at www._____.

Any inquiries by Class Members concerning this notice or the class action should be directed to the Claims Administrator at [phone number]. You can also direct questions, by phone or in writing, to Plaintiffs' Counsel Tara Ramchandani, who can be reached at (202) 728-1888,

tramchandani@relmanlaw.com, or at Relman Colfax PLLC, 1225 19th Street, NW, Suite 600, Washington, DC 20036.

**Settlement Agreement:  Exhibit 3 ([Proposed] Order Granting Approval of Proposed Class Action Settlement, and Certification of Class)**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| Aljanal Carroll, Claudia Provost Charles, Tiffany Fair, and Tareion Fluker<br><br>        Plaintiffs,<br><br>        v.<br><br>Walden University, LLC, and Walden e-Learning, LLC,<br><br>        Defendants. | Civil Action No. 1:22-cv-00051-JRR |

**[PROPOSED] ORDER GRANTING APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT, AND CERTIFICATION OF CLASS**

WHEREAS, the Court entered an Order preliminarily approving the Settlement and Settlement Agreement on _____, and held a Fairness Hearing on _____; and the Court has heard and considered all submissions in connection with the proposed Settlement and the files and records herein, including the objections submitted, as well as arguments of counsel;

IT IS HEREBY ORDERED AND ADJUDGED THAT:

1. All terms and definitions used herein have the same meanings as set forth in the Settlement Agreement.

2. The Court has jurisdiction over the subject matter of the Civil Action, the Plaintiffs, the Class, and Defendants.

3. The Court finds that, for purposes of the Settlement, the requirements for a class

action under Federal Rule of Civil Procedure 23 have been satisfied in that (a) the Class
is ascertainable; (b) its members are too numerous to be joined practicably; (c) there are
questions of law and fact common to the Class; (d) the Plaintiffs' claims are typical of the
claims of the Class as a whole; (e) the Plaintiffs will fairly and adequately protect the
interests of the Class; (f) neither the Plaintiffs nor Plaintiffs' Counsel have interests
adverse to the Class, and Plaintiffs' Counsel are competent and experienced; (g) final
injunctive relief or corresponding declaratory relief is appropriate respecting the Class as
a whole; and (h) common questions of law and fact predominate over questions affecting
only individual members of the Class and a class action is superior to other available
methods for fairly and efficiently adjudicating the controversy.

4.   For purposes of resolution of claims for monetary relief, pursuant to Rules 23(a)
and 23(b)(3) of the Federal Rules of Civil Procedure, and for purposes of resolution of
claims for injunctive relief, pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of
Civil Procedure, the Court finally certifies the Civil Action, for purposes of the
Settlement, as a class action on behalf of the following Class: (a) all Black students who
enrolled in and/or began classes for Walden's DBA program between August 1, 2008,
and January 31, 2018 and were charged for and successfully completed Excess Capstone
Credits; (b) all Black students who enrolled in and/or began classes for Walden's DBA
program between August 1, 2008, and January 31, 2018 and were charged for and
successfully completed Excess Capstone Credits, and applied for and/or received student
loans or payment plans to pay for some or all of their Walden education; and (c) all
female students who enrolled in and/or began classes for Walden's DBA program
between August 1, 2008, and January 31, 2018 and were charged for and successfully

completed Excess Capstone Credits, and applied for and/or received student loans or

payment plans to pay for some or all of their Walden education.

5. Plaintiffs' Counsel and Plaintiffs are hereby appointed to represent the Class.

Relman Colfax PLLC is hereby appointed as Lead Plaintiffs' Counsel.

6. Notice of the class action Settlement was given to all Class Members pursuant to

the Court's Order Granting Preliminary Approval of Proposed Class Action Settlement,

Provisional Certification of Class and Approval of Notice ("Order for Notice and

Hearing"). The form and method by which notice was given met the requirements of due

process, Rules 23(c)(2) and 23(e) of the Federal Rules of Civil Procedure, constituted the

best notice practicable under the circumstances, and constituted due and sufficient notice

to all persons entitled thereto.

7. Pursuant to the terms of the Settlement Agreement, to be entitled to participate in

the distribution of the Settlement Fund, each Class Member must submit a Claim Form,

substantially in the form attached as Exhibit A. The Claims Administrator shall distribute

Claim Forms to Class Members within five (5) days of entry of this Order and Final

Judgment. The Claim Form must be postmarked or received by the Claims Administrator

no later than ninety (90) calendar days after the date of entry of this Order. Any Claim

Form that is not postmarked or received by the Claims Administrator within ninety (90)

calendar days after the date of entry of this Order shall be deemed untimely, an invalid

claim, and a waiver by the submitting Claimant of any claim for payment under the

Settlement Agreement.

8. The Settlement is in all respects fair, reasonable, and adequate, and it is finally approved.

The Parties are directed to consummate the Settlement according to the terms of the

Settlement Agreement. The Settlement Agreement and every term thereof shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an Order of the Court.

9.  Upon the Effective Date, the Plaintiffs, the Class, and each Class Member shall, by operation of this Order and Final Judgment, fully, finally and forever release, acquit, and discharge the Released Claims against the Released Persons pursuant to the Settlement Agreement. The Plaintiffs, the Class, and each Class Member are hereby permanently enjoined and barred from instituting, commencing or prosecuting any Released Claim against a Released Person in any action or proceeding in any court or tribunal.

10. The individuals identified on the list attached hereto as Exhibit B have opted out of the Class and are not bound by the Settlement Agreement, Settlement, or Order and Final Judgment, and have not waived, relinquished, or released the right to assert any claims against Defendants.

11. Individuals who received a *Thornhill* Payment and did not waive confidentiality with respect to the settlement of the *Thornhill* litigation are not members of the Class and are not bound by the Settlement Agreement, Settlement, or Order and Final Judgment.

12. This Order and Final Judgment, the Settlement Agreement, and any and all communications between and among the Parties pursuant to or during the negotiation of the Settlement shall not constitute, be construed as, or be admissible in evidence as an admission of the validity of any claim or defense asserted or fact alleged in the Civil Action or of any wrongdoing, fault, violation of law, or liability of any kind on the part of the Parties.

13. Plaintiffs' Counsel are awarded the sum of $7,125,000 in attorneys' fees and

costs, to be paid by Defendants in accordance with the terms of the Settlement
Agreement.

14. $25,000 is awarded as a payment to each of the named Plaintiffs Aljanal Carroll, Claudia
Provost Charles, Tiffany Fair, and Tareion Fluker.

15. The balance of the funds in the Escrow Account shall be distributed pro rata to Qualified
Class Members based on the proportion of each Qualified Class Member's Excess
Capstone Credits to the sum of all Qualified Class Members' Excess Capstone Credits,
except that the amount otherwise due to any Qualified Class Member who received a
*Thornhill* Payment shall be reduced by the amount of such Payment so long as such
Qualified Class Member waived confidentiality with respect to the settlement of the
*Thornhill* litigation.

16. If for any reason money remains in the Escrow Account or the Administration Costs
Account one year after distribution of payment from the Escrow Account to Qualified
Class Members, all such remaining money shall be donated to such non-profit
organizations dedicated to the furtherance of the civil rights in higher education of Black
people and women as Plaintiffs select at that time.

17. Defendants are directed to pay these awards after the Effective Date, as described in the
Settlement Agreement.

18. The Claims Administrator shall not be responsible for any of the relief provided to the
Settlement Class under this Settlement Agreement. For its actions relating to the
implementation of this Settlement Agreement, to the extent permitted by applicable law,
the Claims Administrator shall have the same immunity that judges have for their official
acts.

19. Pursuant to Rule 7 of the Federal Rules of Appellate Procedure, "in a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." In light of the Court's ruling regarding the adequacy of the relief afforded by the Settlement, the reaction of the Class and the number of Class Members, the Court orders that any appeal of this Order must be accompanied by a bond of $150,000.

20. This Civil Action is hereby dismissed in its entirety on the merits and with prejudice. Except as otherwise provided in this Order and Final Judgment or in the Settlement Agreement, the Parties shall bear their own costs and attorneys' fees. Without affecting the finality of this Order and the Judgment hereby entered, the Court retains exclusive jurisdiction over the Parties for all matters relating to the Civil Action and the Settlement, including the administration, interpretation, effectuation, or enforcement of the Settlement.

21. Without further Order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement.


Dated: _____        _____

                                       Hon. Julie R. Rubin
                                       United States District Judge

**Order Granting Approval of Proposed Class Action Settlement, and
Certification of Class:  Exhibit A (Claim Form)**

## <u>INSTRUCTIONS</u>

**READ ALL INSTRUCTIONS CAREFULLY BEFORE FILLING OUT THE CLAIM FORM**

1. Fill in all blank spaces in the claim form with clearly printed or typed information.

2. You must sign and date the claim form.

3. By signing your claim form, you are declaring under penalty of perjury that the information provided is true and correct. Please understand that you could be subject to criminal penalties for submitting any false information on your form.

4. If you have any questions about this form, contact the Claims Administrator at _____@ssiclaims.com or (____) ___-____. There is no fee for any service or assistance provided by the Claims Administrator. **DO NOT CONTACT THE COURT OR THE CLERK OF THE COURT.**

5. Complete your claim form at www._____, or mail your signed and completed claim form using the enclosed pre-addressed, stamped envelope, by **[DATE]**. If you do not have the pre-addressed, stamped envelope, you may mail your signed and completed claim form to: Carroll v. Walden University, LLC Claims Administrator, c/o Settlement Services, Inc., PO Box 10269, Tallahassee, FL, 32302-2269 to: **YOUR CLAIM FORM MUST BE SUBMITTED ONLINE OR POSTMARKED ON OR BEFORE [DATE]. LATE CLAIM FORMS WILL NOT BE CONSIDERED.**

6. If your email address or mailing address changes at any time, mail your new address to the Claims Administrator at the address above or update it at www._____/_____. Any change of address must be in writing and include your signature.

7. You do not need an attorney to help you submit a claim form. If you do wish to consult an attorney, however, you may do so at your own expense.

8. Please keep a copy of the completed form for your records.

9. If you believe that you took more or less capstone credits than indicated on the materials provided to you, you may submit documents to support that claim. Any documents you submit to show that you took a different number of capstone credits at Walden than indicated on the materials provided to you will be considered in determining the amount of any monetary payment you are eligible to receive. Examples of such documents include, but are not limited to:

    a. Transcripts from Walden;

    b. Signed Walden enrollment agreements;

    c. Walden certificate of completion;

    d. Cancelled checks or other documents showing payment to Walden; or

    e. Emails of letters from or to Walden.

    If you do not dispute the number capstone credits that you took, you do not need to submit any documents other than a completed claim form.

# WALDEN UNIVERSITY CLASS ACTION CLAIM FORM

*Aljanal Carroll, et al. v. Walden University, LLC, et al.*
*Case No. 1:22-cv-00051-JRR*

FULL NAME:_____[pre-filled]_____
                    Last                First           Middle

STREET ADDRESS: ____[pre-filled]_____
                       Street No.           Street Name      Apt. No.

CITY:__ ____[pre-filled]_____ STATE:_ ____[pre-filled]_____ ZIP CODE:_ ____[pre-filled]_

TELEPHONE: (____)_____ (____)_____
                 Mobile               Other (please specify)

EMAIL ADDRESS: _____

SOCIAL SECURITY #:_____ DATE OF BIRTH: _____

PREFERRED METHOD OF COMMUNICATION (select one): mail    email    text

Were you enrolled in Walden University's Doctor of Business Administration program, or did you begin classes in the program, between August 1, 2008, and January 31, 2018? (check one):

      Yes _____               No _____

Is _[pre-filled]__ the correct number of capstone credits you completed in connection with Walden University's Doctor of Business Administration program between [DATE] and [DATE]?

      Yes _____               No _____

      If you answered "No," what is the correct number? _____.  You are encouraged to submit documentation to support your answer.

      If you answered "Yes," no supporting documentation should be submitted.

I declare under penalty of perjury that the foregoing is true and correct. I understand that I could be subject to criminal penalties for submitting any false information on this claim form.

_____
Signature

Executed on_____
        (today's date)

**IF SUBMITTING BY MAIL, SEND THIS FORM TO:**

**Carroll v. Walden University, LLC Claims Administrator**
**c/o Settlement Services, Inc.**
**PO Box 10269**
**Tallahassee, FL, 32302-2269**

**THIS CLAIM FORM MUST BE POSTMARKED ON OR BEFORE [DATE]**

**LATE CLAIM FORMS WILL NOT BE CONSIDERED**

**Order Granting Approval of Proposed Class Action Settlement, and Certification of Class:  Exhibit B (Opt Out List)**

[to be completed at appropriate time]

**Settlement Agreement:  Exhibit 4 ([Proposed] Order Granting Preliminary Approval of Proposed Class Action Settlement, Provisional Certification of Class and Approval of Notice)**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

|  |  |
|---|---|
| Aljanal Carroll, Claudia Provost Charles, Tiffany Fair, and Tareion Fluker<br><br>Plaintiffs,<br><br>v.<br><br>Walden University, LLC, and Walden e-Learning, LLC,<br><br>Defendants. | Civil Action No. 1:22-cv-00051-JRR |

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT, PROVISIONAL CERTIFICATION OF CLASS AND APPROVAL OF NOTICE**

The Court having reviewed the proposed terms of the Settlement set forth in the executed Settlement Agreement, by and between Defendants Walden University, LLC, and Walden e-Learning, LLC (collectively, "Walden"), and the named Plaintiffs Aljanal Carroll, Claudia Provost Charles, Tiffany Fair, and Tareion Fluker (collectively "Plaintiffs"), both individually and as representatives of the Class, in the above-styled Civil Action, together with all exhibits thereto, the record in the Civil Action, and the arguments of counsel;

IT IS HEREBY ORDERED AND ADJUDGED THAT:

1. All terms and definitions used herein have the same meanings as set forth in the Settlement Agreement.

2. The proposed terms of Settlement set forth in the Settlement Agreement are hereby preliminarily approved as being within the range of possible final approval as fair,

reasonable, and adequate such that notice thereof should be given to members of the Class.

3. For purposes of resolution of claims for monetary relief, pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, and for purposes of resolution of claims for injunctive relief, pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure, the following class (the "Settlement Class") is provisionally certified for purposes of Settlement only: (a) all Black students who enrolled in and/or began classes for Walden University's Doctor of Business Administration ("DBA") program between August 1, 2008 and January 31, 2018 and were charged for and successfully completed Excess Capstone Credits; (b) all Black students who enrolled in and/or began classes for Walden's DBA program between August 1, 2008 and January 31, 2018 and were charged for and successfully completed Excess Capstone Credits, and applied for and/or received student loans or payment plans to pay for some or all of their Walden education; and (c) all female students who enrolled in and/or began classes for Walden's DBA program between August 1, 2008 and January 31, 2018 and were charged for and successfully completed Excess Capstone Credits, and applied for and/or received student loans or payment plans to pay for some or all of their Walden education.

4. Inherent in the Court's provisional certification of the Class are the following findings: (a) the Class is ascertainable; (b) its members are too numerous to be joined practicably; (c) there are questions of law and fact common to the Class; (d) the Plaintiffs' claims are typical of the claims of the Class as a whole; (e) the Plaintiffs will fairly and adequately protect the interests of the Class; (f) neither the Plaintiffs nor Plaintiffs' Counsel have interests adverse to the Class, and Plaintiffs' Counsel are competent and experienced; (g)

final injunctive relief and corresponding declaratory relief is appropriate respecting the Class as a whole; and (h) common questions of law and fact predominate over questions affecting only individual members of the Class and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

5. This Court's provisional certification of the Class and findings incident thereto shall be solely for settlement purposes. Provisional certification of the Class shall be vacated and shall have no effect in the event that the Settlement Agreement is not finally approved by this Court or otherwise does not take effect. In the event the Court's approval of the Settlement Agreement, entry of the Order and Final Judgment, or certification of the Class is or are disapproved, reversed, vacated or terminated, neither the Settlement Agreement nor the findings in this Order shall affect the rights of the Parties to take action in support of or in opposition to class certification or to prosecute or defend the Civil Action, or this Court's ability to grant or deny certification for litigation purposes. If this Order for Notice and Hearing is vacated, the Parties shall be restored to the *status quo ante* as of the date preceding the date of this Order.

6. The Court finds that the method of providing notice to the Class proposed in the Settlement Agreement constitutes the best method for providing such notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Class Members of their rights and obligations, complying fully with the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law. The Notice and Claim Form, which are attached hereto as Exhibits A and B, are hereby approved as to form. Pursuant to Rule 23(c)(2) of the Federal Rules of Civil Procedure, the Notice, to be distributed by mail, text, and email, states (i) the nature of

the action; (ii) the definition of the class certified; (iii) the class claims, issues, and defenses; (iv) that a Class Member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; (v) the binding effect of a class judgment on members under Rule 23(c)(3); and (vi) that more information is available from the Claims Administrator upon request. The Notice also explains that the Claim Form will be provided to Class Members if this Court grants final approval of the Settlement, describes the Settlement administration process, and informs Class Members that Defendants will provide certain information covered by the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g, pursuant to the Court's order granting preliminary approval, to the Claims Administrator and Plaintiffs' Class Counsel absent objection for use in implementing the Settlement. Further, the Notice informs the Class Members that the Settlement Agreement provides for the release of their Released Claims (as that term is defined in the Settlement Agreement) and the payment of Plaintiffs' Counsels' attorneys' fees. *See* Fed. R. Civ. P. 23(h).

7. Settlement Services, Inc. is approved as the Claims Administrator for the proposed Settlement. Within five (5) calendar days of the entry of this Order, Defendants shall pay or cause to be paid, on behalf of Defendants, $100,000 into an interest-bearing account designated and controlled by Lead Plaintiffs' Counsel (the "Administration Costs Account"). The $100,000 payment shall be paid out of the total Settlement Fund (as that term is defined in the Settlement Agreement). Funds from the Administration Costs Account may be dispersed, as reasonably required and without further approval of the

Court, to pay Claims Administration Costs incurred by the Claims Administrator, billed to Lead Plaintiffs' Counsel as they become due.

8. Within five (5) calendar days of the entry of this Order, Defendants shall prepare and deliver an Excel spreadsheet to the Claims Administrator containing the names, last known addresses, last known telephone numbers, last known email addresses, and dates of attendance of all potential Class Members ("Class Intake List"). Defendants shall simultaneously provide a copy of the Class Intake List to Lead Plaintiffs' Counsel. The Claims Administrator shall conduct a trace using LexisNexis and the National Change of Address registry to determine, to the best extent possible and using its discretion, the most likely current address of each individual on the Class Intake List.

9. Within twenty-one (21) calendar days after the entry of this Order, the Claims Administrator shall cause to be sent, via first class mail, text, and email, the Notice substantially in the form attached as Exhibit A using the most recent contact information of the individuals on the Class Intake List.

10. Fifty (50) days after the Notice is distributed, Defendants shall supplement the Class Intake List with each potential Class Member's social security number, number of capstone credits completed as of the date this Order is entered, and number of capstone credits required by Walden's Course Catalog in effect as of the individual's DBA program start date, unless the potential Class Member has objected to such disclosure. Defendants shall provide this information pursuant to this Order.

11. Notwithstanding paragraph 8 above, Defendants will not include on the Class Intake List any individual who received a *Thornhill* Payment unless and until such individual waives confidentiality with respect to the settlement of the *Thornhill* litigation. As to potential

Class Members who provide such waivers, Defendants will include on the Class Intake List the amount of their respective *Thornhill* Payment.

12. Plaintiffs' Counsel and Plaintiffs are hereby appointed to represent the Settlement Class. Relman Colfax PLLC is hereby appointed as Lead Plaintiffs' Counsel.

13. A hearing (the "Fairness Hearing") shall be held by the Court on _____ (91 days after the date of entry of this Order or at the Court's convenience) to consider and determine whether the requirements for certification of the Class have been met, whether the proposed Settlement of the Civil Action on the terms set forth in the Settlement Agreement should be approved as fair, reasonable, and adequate, whether Plaintiffs' Counsels' award of attorneys' fees and costs should be approved, whether Plaintiffs' incentive awards should be approved, and whether the Order and Final Judgment approving the Settlement and dismissing the Civil Action on the merits and with prejudice against Class Members should be entered.

14. The Fairness Hearing may, from time to time and without further notice to the Class (except those who have filed timely and valid objections), be continued or adjourned by Order of the Court.

15. Any individual who seeks to be excluded from the Class may do so by submitting an opt-out letter to the Claims Administrator using the email or mailing address in the Notice on or before that date that is sixty-three (63) calendar days after the date of entry of this Order.  Opt-out letters sent by mail must utilize first class mail, postage prepaid, and be postmarked no later than the deadline.  Opt-out letters must contain a written statement signed by the individual that includes: (i) the individual's name, address, social security number, and telephone number; (ii) the title of the Civil Action (*Aljanal Carroll, et al. v.*

*Walden University, et al.*, Case No. 1:22-cv-00051-JRR); and (iii) a statement as set forth in the Notice that the individual wishes to be excluded from the Settlement. Any Class Member who does not submit a valid and timely request to opt out, as set forth in the Notice, will be bound by the Order and Final Judgment dismissing the Civil Action on the merits and with prejudice.

16. Any individual who declines disclosure of information covered by FERPA shall be deemed to have opted out of the Settlement.

17. Any individual who excludes himself or herself from the Class may rescind that decision up to and including the date that is seventy-seven (77) calendar days after the date of entry of this Order by following the procedure set forth in the Notice.

18. Objections by any Class Member to: (i) the certification of the Settlement Class and the proposed Settlement contained in the Settlement Agreement and described in the Notice; (ii) the payment of fees and expenses to Class Counsel; (iii) the payment of incentive awards to Plaintiffs or Declarants; and/or (iv) the entry of the Order and Final Judgment dismissing the Civil Action on the merits and with prejudice, shall be heard and any papers submitted in support of said objections shall be considered by the Court at the Fairness Hearing only if such objector sends to the Court, at the following address: The United States District Court for the District of Maryland, 101 West Lombard Street Chambers 3A, Baltimore, MD 21201, postmarked no later than seventy-seven (77) calendar days after the date of entry of this Order, a written and signed statement that includes the following: (i) the objector's name, address, and telephone number; (ii) the name of the case (*Aljanal Carroll, et al. v. Walden University, et al.*, Case No. 1:22-cv-00051-JRR); (iii) the dates of the objector's attendance at Walden's DBA program; (iv) a

sentence stating that the objector confirms under penalty of perjury that he or she is a class member; (v) the basis of the objection[s]; (vi) the identity of any witnesses objector may call to testify at the Fairness Hearing; and (vii) copies of any exhibits objector intends to offer into evidence at the Fairness Hearing, and all other papers in support of such objections. The foregoing papers shall expressly refer to the name of this Civil Action as it appears in this Order, as well as to the Honorable Julie R. Rubin and the case number, and they shall also be mailed to the following addresses:

| Court | Plaintiffs' Counsel | Defense Counsel |
|---|---|---|
| United States District Court for the District of Maryland, Edward A. Garmatz United States District Courthouse, 101 West Lombard Street Baltimore, MD 21201 | Tara Ramchandani Relman Colfax PLLC 1225 19th St., NW #600 Washington, DC 20036 | Caitlin E. Dahl Latham & Watkins LLP 330 North Wabash Ave. Suite 2800 Chicago, IL 60611 |

Any Class Member who does not comply with these requirements will be deemed to have waived any objections and will be forever barred from making any objections to the proposed Settlement.

19. It is not necessary for an objector to appear at the Fairness Hearing. However, if an objector wishes to appear and/or speak at the Fairness Hearing, whether personally or through an attorney, the objector must submit and sign a Notice of Intent to Appear. All such Notices of Intent to Appear shall expressly refer to the name of this Civil Action as it appears at the top of this Order, as well as to the Honorable Julie R. Rubin and the case number. In addition, all Notices of Intent to Appear must clearly identify: (1) the objector's name, address, and number; and (2) the name, address and telephone number of any attorney(s) who will be appearing at the Fairness Hearing on the objector's behalf. If an objector wishes to appear and/or speak at the Fairness Hearing, whether personally

or through an attorney, the objector's Notice of Intent to Appear must be mailed to the Court, Plaintiffs' Counsel, and Defendants' Counsel at the above addresses, and be postmarked no later than seventy-seven (77) calendar days after the date of entry of this Order.

20. The Claims Administrator shall not be responsible for any of the relief provided to the Settlement Class under this Settlement Agreement. For its actions relating to the implementation of this Settlement Agreement, to the extent permitted by applicable law, the Claims Administrator shall have the same immunity that judges have for their official acts.

21. No later than fourteen (14) calendar days prior to the above date set for the Fairness Hearing, the Claims Administrator shall file with the Court and serve on counsel for all Parties a declaration stating that the required notice has been completed in accordance with the provisions of this Order.

22. Within eighty-four (84) days after entry of this Order, Plaintiffs shall move the Court to enter an Order and Final Judgment substantially in the form attached hereto as Exhibit C and shall file a memorandum addressing any timely-filed written objections to the Settlement.

23. Counsel for the Parties are hereby authorized to utilize all reasonable procedures in connection with the administration of the Settlement which are not materially inconsistent with either this Order or the terms of the Settlement Agreement.


Dated: _____          _____

                                          Hon. Julie R. Rubin
                                          United States District Judge

**Order Granting Preliminary Approval of Proposed Class Action Settlement, Provisional Certification of Class and Approval of Notice:**

**Exhibit A (Notice)**

# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

|  |  |
|---|---|
| ALJANAL CARROLL, et al., | |
| Plaintiffs, | |
| v. | Case No. 1:22-cv-00051-JRR |
| WALDEN UNIVERSITY, LLC., et al., | |
| Defendants. | |

**THIS NOTICE MAY AFFECT YOUR RIGHTS. PLEASE READ IT CAREFULLY.**

**TO: Black and Female students who were enrolled in the Doctor of Business Administration program at Walden University from August 1, 2008 to January 31, 2018.**

THIS IS A COURT-ORDERED NOTICE.
THIS IS NOT A SOLICITATION FROM A LAWYER.

This Notice of Settlement and Fairness Hearing is to inform you of a proposed Settlement that has been reached in a class action lawsuit brought by four Black and female students ("Plaintiffs") who enrolled in the Doctor of Business Administration program ("DBA") at Walden University ("Walden University," "Walden," or "Defendants") from August 1, 2008 to January 31, 2018 on behalf of a class of similarly situated individuals that meet certain criteria ("Class Member(s)," as explained further in Question 8 below). The proposed settlement, if granted final approval by the Court (the "Settlement"), will result in the creation of a fund of $28,500,000 (the "Settlement Fund") to pay Plaintiff Class Members' claims, the Plaintiffs'' attorneys ("Class Counsel"), and certain administrative costs **If you are a Class Member, you are eligible to receive a share of the Settlement Fund.** The proposed Settlement also requires Walden University to adopt certain policy changes.

IF THIS NOTICE IS ADDRESSED TO YOU, YOU HAVE BEEN IDENTIFIED AS A POTENTIAL CLASS MEMBER. As a Class Member, you have the right to know about this Settlement and how this Settlement may generally affect your legal rights. This notice describes the lawsuit, the Settlement, the legal rights of all Class Members, and the applicable deadlines. Your options are explained in this notice and summarized in the following chart:

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT | |
|---|---|
| **PARTICIPATE IN THE SETTLEMENT** | To participate in the Settlement, you must submit a "Claim Form." Submitting a Claim |

|  | Form is the only way that you can receive a share of the Settlement Fund. A Claim Form will be sent to you after the Court grants final approval of the Settlement. You are not required to retain your own attorney to file a Claim Form, and you will not be required to pay any money for the services of Plaintiffs' Counsel. |
|---|---|
| **OPT OUT OF THE SETTLEMENT** | If you opt out of the Settlement, you will not be eligible to receive a share of the Settlement Fund. |
| **OBJECT** | You have the right to object to the proposed Settlement. To do so, you must submit a written objection to the Court, as described more fully in this notice. You cannot object to the Settlement unless you are a Class Member and you do not opt out of the Settlement. |
| **DO NOTHING** | If you are a Class Member and do not submit a Claim Form, you will not be eligible to receive a share of the Settlement Fund. You will, however, remain a Class Member, which means that you will be bound by any judgments or orders entered by the Court in this lawsuit. |

# WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION**......................................................................................................**4**

   **1.**   **Why did I get this notice?**........................................................................4

   **2.**   **What is this lawsuit about?**......................................................................4

   **3.**   **What is a class action and who is involved?**...........................................4

**THE CLAIMS IN THIS LAWSUIT**.................................................................................**4**

   **4.**   **What does this lawsuit complaint about?**..................................................4

   **5.**   **How do the Defendants answer?**...............................................................5

   **6.**   **What does the lawsuit ask for?**................................................................5

   **7.**   **What has the Court decided?**...................................................................5

**WHO IS IN THE CLASS?**..................................................................................................**5**

   **8.**   **Am I part of this class?**............................................................................5

   **9.**   **Who are the Class Representatives?**.........................................................6

**SUMMARY OF PROPOSED SETTLEMENT AGREEMENT**.........................................**6**

   **10.**   **How much money will be paid to class members?**...................................6

   **11.**   **How much money will be paid to Class Counsel?**...................................7

   **12.**   **How will the rest of the money be used?**.................................................7

   **13.**   **What changes to Defendants' policies does this settlement require?**.......7

**YOUR RIGHTS AND OPTIONS**........................................................................................**7**

   **14.**   **What do I do to receive a payment from the Settlement Fund?**...............7

   **15.**   **What if do not want to be a part of this lawsuit?**.....................................8

   **16.**   **How do I ask the Court to opt out of the Settlement?**.............................8

   **17.**   **What if I do not want information covered by the Family Educational Rights and Privacy Act to be used?**.......................................................9

**HEARING ON PROPOSED SETTLEMENT AGREEMENT**..........................................**9**

   **18.**   **What has to happen before the Settlement becomes final?**.....................9

   **19.**   **Can I object to the Settlement?**...............................................................10

   **20.**   **Can I speak at the Fairness Hearing?**.....................................................10

**CLASS COUNSEL**...........................................................................................................**11**

   **21.**   **Do I have a lawyer in this case?**..............................................................11

   **22.**   **Should I get my own lawyer?**..................................................................11

**QUESTIONS**.....................................................................................................................**11**

   **23.**   **What if I have questions?**........................................................................11

# BASIC INFORMATION

### 1. Why did I get this notice?

Plaintiffs and Defendants are asking the Court to allow or "certify" for settlement a class in a class action lawsuit that affects you. Walden's records show that you enrolled in its DBA program between August 1, 2008, and January 31, 2018. This notice explains that the Plaintiffs and Defendants have presented a settlement of the lawsuit to the Court, asked the Court to approve it, and received preliminary approval. The Honorable Julie R. Rubin of the United States District Court for the District of Maryland is overseeing this class action. The lawsuit is known as *Carroll, et al. v. Walden University, LLC, et al.*, Civil Action No. 1:22-cv-00051-JRR.

### 2. What is this lawsuit about?

This lawsuit alleges that Walden University knowingly misrepresented the true cost of the DBA program by disclosing the minimum number of capstone credits required to complete the program and obtain a degree, when students often completed more than the minimum number of disclosed capstone credits before completing the DBA program. The lawsuit further alleges that Walden targeted Black and female prospective students for enrollment, and that Walden's practice of targeting nontraditional students had a disproportionate adverse impact on Black and female students.

### 3. What is a class action and who is involved?

In a class action lawsuit, one or more people called "Class Representatives" sue on behalf of other people who have similar claims. The people who have similar claims are a "class" or "class members." The DBA students who sued on behalf of the class are also called the Plaintiffs. The entities they sued are called the Defendants. One court resolves the issues for everyone in the class—except for those people who choose to opt out of the class. The class action approach avoids the need for numerous people to file similar individual lawsuits, and it allows the court system to resolve these claims in an efficient and economical way.

# THE CLAIMS IN THIS LAWSUIT

### 4. What does this lawsuit complaint about?

This lawsuit alleges that Walden University knowingly misrepresented the true cost of the DBA program by disclosing the minimum number of capstone credits required to complete the program and obtain a degree, when students often completed more than the minimum number of disclosed capstone credits before completing the DBA program. The lawsuit further alleges that Walden targeted Black and female prospective students for enrollment, and that Walden's practice of targeting nontraditional students had a disproportionate adverse impact on Black and female students. Plaintiffs claim that Walden University's practices violated Title VI of the Civil

Rights Act of 1964 ("Title VI"), 42 U.S.C. § 2000d *et seq.*, and the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 *et seq*. Title VI and ECOA are federal anti-discrimination laws.

**5.  How do the Defendants answer?**

Defendants deny that they violated federal anti-discrimination laws by discriminating on the basis of race or gender, intentionally or otherwise. Defendants contend that they directed advertisements to the student body they sought to educate, and Walden University's student body is predominantly Black and female; and that they did not intentionally discriminate against female students because of their gender or Black students because of their race. Defendants also deny that they made any false or misleading statements about the number of capstone credits necessary to complete the DBA program and obtain a degree, because Defendants accurately represented the minimum number of capstone credits required to obtain a DBA degree.

**6.  What does the lawsuit ask for?**

The Plaintiffs filed this case seeking money that students paid to Defendants for capstone credits in excess of the minimum requirements disclosed by Walden for the DBA program. Plaintiffs also seek injunctive relief, which means changes to Defendants' policies and practices in its DBA program. The lawsuit also asks for declaratory relief that Defendants violated Title VI and ECOA.

**7.  What has the Court decided?**

The Court denied Defendants' motion to dismiss the Plaintiffs' claims, allowing Plaintiffs to move forward on all their class claims and proceed to the discovery phase of litigation in which the parties exchange information. The Court's denial of the motion to dismiss is not a determination that Defendants violated any law.

Were this case to go to trial, all of Plaintiffs' claims would be tried. However, even if the Plaintiffs won at trial, Defendants could file an appeal. Additionally, if this case were to go to trial and Defendants were to win at trial, Plaintiffs and class members would not be entitled to any relief, such as a financial payment.

# WHO IS IN THE CLASS?

**8.  Am I part of this class?**

If this notice has been sent to you, Walden University's records indicate that you may be part of the class. If you fit within the class definition below and submit a claim form, you will be included as part of the class and receive a payment unless you ask to opt out. If you do not opt out and do not submit a claim form, you will be a member of the class and bound by the Court's decisions in this case but will <u>NOT</u> receive a payment. You do not have to have participated in this lawsuit in any way up to this point in order to be a Class Member. Opting out is described in the "Your Rights and Options" section below.

The Court's class definition includes person who fall into at least one of the following categories:

(a) all Black students who enrolled in and/or began classes in for Walden University's DBA program between August 1, 2008 and January 21, 2018, and were charged for and successfully completed Excess Capstone Credits, defined as more capstone-level credits than the number of DBA capstone-level credits that Walden stated were the minimum required at the time they enrolled;

(b) all Black students who enrolled in and/or began classes in Walden's DBA program between August 1, 2008 and January 31, 2018, and were charged for and successfully completed Excess Capstone Credits, and applied for and/or received student loans or payment plans to pay for some or all of their Walden education; and,

(c) all female students who enrolled in and/or began classes in Walden's DBA program between August 1, 2008 and January 31, 2018, and were charged for and successfully completed more than the number of DBA capstone-level credits that Walden stated were the minimum required at the time they enrolled, and applied for and/or received student loans or payment plans to pay for some or all of their Walden education.

If you fit this class definition, you are a Class Member in this lawsuit, even if you did not complete the DBA program at Walden University.

### 9.   Who are the Class Representatives?

The Class Representatives are Aljanal Carroll, Claudia Provost Charles, Tiffany Fair, and Tareion Fluker. The Court has preliminarily determined that these former Walden DBA students fairly and adequately represent the interests of the class.

## Summary of Proposed Settlement Agreement

### 10. How much money will be paid to class members?

Under the proposed settlement, Walden will pay $28.5 million to settle the class claims.

$21,175,000 of the Settlement Fund will be designated for payments to Class Members. The individual allocation to each Class Member will be calculated by the "Claims Administrator," who has had no prior role in this litigation. The Claims Administrator will rely on information provided by Defendants to calculate the allocation. The Claims Administrator will calculate the individual allocation to each Class Member who submits a timely, valid claim form. These funds will be distributed pro rata based on how many DBA capstone credits each Class Member completed above the number that Walden stated was the minimum at the time they enrolled. For example, if a Class Member completed 44 excess capstone credits and submits a valid claim form, and all Class Members who submit valid claim forms collectively completed 90,000 excess capstone credits, then that class member will receive 44/90,000 of the compensation pool, or approximately $10,000.[1]

---

[1] Some Class Members (approximately 55) received cash payments from the settlement in *Thornhill v. Walden University*, No. 2:16-cv-00962 (S.D. Ohio). Payments here will be reduced by the amount of any cash payment pursuant to *Thornhill*.

$100,000 of the Settlement Fund will be designated for payments of $25,000 to each of the four Class Representatives in recognition of their significant efforts in bringing and prosecuting this action, including involvement in litigation strategy, provision of information to Class Counsel, and advancing the interests of the class.

### 11. How much money will be paid to Class Counsel?

$7,125,000, or 25% of the Settlement Fund, will be designated for payment to Plaintiffs' Counsel for attorneys' fees and to reimburse costs paid for by Plaintiffs' Counsel. Plaintiffs' Counsel have been working on this case for over three years. During the time that this case has been pending, Plaintiffs have not paid Class Counsel for their work on this case or for the significant expenses that they have incurred in investigating and prosecuting this case. In this type of litigation, it is customary for Plaintiffs' Counsel to be awarded a percentage of the Settlement Fund as their attorneys' fees. The Court will decide whether to approve the amount of attorneys' fees that Plaintiffs' Counsel have requested.

### 12. How will the rest of the money be used?

$100,000 of the Settlement Fund will be designated to cover administrative costs related to administering the Settlement. This includes funds to pay for the Claims Administrator, who will distribute and process claim forms, process payments to Class Members, calculate allocations to Class Members, and notify Class Members about this Settlement.

### 13. What changes to Defendants' policies does this settlement require?

On its website and in enrollment agreements, Walden will disclose the median time to complete the DBA program and median cost to complete the DBA program based on historic data from the preceding three years of graduates. The enrollment agreements will include additional disclosures that completing the DBA program may require up to 8 years of enrollment. In addition, Walden will not reinstitute the "University Research Reviewer" role on DBA students' dissertation committees. Walden will maintain these changes for a minimum of four years.

# Your Rights and Options

### 14. What do I do to receive a payment from the Settlement Fund?

**If you wish to receive a payment from this settlement, you must properly complete a Claim Form.  A Claim Form and instructions for completing it will be distributed to you at a later date if the Court grants final approval of the Settlement.**  If you do nothing, you will remain in the lawsuit but will not receive a share of the Settlement Fund.

You are not required to retain your own attorney to remain in this lawsuit or to file a Claim Form. You will not be required to pay any money for the services of Class Counsel or their representatives and assistants.

If you remain in the lawsuit, and if the Court grants final approval of the proposed Settlement, then you will be bound by all the terms of the Settlement. This means that you will not be able to

bring a separate lawsuit or other legal proceeding against Defendants related to the allegations and claims described above that are included in this lawsuit. Nor will you be able to challenge the Settlement Agreement after it has been finally approved by the Court. You will be legally bound by all of the orders the Court issues and the judgments the judge and jury make in this class action.

### 15. What if do not want to be a part of this lawsuit?

If you do not wish to remain a part of this lawsuit, then you may exclude yourself from the lawsuit by submitting a written opt-out letter requesting exclusion to the Claims Administrator at Carroll v. Walden University, LLC Claims Administrator, c/o Settlement Services, Inc., PO Box 10269, Tallahassee, FL, 32302-2269, or at _____@____.com, on or before **[date]**. If you exclude yourself from this lawsuit, you will not be bound by the terms of the Settlement, and you will be free to bring your own lawsuit or other legal proceedings against the Defendants.

However, if you exclude yourself from the lawsuit, you will have no right to receive any money from the Settlement Fund. Further, you must understand that if you exclude yourself from this lawsuit and then bring your own separate lawsuit or other legal proceedings against the Defendants, you may lose your case and receive nothing; even if you win a separate case, you may have to wait several years to obtain any money you may have to settle for less money than you would receive under the Settlement in this lawsuit, and you may have to retain and pay for your own attorney. If you bring a separate claim, the Defendants may be able to assert defenses such as the statute of limitations. The statute of limitations for the claims brought in this lawsuit ordinarily range from two to five years.

### 16. How do I ask the Court to opt out of the Settlement?

To exclude yourself from this lawsuit, you must submit to the Claims Administrator a letter that is signed by you, dated, and that includes your full name, address, social security number, telephone number, and the following language:

> I wish to exclude myself from the plaintiff class in the case of *Carroll et al. v. Walden University, LLC et al.* No. 1:22-cv-00051-JRR.
>
> I understand that, if the Court approves the proposed Settlement, members of the plaintiff class who remain in the lawsuit may be eligible to receive a monetary payment from the Settlement Fund. In choosing to exclude myself from the plaintiff class in this case, I understand that I will not be eligible to receive any monetary payment under the Settlement. I also understand if I exclude myself and bring a separate claim, I may have to overcome defenses such as the statute of limitations.

In addition to the required language set forth above, you may include reasons why you do not wish to participate in this lawsuit in your written request for exclusion.

Your written request for exclusion must be received by the Claims Administrator via email (_____@___.com) or by mail at Carroll v. Walden University, LLC Claims Administrator, c/o Settlement Services, Inc., PO Box 10269, Tallahassee, FL, 32302-2269 on or before **[date]**. If

the Claims Administrator has not received your written request for exclusion, including the language set forth above, by **[date]**, then you will be deemed to have given up your right to exclude yourself from this lawsuit.

If you exclude yourself from the lawsuit but then decide that you wish to remain in the lawsuit, you may rescind your exclusion on or before **[date]**. To do so, you must submit to the Claims Administrator a letter that is signed by you, dated, and that includes your full name, address, social security number, telephone number, and a statement that you wish to rescind the letter of exclusion that you previously submitted. Your recission letter can be submitted via email or by mail using the addresses provided above.

### 17. What if I do not want information covered by the Family Educational Rights and Privacy Act to be used?

To effectively implement the Settlement, Walden must provide the following information covered by the Family Educational Rights and Privacy Act for each Class member:  social security number, number of capstone credits completed, and number of capstone credits required by Walden's Course Catalog in effect as of the Class Member's DBA program start date. Walden has been ordered by the Court to provide this information to Plaintiffs' Class Counsel and the Claims Administrator unless you object within thirty (30) days.  If you object to Walden providing this information, it will be treated the same as opting out of the Settlement and you will not be part of this lawsuit or receive any money from the Settlement Fund.

To object to the disclosure of this information, you must send a letter stating that you object to Walden's attorney at:

> Caitlin E. Dahl
> Latham & Watkins LLP
> 330 North Wabash Ave.
> Suite 2800
> Chicago, IL  60611

Your letter must be sent within thirty (30) days of the date this Notice was sent to you.

## Hearing on Proposed Settlement Agreement

### 18. What has to happen before the Settlement becomes final?

The Court, which has made a preliminary finding that the proposed Settlement is fair and just, has scheduled a hearing (the "Fairness Hearing") to determine whether it will grant final approval of the Settlement. The Court will hold this hearing at **[time]** on **[date]** at the United States District Court for the District of Maryland, located at the Edward A. Garmatz United States District Courthouse, 101 West Lombard Street Baltimore, MD 21201, in Courtroom # [ ].

It is not necessary for you to appear at the hearing or to file anything with the Court before the hearing. If you fit within the Court's definition of the class, then your interests will be adequately represented at the hearing by the named Plaintiffs and Plaintiffs' Counsel.

However, subject to the following requirements, you may submit written comments on the proposed Settlement, and you may speak to the Court, either personally or through your own attorney, at the hearing on **[date]**.

### 19. Can I object to the Settlement?

If you wish to object to the proposed Settlement, you must send a letter that includes the following:

- Your name, address, and telephone number;
- The name and number of the case (*Carroll, et al. v. Walden University, LLC, et al.*, No. 1:22-cv-00051-JRR);
- The basis for your objection(s);
- Whether you wish to be heard in Court at the Fairness Hearing;
- A list of any witnesses you may call to testify at the Fairness Hearing;
- Copies of any document you intend to present to the Court at the Fairness Hearing and all other documents in support of your objections;
- Your signature

You may not object to the proposed Settlement if you opt out of the class.

Your objection, along with any supporting material you wish to submit, must be mailed and postmarked no later than [**date**], to ***all*** the following three addresses:

| Court | Plaintiffs' Counsel | Defense Counsel |
|---|---|---|
| United States District Court for the District of Maryland, Edward A. Garmatz United States District Courthouse, 101 West Lombard Street Baltimore, MD  21201 | Tara Ramchandani Relman Colfax PLLC 1225 19th St., NW #600 Washington, DC 20036 | Caitlin E. Dahl Latham & Watkins LLP 330 North Wabash Ave. Suite 2800 Chicago, IL 60611 |

### 20. Can I speak at the Fairness Hearing?

If you wish to request permission to speak at the hearing, you must file with the Court a "Notice of Intent to Appear." Your notice must include the following:

- Your name, address, and telephone number;
- The name of the case (*Carroll et al. v. Walden University, LLC et al.*, No. 1:22-cv-00051-JRR);
- The name, address, and telephone number of any attorney(s) who will be appearing on your behalf at the Fairness Hearing; and
- Your signature.

You must mail your Notice of Intent to Appear, postmarked no later than **[date]** to the Court, Plaintiffs' Counsel, ***and*** Defense Counsel at each of the three addresses listed above.

Your appearance at the hearing, as well as that of your attorney, will be at your own expense.

# CLASS COUNSEL

### 21. Do I have a lawyer in this case?

The Court decided that attorneys from the law firm Relman Colfax PLLC and the National Student Legal Defense Network are qualified to represent you and all Class Members and appointed them to be "Class Counsel." Contact information for Class Counsel is as follows:

> Relman Colfax PLLC
> Attn: Walden Team
> 1225 19th Street, NW
> Suite 600
> Washington, DC 20036
> Tel. (202) 728-1888
> Fax. (202) 728-0848
> http://relmanlaw.com
>
> National Student Legal Defense Network
> Attn: Walden Team
> 1701 Rhode Island Ave., NW
> Washington, DC 20036
> Tel. (202) 734-7495
> https://defendstudents.org

### 22. Should I get my own lawyer?

You do not need to hire your own lawyer because Class Counsel are working on your behalf. But, if you want your own lawyer, you will have to make your own arrangements for the payment of that lawyer. For example, you can ask him or her to appear at the Fairness Hearing for you if you want someone other than Class Counsel to speak for you.

# QUESTIONS

### 23. What if I have questions?

This notice summarizes the proposed Settlement. The Settlement Agreement and Plaintiffs' Motion for Preliminary Approval contain more details about the Settlement, the distribution of the Settlement Fund, and the changes to the Defendants' policies. You can access these documents at www._____.

Any inquiries by Class Members concerning this notice or the class action should be directed to the Claims Administrator at [phone number]. You can also direct questions, by phone or in writing, to Plaintiffs' Counsel Tara Ramchandani, who can be reached at (202) 728-1888,

tramchandani@relmanlaw.com, or at Relman Colfax PLLC, 1225 19th Street, NW, Suite 600, Washington, DC 20036.

**Order Granting Preliminary Approval of Proposed Class Action Settlement, Provisional Certification of Class and Approval of Notice:**

**Exhibit B (Claim Form)**

<u>**INSTRUCTIONS**</u>

**READ ALL INSTRUCTIONS CAREFULLY BEFORE FILLING OUT THE CLAIM FORM**

1. Fill in all blank spaces in the claim form with clearly printed or typed information.

2. You must sign and date the claim form.

3. By signing your claim form, you are declaring under penalty of perjury that the information provided is true and correct. Please understand that you could be subject to criminal penalties for submitting any false information on your form.

4. If you have any questions about this form, contact the Claims Administrator at _____@ssiclaims.com or (___) ___-____. There is no fee for any service or assistance provided by the Claims Administrator. **DO NOT CONTACT THE COURT OR THE CLERK OF THE COURT.**

5. Complete your claim form at www._____, or mail your signed and completed claim form using the enclosed pre-addressed, stamped envelope, by **[DATE]**. If you do not have the pre-addressed, stamped envelope, you may mail your signed and completed claim form to: Carroll v. Walden University, LLC Claims Administrator, c/o Settlement Services, Inc., PO Box 10269, Tallahassee, FL, 32302-2269 to: **YOUR CLAIM FORM MUST BE SUBMITTED ONLINE OR POSTMARKED ON OR BEFORE [DATE]. LATE CLAIM FORMS WILL NOT BE CONSIDERED.**

6. If your email address or mailing address changes at any time, mail your new address to the Claims Administrator at the address above or update it at www._____/_____. Any change of address must be in writing and include your signature.

7. You do not need an attorney to help you submit a claim form. If you do wish to consult an attorney, however, you may do so at your own expense.

8. Please keep a copy of the completed form for your records.

9. If you believe that you took more or less capstone credits than indicated on the materials provided to you, you may submit documents to support that claim. Any documents you submit to show that you took a different number of capstone credits at Walden than indicated on the materials provided to you will be considered in determining the amount of any monetary payment you are eligible to receive. Examples of such documents include, but are not limited to:

    a. Transcripts from Walden;

    b. Signed Walden enrollment agreements;

    c. Walden certificate of completion;

    d. Cancelled checks or other documents showing payment to Walden; or

    e. Emails of letters from or to Walden.

    If you do not dispute the number capstone credits that you took, you do not need to submit any documents other than a completed claim form.

# WALDEN UNIVERSITY CLASS ACTION CLAIM FORM

*Aljanal Carroll, et al. v. Walden University, LLC, et al.*
*Case No. 1:22-cv-00051-JRR*

FULL NAME:_____[pre-filled]_____
          Last              First            Middle

STREET ADDRESS: ____[pre-filled]_____
          Street No.          Street Name        Apt. No.

CITY:__ ____[pre-filled]_____ STATE:_ ____[pre-filled]____ ZIP CODE:_ ____[pre-filled]_

TELEPHONE: (____)_____    (____)_____
          Mobile              Other (please specify)

EMAIL ADDRESS: _____

SOCIAL SECURITY #:_____ DATE OF BIRTH: _____

PREFERRED METHOD OF COMMUNICATION (select one):  mail    email    text

Were you enrolled in Walden University's Doctor of Business Administration program, or did you begin classes in the program, between August 1, 2008, and January 31, 2018? (check one):

    Yes _____          No _____


Is _[pre-filled]__ the correct number of capstone credits you completed in connection with Walden University's Doctor of Business Administration program between [DATE] and [DATE]?

    Yes _____          No _____

    If you answered "No," what is the correct number? _____.  You are encouraged to submit documentation to support your answer.

    If you answered "Yes," no supporting documentation should be submitted.


I declare under penalty of perjury that the foregoing is true and correct. I understand that I could be subject to criminal penalties for submitting any false information on this claim form.

_____
Signature

Executed on_____
          (today's date)

**IF SUBMITTING BY MAIL, SEND THIS FORM TO:**

**Carroll v. Walden University, LLC Claims Administrator**
**c/o Settlement Services, Inc.**
**PO Box 10269**
**Tallahassee, FL, 32302-2269**

**THIS CLAIM FORM MUST BE POSTMARKED ON OR BEFORE [DATE]**

**LATE CLAIM FORMS WILL NOT BE CONSIDERED**

**Order Granting Preliminary Approval of Proposed Class Action Settlement, Provisional Certification of Class and Approval of Notice:**

> **Exhibit C ([Proposed] Order Granting Approval of Proposed Class Action Settlement, and Certification of Class)**

## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

| | |
|---|---|
| Aljanal Carroll, Claudia Provost Charles, Tiffany Fair, and Tareion Fluker<br><br>Plaintiffs,<br><br>v.<br><br>Walden University, LLC, and Walden e-Learning, LLC,<br><br>Defendants. | Civil Action No. 1:22-cv-00051-JRR |

## [PROPOSED] ORDER GRANTING APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT, AND CERTIFICATION OF CLASS

WHEREAS, the Court entered an Order preliminarily approving the Settlement and Settlement Agreement on _____, and held a Fairness Hearing on _____; and the Court has heard and considered all submissions in connection with the proposed Settlement and the files and records herein, including the objections submitted, as well as arguments of counsel;

IT IS HEREBY ORDERED AND ADJUDGED THAT:

1. All terms and definitions used herein have the same meanings as set forth in the Settlement Agreement.

2. The Court has jurisdiction over the subject matter of the Civil Action, the Plaintiffs, the Class, and Defendants.

3. The Court finds that, for purposes of the Settlement, the requirements for a class

action under Federal Rule of Civil Procedure 23 have been satisfied in that (a) the Class is ascertainable; (b) its members are too numerous to be joined practicably; (c) there are questions of law and fact common to the Class; (d) the Plaintiffs' claims are typical of the claims of the Class as a whole; (e) the Plaintiffs will fairly and adequately protect the interests of the Class; (f) neither the Plaintiffs nor Plaintiffs' Counsel have interests adverse to the Class, and Plaintiffs' Counsel are competent and experienced; (g) final injunctive relief or corresponding declaratory relief is appropriate respecting the Class as a whole; and (h) common questions of law and fact predominate over questions affecting only individual members of the Class and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

4. For purposes of resolution of claims for monetary relief, pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, and for purposes of resolution of claims for injunctive relief, pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure, the Court finally certifies the Civil Action, for purposes of the Settlement, as a class action on behalf of the following Class: (a) all Black students who enrolled in and/or began classes for Walden's DBA program between August 1, 2008, and January 31, 2018 and were charged for and successfully completed Excess Capstone Credits; (b) all Black students who enrolled in and/or began classes for Walden's DBA program between August 1, 2008, and January 31, 2018 and were charged for and successfully completed Excess Capstone Credits, and applied for and/or received student loans or payment plans to pay for some or all of their Walden education; and (c) all female students who enrolled in and/or began classes for Walden's DBA program between August 1, 2008, and January 31, 2018 and were charged for and successfully

completed Excess Capstone Credits, and applied for and/or received student loans or payment plans to pay for some or all of their Walden education.

5. Plaintiffs' Counsel and Plaintiffs are hereby appointed to represent the Class. Relman Colfax PLLC is hereby appointed as Lead Plaintiffs' Counsel.

6. Notice of the class action Settlement was given to all Class Members pursuant to the Court's Order Granting Preliminary Approval of Proposed Class Action Settlement, Provisional Certification of Class and Approval of Notice ("Order for Notice and Hearing"). The form and method by which notice was given met the requirements of due process, Rules 23(c)(2) and 23(e) of the Federal Rules of Civil Procedure, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons entitled thereto.

7. Pursuant to the terms of the Settlement Agreement, to be entitled to participate in the distribution of the Settlement Fund, each Class Member must submit a Claim Form, substantially in the form attached as Exhibit A. The Claims Administrator shall distribute Claim Forms to Class Members within five (5) days of entry of this Order and Final Judgment. The Claim Form must be postmarked or received by the Claims Administrator no later than ninety (90) calendar days after the date of entry of this Order. Any Claim Form that is not postmarked or received by the Claims Administrator within ninety (90) calendar days after the date of entry of this Order shall be deemed untimely, an invalid claim, and a waiver by the submitting Claimant of any claim for payment under the Settlement Agreement.

8. The Settlement is in all respects fair, reasonable, and adequate, and it is finally approved. The Parties are directed to consummate the Settlement according to the terms of the

Settlement Agreement. The Settlement Agreement and every term thereof shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an Order of the Court.

9. Upon the Effective Date, the Plaintiffs, the Class, and each Class Member shall, by operation of this Order and Final Judgment, fully, finally and forever release, acquit, and discharge the Released Claims against the Released Persons pursuant to the Settlement Agreement. The Plaintiffs, the Class, and each Class Member are hereby permanently enjoined and barred from instituting, commencing or prosecuting any Released Claim against a Released Person in any action or proceeding in any court or tribunal.

10. The individuals identified on the list attached hereto as Exhibit B have opted out of the Class and are not bound by the Settlement Agreement, Settlement, or Order and Final Judgment, and have not waived, relinquished, or released the right to assert any claims against Defendants.

11. Individuals who received a *Thornhill* Payment and did not waive confidentiality with respect to the settlement of the *Thornhill* litigation are not members of the Class and are not bound by the Settlement Agreement, Settlement, or Order and Final Judgment.

12. This Order and Final Judgment, the Settlement Agreement, and any and all communications between and among the Parties pursuant to or during the negotiation of the Settlement shall not constitute, be construed as, or be admissible in evidence as an admission of the validity of any claim or defense asserted or fact alleged in the Civil Action or of any wrongdoing, fault, violation of law, or liability of any kind on the part of the Parties.

13. Plaintiffs' Counsel are awarded the sum of $7,125,000 in attorneys' fees and

costs, to be paid by Defendants in accordance with the terms of the Settlement Agreement.

14. $25,000 is awarded as a payment to each of the named Plaintiffs Aljanal Carroll, Claudia Provost Charles, Tiffany Fair, and Tareion Fluker.

15. The balance of the funds in the Escrow Account shall be distributed pro rata to Qualified Class Members based on the proportion of each Qualified Class Member's Excess Capstone Credits to the sum of all Qualified Class Members' Excess Capstone Credits, except that the amount otherwise due to any Qualified Class Member who received a *Thornhill* Payment shall be reduced by the amount of such Payment so long as such Qualified Class Member waived confidentiality with respect to the settlement of the *Thornhill* litigation.

16. If for any reason money remains in the Escrow Account or the Administration Costs Account one year after distribution of payment from the Escrow Account to Qualified Class Members, all such remaining money shall be donated to such non-profit organizations dedicated to the furtherance of the civil rights in higher education of Black people and women as Plaintiffs select at that time.

17. Defendants are directed to pay these awards after the Effective Date, as described in the Settlement Agreement.

18. The Claims Administrator shall not be responsible for any of the relief provided to the Settlement Class under this Settlement Agreement. For its actions relating to the implementation of this Settlement Agreement, to the extent permitted by applicable law, the Claims Administrator shall have the same immunity that judges have for their official acts.

19. Pursuant to Rule 7 of the Federal Rules of Appellate Procedure, "in a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." In light of the Court's ruling regarding the adequacy of the relief afforded by the Settlement, the reaction of the Class and the number of Class Members, the Court orders that any appeal of this Order must be accompanied by a bond of $150,000.

20. This Civil Action is hereby dismissed in its entirety on the merits and with prejudice. Except as otherwise provided in this Order and Final Judgment or in the Settlement Agreement, the Parties shall bear their own costs and attorneys' fees. Without affecting the finality of this Order and the Judgment hereby entered, the Court retains exclusive jurisdiction over the Parties for all matters relating to the Civil Action and the Settlement, including the administration, interpretation, effectuation, or enforcement of the Settlement.

21. Without further Order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement.

Dated: _____          _____

                                         Hon. Julie R. Rubin
                                         United States District Judge

**Order Granting Approval of Proposed Class Action Settlement, and Certification of Class:  Exhibit A (Claim Form)**

## <u>INSTRUCTIONS</u>

**READ ALL INSTRUCTIONS CAREFULLY BEFORE FILLING OUT THE CLAIM FORM**

1. Fill in all blank spaces in the claim form with clearly printed or typed information.

2. You must sign and date the claim form.

3. By signing your claim form, you are declaring under penalty of perjury that the information provided is true and correct. Please understand that you could be subject to criminal penalties for submitting any false information on your form.

4. If you have any questions about this form, contact the Claims Administrator at _____@ssiclaims.com or (___) ___-____. There is no fee for any service or assistance provided by the Claims Administrator. **DO NOT CONTACT THE COURT OR THE CLERK OF THE COURT.**

5. Complete your claim form at www._____, or mail your signed and completed claim form using the enclosed pre-addressed, stamped envelope, by **[DATE]**. If you do not have the pre-addressed, stamped envelope, you may mail your signed and completed claim form to: Carroll v. Walden University, LLC Claims Administrator, c/o Settlement Services, Inc., PO Box 10269, Tallahassee, FL, 32302-2269 to: **YOUR CLAIM FORM MUST BE SUBMITTED ONLINE OR POSTMARKED ON OR BEFORE [DATE]. LATE CLAIM FORMS WILL NOT BE CONSIDERED.**

6. If your email address or mailing address changes at any time, mail your new address to the Claims Administrator at the address above or update it at www._____/_____. Any change of address must be in writing and include your signature.

7. You do not need an attorney to help you submit a claim form. If you do wish to consult an attorney, however, you may do so at your own expense.

8. Please keep a copy of the completed form for your records.

9. If you believe that you took more or less capstone credits than indicated on the materials provided to you, you may submit documents to support that claim. Any documents you submit to show that you took a different number of capstone credits at Walden than indicated on the materials provided to you will be considered in determining the amount of any monetary payment you are eligible to receive. Examples of such documents include, but are not limited to:

    a. Transcripts from Walden;

    b. Signed Walden enrollment agreements;

    c. Walden certificate of completion;

    d. Cancelled checks or other documents showing payment to Walden; or

    e. Emails of letters from or to Walden.

    If you do not dispute the number capstone credits that you took, you do not need to submit any documents other than a completed claim form.

# WALDEN UNIVERSITY CLASS ACTION
# CLAIM FORM

*Aljanal Carroll, et al. v. Walden University, LLC, et al.*
*Case No. 1:22-cv-00051-JRR*

FULL NAME:_____[pre-filled]_____
                              Last                    First               Middle

STREET ADDRESS: ____[pre-filled]_____
                            Street No.              Street Name        Apt. No.

CITY:_ ____[pre-filled]_____ STATE:_ ____[pre-filled]_____ ZIP CODE:_ ____[pre-filled]_

TELEPHONE: (____)_____   (____)_____
                      Mobile               Other (please specify)

EMAIL ADDRESS: _____

SOCIAL SECURITY #:_____ DATE OF BIRTH: _____

PREFERRED METHOD OF COMMUNICATION (select one):  mail    email    text

Were you enrolled in Walden University's Doctor of Business Administration program, or did you begin classes in the program, between August 1, 2008, and January 31, 2018? (check one):

      Yes _____            No _____

Is _[pre-filled]__ the correct number of capstone credits you completed in connection with Walden University's Doctor of Business Administration program between [DATE] and [DATE]?

      Yes _____            No _____

      If you answered "No," what is the correct number? _____.  You are encouraged to submit documentation to support your answer.

      If you answered "Yes," no supporting documentation should be submitted.

I declare under penalty of perjury that the foregoing is true and correct. I understand that I could be subject to criminal penalties for submitting any false information on this claim form.

_____
Signature

Executed on_____
          (today's date)

**IF SUBMITTING BY MAIL, SEND THIS FORM TO:**

**Carroll v. Walden University, LLC Claims Administrator**
**c/o Settlement Services, Inc.**
**PO Box 10269**
**Tallahassee, FL, 32302-2269**

**THIS CLAIM FORM MUST BE POSTMARKED ON OR BEFORE [DATE]**

**LATE CLAIM FORMS WILL NOT BE CONSIDERED**

**Order Granting Approval of Proposed Class Action Settlement, and Certification of Class:  Exhibit B (Opt Out List)**

[to be completed at appropriate time]

**Settlement Agreement:  Exhibit 5 (Verification)**

**<u>VERIFICATION</u>**

I, _____, state that I am the Associate President and Provost of Walden University, LLC ("Walden") and am authorized to make this verification for and on behalf of Walden pursuant to Section IV of the Settlement Agreement dated March 22, 2024 in the lawsuit *Carroll, et al. Walden University, LLC, et al.*, Civil Action No. 1:22-cv-00051-JRR, filed in the United States District Court for the District of Maryland (the "Settlement Agreement"). I hereby verify that in the academic year from [DATE TO DATE], Walden has complied with the disclosure provisions set forth in Section IV of the Settlement Agreement. Specifically, in the academic year from [DATE TO DATE], I hereby verify the following:

- On the "Tuition and Fees" section of the Walden Doctor of Business Administration ("DBA") program website (available here: [*link*]) (the "Website"), and in students' enrollment agreements (or, in the circumstances described in Section IV of the Settlement Agreement, in standalone electronic communications to newly enrolled DBA students) (the "Enrollment Agreements"), Walden disclosed the median time to complete the DBA program and median cost to complete the DBA program based on historic data from the preceding 3 years of graduates (the "Median Disclosures").

- The Median Disclosures are accurate to the best of my knowledge, belief, and understanding. My knowledge, belief, and understanding is based on my review of aggregated data from individual student records stored in Walden's Student Information System for the preceding three years of DBA Program graduates.

- Walden accompanied the Median Disclosures on the Website and in the Enrollment Agreements with a statement that the disclosures of median time to complete the DBA

program and median cost to complete the DBA program reflect only those students who graduate from the program with a DBA degree and are not reflective of the entire DBA enrollment population.  Additionally, Walden accompanied the Median Disclosures with a statement that historical statistics may not be predictive or representative of how long it will take individual students to complete their degrees.

- Walden disclosed in the Enrollment Agreements that (i) completing the DBA program may require up to 8 years of enrollment and up to a specified amount of tuition and fees (the "8-year Tuition and Fee Disclosures") (revised annually based on the cost of tuition), subject to tuition and fee increases; (ii) students are not guaranteed to complete the program within 8 years of enrollment; and (iii) students who reach the 8-year time-to-completion limit may be subject to dismissal from the program unless they obtain an extension, which is not guaranteed.

- The 8-year Tuition and Fee Disclosures are accurate to the best of my knowledge, belief, and understanding.  My knowledge, belief, and understanding is based on my review of the tuition and fees for 8 years of enrollment as displayed on the current Walden DBA program Website (available at the link above).


Dated: _____          _____
                                 Associate President and Provost
                                 Walden University, LLC